IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS McDONALD, et al., ) | Case No. 08-CV-3645 |
| ) | |
| Plaintiffs, ) | RESPONSE TO ORDER OF |
| ) | JUNE 27, 2008 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

RESPONSE TO ORDER OF JUNE 27, 2008

Pursuant to the second paragraph of the Court's Order of June 27, 2008, Plaintiffs respectfully submit the following showing re: the inclusion of Chicago Mayor Richard M. Daley as a defendant in this action:

Plaintiffs and counsel appreciate the Court's indication that this litigation is "entitled to serious consideration on its own merit," *Order*, June 27, 2008 ¶ 1, and seek to assure the Court that the Complaint is not intended to act as "a vehicle for some other purposes as well." *Id.* The only purpose of the Complaint is to vindicate plaintiffs' Second and Fourteenth Amendment rights, as requested in the prayer for relief. Counsel did not include any allegations or statements in the Complaint that were not specifically intended to advance this goal.

Inclusion of Mayor Daley as a party defendant to this action is based upon the good faith beliefs that (1) Mayor Daley is a "person" under 42 U.S.C. § 1983; (2) naming mayors and cities both as defendants in civil rights actions is accepted practice; and (3) such practice promotes judicial efficiency and assures the availability of complete relief.

On a web page entitled "Role of the Mayor," apparently operated by defendant City of Chicago and accessible through www.cityofchicago.org, defendant Mayor Daley is described as follows, in pertinent part: "The Mayor of Chicago, the city's chief executive officer, directs city departments and appoints department heads, with the advice and consent of the City Council."

Accordingly, counsel believe Mayor Daley to be a "person" within the meaning of 42 U.S.C. § 1983. It appears to be common practice to sue Mayor Daley, in his capacity as Mayor, in actions challenging the conduct of Chicago's government. *See*, *e.g. Federation of Adver. Indus. Representatives, Inc.* v. *City of Chicago*, 189 F.3d 633 (7th Cir. 1999); *McKenzie* v. *City of Chicago*, 118 F.3d 552 (7th Cir. 1997). Counsel note that on the same day of the Court's order in this case, another set of plaintiffs asserting similar claims filed suit in this Court, also naming the City of Chicago and Mayor Daley as defendants. *Nat'l Rifle Ass'n of America, Inc.* v. *City of Chicago*, U.S. Dist. Ct. N.D. Ill. No. 08-CV-3697. Lawsuits challenging gun bans in Evanston, Oak Park, and Morton Grove were also filed that day in this Court, each naming as defendants the municipal entity and its chief executive. *Nat'l Rifle Ass'n of America, Inc.* v. *City of Evanston*, U.S. Dist. Ct. N.D. Ill. No. 08-CV-3693; *Nat'l Rifle Ass'n of America, Inc.* v. *Village of Oak Park*, U.S. Dist. Ct. N.D. Ill. No. 08-CV-3696; *Nat'l Rifle Ass'n of America, Inc.* v. *Village of Morton Grove*, U.S. Dist. Ct. N.D. Ill. No. 08-CV-3694.

The practice of naming mayors as defendants in Section 1983 cases is also common elsewhere. Notably, Washington, D.C. Mayor Adrian M. Fenty was a respondent in the Section 1983 case referenced by the Court's Order, *District of Columbia, et al.* v. *Heller*, U.S. Sup. Ct. No. 07-290. That case was originally filed against the District of Columbia and former Washington Mayor Anthony Williams, who did not object to being named as a party-defendant.

On appeal, Mayor Williams was accidentally omitted from the docket, prompting a consent motion to correct the docket. On December 29, 2005, the Clerk of the D.C. Circuit Court of Appeals granted the consent motion, directing that the docket be corrected to include Mayor Williams.[1] The D.C. Circuit substituted Mayor Fenty, upon his accession to the mayoralty, for former Mayor Williams, pursuant to Fed. R. App. P. 43(b)(2). Mayor Fenty petitioned the Supreme Court for *certiorari* in the case. *See* Pet. for Cert., No. 07-290 at ii (parties to the proceeding).

Notably, the filing of *Heller* (originally styled *Parker* v. *District of Columbia*) prompted duplicative litigation by other plaintiffs, raising overlapping claims. *Seegars* v. *Ashcroft*, 297 F. Supp. 2d 201 (D.D.C. 2004), *aff'd*, 396 F.3d 1248 (D.C. Cir. 2005). *Seegars* was brought against not only then-Attorney General John Ashcroft, but also against then-Washington, D.C. Mayor Anthony Williams. The District of Columbia was never itself a party to *Seegars*, but the Mayor was represented by the same city attorneys who handled *Heller*. At no time was it suggested that the Mayor was an inappropriate party to the *Seegars* litigation.[2]

The practice of naming mayors and cities as defendants together in Section 1983 actions, or of naming mayors alone in such actions, is not mere convention. Failing to name a city official as a defendant invites some defense attorneys to claim that any statements or conduct of that official relating to the subject matter of the litigation does not reflect the city defendant's official position, and thus cannot be cited to establish a constitutional violation. This much

---

[1] The order is available at the D.C. Circuit's PACER website, www.cadc.uscourts.gov , under docket no. 04-7041 (Parker v. Dist. of Columbia).

[2] Counsel in *Heller* did not name Ashcroft as a defendant because he was deemed unnecessary to the litigation.

proved to be counsel's experience in *Heller*. As counsel's experience with this issue in *Heller* informed the decision to include Mayor Daley as a party defendant in this action, counsel respectfully ask the Court's indulgence in briefly reviewing this relevant history.

The latter-filed *Seegars* action was the first decided by the District Court, and thus the first to be appealed. On appeal, *Heller* was held in abeyance pending the resolution of *Seegars*. After ordering *Seegars* dismissed for lack of standing, the D.C. Circuit turned its attention to *Heller*, asking whether that lawsuit was sufficiently distinguishable from *Seegars* so as to allow it to proceed. The parties were repeatedly ordered to file motions exploring the issue.

In seeking to distinguish *Heller* from *Seegars*, plaintiffs relied in part on statements given by the Mayor's official spokesperson, and the Deputy Mayor for Public Safety and Justice to a local newspaper, in which they strongly suggested that the plaintiffs would be prosecuted were they to violate the challenged laws.[3] Defendants ignored the Deputy Mayor's statements, but argued that the statements by the Mayor's spokesperson were meaningless because, among other reasons, the spokesperson lacked authority to threaten prosecution. D.C. Cir. No. 04-7041, Mot. for Summary Affirmance, Feb. 23, 2005, at 2. Plaintiffs responded:

> The Mayor is a defendant-appellee in this lawsuit, because, as the chief executive of the defendant-appellee District of Columbia, he is the individual responsible for perpetuating the unconstitutional practices at issue. If the Mayor did not enforce these laws, he would not have been named as a defendant, and likely there would have been no cause to bring this action. At no time has the Mayor suggested that he is not a proper defendant in this case (or, for that matter, in the *Seegars* lawsuit). His official spokesman, therefore, speaks on behalf of a party to this litigation. FRE 801(d)(2)(C), (D).

---

[3]Federal courts have relied upon newspaper accounts of public officials' statements. *May v. Cooperman*, 572 F. Supp. 1561, 1564 n.2 (D.N.J. 1983), *aff'd*, 780 F.2d 240 (3d Cir. 1985); *Loewen v. Turnipseed*, 488 F. Supp. 1138, 1149 (N.D. Miss. 1980); *United States v. Louisiana*, 225 F. Supp. 353, 375 n.59 (E.D. La. 1963) (three judge court); *see also* Fed. R. Evid. 902(6).

D.C. Cir. No. 04-7041, Opp. and Reply, March 3, 2005, at 6.

Indeed, nothing short of a statement by an actual party defendant appeared to dissuade defendants' counsel from advancing lack-of-authority arguments. Defendants even claimed they were not bound by their counsel's concessions at oral argument because "trial counsel [was] not a criminal prosecutor" authorized to issue threats of enforcement. D.C. Cir. 04-7041, Rep. Br. in Support of Summ. Aff., March 8, 2005, at 2-3.

Eventually, Mayor Williams supplied such relevant statements of a party defendant, at a public forum attended by some of the *Heller* plaintiffs. The D.C. Circuit was apprised of these statements. D.C. Cir. 04-7041, Reply Br., August 5, 2005, and accompanying declarations.

The D.C. Circuit motions panel concluded *Seegars* and *Heller* were sufficiently different to warrant the court's consideration of the latter case, and ordered the parties to brief both the merits of the claim and the standing issue. Order, D.C. Cir. 04-7041, Nov. 2, 2005. Although the panel that decided *Heller* settled on a different theory of standing, *Parker* v. *Dist. of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), the ability to refer to admissions of a mayoral party defendant may have been critical to preserving the case. At the very least, the Mayor's presence in the litigation as a defendant appeared to preclude claims that his statements bound no defendant.

Thus, including Mayor Daley in this litigation was intended by counsel to narrow the scope of possible disputes, not expand it. Mayor Daley has made relevant statements about the subject matter of the litigation, and can be expected to continue speaking publicly on the issue while enforcing the challenged laws. If he is a defendant in the action, potential arguments about whether the Mayor truly acts and speaks for the city could be avoided. In *Heller*, after all, the

Mayor's spokesperson, the Deputy Mayor, and even the city's attorney at oral argument were not acknowledged by the defense as representative of the city. Counsel's sole objective in naming Mayor Daley as a party defendant was to avoid such questions from arising in the first instance and thus assure the availability of complete relief.

Balanced against the potential benefits of having Mayor Daley as a defendant, counsel could see no inconvenience to the Court, to opposing counsel, or even to Mayor Daley stemming from his being named in the lawsuit. There being no apparent conflict between the defendants, plaintiffs expect that the two defendants would be represented jointly, in the same pleadings, by the same attorneys. The Mayor's presence in the case does not expand the legal issues to be considered. Nor is the Mayor expected to devote any more time to this litigation than might be required of him were he not named as a defendant.

The Complaint seeks no damages from Mayor Daley. And given the nature of the case, Plaintiffs do not anticipate the need to take any discovery, certainly not of the Mayor, although Defendants' litigating posture is unknown at this time. Plaintiffs also do not foresee this case requiring the Mayor's attendance in court proceedings, which are not expected to include a trial as the case presents purely questions of law. In short, Mayor Daley's inclusion in the lawsuit is not expected to have any personal impact on him at all. Certainly, none was intended.

The Court would be correct in concluding that Mayor Daley's inclusion as a defendant is unnecessary were the Court prepared to accept that the Mayor's relevant statements and conduct reflect the official policy of the City of Chicago. The city, after all, can only act through its officers and employees. Counsel readily acknowledge that this point may appear quite obvious, and respectfully ask only that the Court understand the decision to sue a mayor in a Section 1983

case against a city – a decision made frequently by civil rights lawyers throughout the country without incident – was born of a different experience, and nothing more.

Having advised the Court of the rationale underlying the decision to include Mayor Daley as a party defendant, plaintiffs do not object to whatever decision the Court makes in this regard in the exercise of its discretion.

Finally, Plaintiffs note this litigation reflects, at most, a policy disagreement with the Mayor concerning the application of the Second and Fourteenth Amendments.  This litigation should not be construed as any personal commentary on Mayor Daley or any other city official.  Plaintiffs and counsel well-recognize that reasonable people of good will may and do legitimately disagree as to the various public policy issues that might be raised by this action.  We have no personal knowledge of the Mayor, and no particular grievance against him or the city.  This lawsuit merely questions certain customs, policies, and practices that we believe in good faith to be unconstitutional.

Dated:  July 2, 2008

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
*Pro Hac Vice* Application Pending

Respectfully submitted,

David G. Sigale (Atty. ID# 6238103)
Law Firm of David G. Sigale, P.C.
Corporate West I
4300 Commerce Court, Suite 300-3
Lisle, IL 60532
630.452.4547/Fax 630.596.4445

By:  ___/s/David G. Sigale/_____
     David G. Sigale

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS McDONALD, ADAM ORLOV, )<br>COLLEEN LAWSON, DAVID LAWSON, )<br>SECOND AMENDMENT FOUNDATION, INC., )<br>and ILLINOIS STATE RIFLE ASSOCIATION, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO and )<br>MAYOR RICHARD M. DALEY, )<br>)<br>Defendants. )<br>) | No. 08 CV 3645 |

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

    1.    On July 2, 2008, the Plaintiffs' <u>Response To Order of June 27, 2008</u> was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to FRCP 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                                                  /s/ David G. Sigale
                                                   Attorney for Plaintiffs

| | |
|---|---|
| Alan Gura | David G. Sigale (Atty. ID# 6238103) |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street, Suite 405 | Corporate West I |
| Alexandria, VA 22314 | 4300 Commerce Court, Suite 300-3 |
| 703.835.9085/Fax 703.997.7665 | Lisle, IL 60532 |
| *Pro Hac Vice* Application Pending | 630.452.4547/Fax 630.596.4445 |