```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

OTIS McDONALD, et al.,         )
                               )
               Plaintiffs,     )
                               )
     v.                        )     No.  08 C 3645
                               )
CITY OF CHICAGO, et al.,       )
                               )
               Defendants.     )
```

## MEMORANDUM ORDER

Counsel for plaintiffs in this action have filed their "Response to Order of June 27, 2008," seeking to explain their reason for having included Mayor Richard M. Daley as well as the City of Chicago as a defendant in their recently-filed Complaint (this Court's sua sponte memorandum order had dismissed Mayor Daley from the lawsuit). Although the Response concludes by voicing no objection to whatever this Court ultimately decides in that respect, this brief memorandum order is issued to explain why both the original Complaint and the Response appear to reflect a misunderstanding of 42 U.S.C. §1983 ("Section 1983") jurisprudence.

It is of course true that Mayor Daley is a "person" for Section 1983 purposes--the failure of a putative defendant to fit into that concept typically impacts only on the state and its agencies (Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989)). But any notion that "naming mayors and cities both as defendants in civil rights actions is accepted practice"

(Response at 1) is not itself a predicate for targeting Mayor Daley here--that general notion is basically at odds with the teaching of <u>Monell v. Dep't of Social Services of City of New York</u>, 436 U.S. 658, 691 (1978) and its almost innumerable progeny, which ground Section 1983 liability solely on a defendant's <u>direct</u> involvement, rather than on respondeat superior principles.

Despite such pejorative characterizations in connection with Chicago-style politics as "King Daley" (a label more often attached to the first Mayor Richard Daley than to the present incumbent), the legal control of Chicago's government is not essentially vested in its Mayor.  When the Illinois Municipal Code was revamped and codified in 1961, the one provision of the Revised Cities and Villages Act of 1941 that was not repealed was its Article 21 dealing with the City of Chicago, which was retained and is now found at 65 ILCS 20/0.01 et seq.  Nothing in that statute appears to place the matters that are the subject of plaintiffs' Complaint within Mayor Daley's purview.

Hence whatever may be the case as to the mayors of cities elsewhere in the United States, or of Illinois cities other than Chicago, to this Court's knowledge the matters that form the gravamen of the present Complaint are not powers vested in Mayor Daley.  It should be remembered that Section 1983 liability is generally imposed only on municipal "decisionmakers" (see, e.g.,

this Court's opinion in Limes-Miller v. City of Chicago, 773 F.Supp. 1130, 1136 (N.D. Ill. 1991)). And so far as this Court is aware, the situation here is not of the type that brings into play the variant on that doctrine described in Auriemma v. Rice, 987 F.2d 397, 399 (7th Cir. 1992).

    Accordingly this Court declines any invitation to revisit its June 27 memorandum order. Moreover, it agrees with the ultimate conclusion on the part of plaintiffs' counsel that with the City of Chicago itself in the case and capable of being fully responsive if plaintiffs prevail, no useful purpose would appear to be served by retaining Mayor Daley as a codefendant.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:   July 7, 2008