IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS McDONALD, ADAM ORLOV, COLLEEN LAWSON, DAVID LAWSON, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br>           Plaintiffs, <br><br>     v. <br><br> CITY OF CHICAGO and MAYOR RICHARD M. DALEY, <br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Judge: JUDGE SHADUR

MAGISTRATE JUDGE SCHENKIER

## DEFENDANT CITY OF CHICAGO'S ANSWER
## TO PLAINTIFFS' COMPLAINT, DEFENSE, AND JURY DEMAND

Defendant City of Chicago ("City"), by and through its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby submits its Answer to Plaintiffs' Complaint, its Defense, and its Jury Demand.[1]

## ANSWER

### THE PARTIES

1.   Plaintiff Otis McDonald is a natural person and a citizen of the United States, residing in Chicago, Illinois. Mr. McDonald resides in a high-crime neighborhood and is active in community affairs. As a consequence of trying to make his neighborhood a better place to live, Mr. McDonald has been threatened by drug dealers.

   **ANSWER:**   Pursuant to the Court's June 27, 2008 Memorandum Order, all but the first sentence of this paragraph is stricken. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

---

[1] The Court's Memorandum Orders of June 27, 2008 and July 7, 2008 indicate that Mayor Daley has been dismissed as a defendant. Until such time as a minute order is entered to that effect, Mayor Daley, in an abundance of caution, hereby adopts the City's Answer, Defense, and Jury Demand in their entirety.

2. Plaintiff Adam Orlov is a natural person and a citizen of the United States, residing in Chicago, Illinois. Mr. Orlov is a former Evanston, Illinois, police officer. As a police officer, Mr. Orlov was entrusted with a handgun for the purpose of defending himself and others from violent crime.

**ANSWER:** Pursuant to the Court's June 27, 2008 Memorandum Order, all but the first sentence of this paragraph is stricken. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3. Plaintiff Colleen Lawson is a natural person and a citizen of the United States, residing in Chicago, Illinois. Ms. Lawson's home has been targeted by burglars.

**ANSWER:** Pursuant to the Court's June 27, 2008 Memorandum Order, all but the first sentence of this paragraph is stricken. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. Plaintiff David Lawson is a natural person and a citizen of the United States, residing in Chicago, Illinois. Mr. Lawson's home has been targeted by burglars.

**ANSWER:** Pursuant to the Court's June 27, 2008 Memorandum Order, all but the first sentence of this paragraph is stricken. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 600,000 members and supporters nationwide, including many in Chicago. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Plaintiff Illinois State Rifle Association ("ISRA") is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has over 17,000 members and supporters in Illinois, including many in Chicago. The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this

action on behalf of itself and its members.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    Defendant City of Chicago is a municipal entity organized under the Constitution and laws of the State of Illinois.

**ANSWER:** The City admits the allegations contained in Paragraph 7.

8.    Defendant Richard M. Daley is the Mayor of the City of Chicago, and as such is responsible for executing and administering the City of Chicago's laws, customs, practices, and policies. In that capacity, Mr. Daley is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in both his individual and official capacities.

**ANSWER:** Pursuant to the Court's Memorandum Orders of June 27, 2008 and July 7, 2008, this paragraph is stricken.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

**ANSWER:** Pursuant to the Court's June 27, 2008 Memorandum Order, the references in Paragraph 9 to 28 U.S.C. §§ 2201 and 2202 are stricken. The City admits that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. The City denies the remaining allegations contained in Paragraph 9.

10.    Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER:** The City admits the allegations contained in Paragraph 10.

## STATEMENT OF FACTS

11.    Mr. McDonald lawfully owns a handgun, which he keeps outside the City of Chicago. Mr. McDonald presently intends to possess the handgun within his home for self-defense, but is prevented from doing so only by Defendants' active enforcement of the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 11.

    12.    Mr. McDonald applied for permission to possess a handgun within his Chicago home. On June 13, 2008, that application was refused pursuant to the policies complained of in this action.

    **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

    13.    Mr. McDonald fears arrest, criminal prosecution, incarceration, and fine if he were to possess a handgun within his home.

    **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

    14.    Mr. McDonald owns a shotgun which he keeps in his Chicago home. This shotgun is lawfully registered pursuant to the Chicago Municipal Code.

    **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

    15.    Mr. McDonald fears arrest, criminal prosecution, incarceration, and fine if he were to continue to possess the shotgun in his Chicago home without re-registering it annually as required by the Chicago Municipal Code.

    **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

    16.    Mr. Orlov lawfully owns a handgun, which he keeps outside the City of Chicago. Mr. Orlov presently intends to possess the handgun within his home for self-defense, but is prevented from doing so only by Defendants' active enforcement of the policies complained of in this action.

    **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

    17.    Mr. Orlov applied for permission to possess the handgun within his Chicago home. On May 6, 2008, that application was refused pursuant to the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Mr. Orlov fears arrest, criminal prosecution, incarceration, and fine if he were to possess a handgun within his home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Ms. Lawson lawfully owns a handgun, which she keeps outside the City of Chicago. Ms. Lawson presently intends to possess the handgun within her home for self-defense, but is prevented from doing so only by Defendants' active enforcement of the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Ms. Lawson applied for permission to possess the handgun within her Chicago home. On January 3, 2008, that application was refused pursuant to the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Ms. Lawson fears arrest, criminal prosecution, incarceration, and fine if she were to possess a handgun within her home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Mr. Lawson lawfully owns a handgun, which he keeps outside the City of Chicago. Mr. Lawson presently intends to possess the handgun within his home for self-defense, but is prevented from doing so only by Defendants' active enforcement of the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Mr. Lawson applied for permission to possess the handgun within his Chicago

home.  On January 23, 2008, that application was refused pursuant to the policies complained of in this action.

    **ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

    24.    Mr. Lawson fears arrest, criminal prosecution, incarceration, and fine if he were to possess a handgun within his home.

    **ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

    25.    Mr. Lawson owns various long arms which are kept in his Chicago home and are lawfully registered pursuant to the Chicago Municipal Code.

    **ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

    26.    Mr. Lawson fears arrest, criminal prosecution, incarceration, and fine if he were to continue to possess these arms in his Chicago home without re-registering them annually as required by the Chicago Municipal Code.

    **ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

    27.    On May 4, 2008, the registration for one of Mr. Lawson's rifles, a K31, lapsed.  The rifle thus became permanently unregisterable within the City of Chicago.  Mr. Lawson removed the rifle from his Chicago home and now keeps it outside the City of Chicago.

    **ANSWER:** The City admits that section 8-20-200(c) of the Chicago Municipal Code states that "Failure to comply with the requirement for renewal of registration of a firearm shall cause that firearm to become unregisterable."  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

    28.    Mr. Lawson fears arrest, criminal prosecution, incarceration, and fine if he were to possess the lapsed K31 rifle within his Chicago home.  Mr. Lawson presently intends to possess the K31 rifle within his home, but is prevented from doing so only by Defendants' active enforcement of the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. In 2007, Mr. Lawson applied to purchase a rifle from the federal Civilian Marksmanship Program ("CMP"). On October 18, 2007, Mr. Lawson was informed via email that his application was granted and the rifle would be delivered to his Chicago home. The Civilian Marksmanship Program requires that delivery be made to Mr. Lawson's Chicago home, because that is the address listed both in Mr. Lawson's driving license and Illinois Firearms Owner Identification Card.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. On October 19, 2007, the CMP rifle arrived at the Lawson home via the U.S. Postal Service. Mr. Lawson thus had approximately a day's notice that he would be receiving the CMP rifle. Only upon receiving the CMP rifle could Mr. Lawson learn the gun's serial number, necessary to apply for a Chicago registration certificate for the firearm.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Mr. Lawson relocated the rifle outside of Chicago and, on November 30, 2007 applied to register the rifle. On December 11, 2007, that application was refused pursuant to the policies complained of in this action.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Mr. Lawson presently intends to possess the CMP rifle within his home, but is prevented from doing so only by Defendants' active enforcement of the policies complained of in this action. Mr. Lawson fears arrest, criminal prosecution, incarceration, and fine if he were to possess the CMP rifle within his home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

**ANSWER:** The City admits that the Second Amendment to the United States Constitution states that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The City denies the remaining allegations contained in Paragraph 33.

34. At a minimum, the Second Amendment guarantees individuals a fundamental right to possess a functional, personal firearm, including a handgun, within the home.

**ANSWER:** The City denies the allegations contained in Paragraph 34.

35. The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**ANSWER:** The City admits that the Fourteenth Amendment to the United States Constitution contains the language quoted in Paragraph 35. The City denies the remaining allegations contained in Paragraph 35.

36. Chicago Municipal Code § 8-20-040(a) mandates that

> All firearms in the City of Chicago shall be registered in accordance with the provisions of this chapter. It shall be the duty of a person owning or possessing a firearm to cause such firearm to be registered. No person shall within the City of Chicago, possess, harbor, have under his control... or accept any firearm unless such person is the holder of a valid registration certificate for such firearm. No person shall, within the City of Chicago, possess, harbor, have under his control... or accept any firearm which is unregisterable under the provisions of this chapter.

**ANSWER:** The City admits that § 8-20-040(a) of the Chicago Municipal Code contains the language cited in Paragraph 36. The City denies that Paragraph 36 fully and completely cites the entirety of § 8-20-040(a). The City denies the remaining allegations contained in Paragraph 36.

37. Chicago Municipal Code § 8-20-050 provides: "No registration certificate shall be issued for any of the following types of firearms: . . .(c) handguns . . ." While Section 8-20-

050(c) provides exceptions for certain handguns owned prior to the law's effective date, and handguns owned by police officers, security personnel, and private detectives, the provision, in conjunction with Section 8-20-040, generally bars the private home possession of handguns by law-abiding adult citizens.

**ANSWER:** The City admits that § 8-20-050 of the Chicago Municipal Code contains the language cited in Paragraph 37. The City denies that Paragraph 37 fully and completely cites the entirety of § 8-20-050. The City denies the remaining allegations contained in Paragraph 37.

38. Chicago Municipal Code § 8-20-090(a) provides: "A registration certificate shall be obtained prior to any person taking possession of a firearm from any source."

**ANSWER:** The City admits the allegations in Paragraph 38.

39. Chicago Municipal Code § 8-20-200 provides:

(a) Every registrant must renew his registration certificate annually. Applications for renewal shall be made by such registrants 60 days prior to the expiration of the current registration certificate.

(b) The application for renewal shall include the payment of a renewal fee as follows:

1 firearm .... $20.00; 2-10 firearms .... 25.00; More than ten firearms .... 35.00

(c) Failure to comply with the requirement for renewal of registration of a firearm shall cause that firearm to become unregisterable.

(d) All terms, conditions and requirements of this chapter for registration of firearms shall be applicable to renewal or registration of such firearms.

(e) The renewal fee shall not be applicable to duty-related handguns of peace officers domiciled in the City of Chicago.

**ANSWER:** The City admits the allegations contained in Paragraph 39, except that the City denies that § 8-20-200(b) of the Chicago Municipal Code contains semicolons.

40. Many Chicago gun owners fail to re-register their firearms every year. Among these recently was Alderman Richard Mell, whose firearms became unregisterable when he failed to timely renew his registration certificates.

**ANSWER:** Pursuant to the Court's June 27, 2008 Memorandum Order, this paragraph

9

is stricken.

      41.     Accordingly, Alderman Mell proposed an ordinance amending the law to permit, for one month, lapsed guns to be re-registered if their owners had attempted to re-register their guns between May 1, 2007 and April 1, 2008, a period that would have covered his lapsed firearm registrations.

      **ANSWER:**  Pursuant to the Court's June 27, 2008 Memorandum Order, this paragraph is stricken.

      42.     Defendant Mayor Daley endorsed Mell's proposal, stating: "A lot of people go back and forth to their summer homes ...  A lot of people move their shotguns.  A lot of 'em are bird hunters, gun collectors. ... They move 'em back from Wisconsin, Michigan, [other] parts of Illinois."

      **ANSWER:**  Pursuant to the Court's June 27, 2008 Memorandum Order, this paragraph is stricken.

      43.     Defendant Mayor Daley added: "It's one time [for] one month . . . You want to have 'em register.  There's nothing wrong with that . . . People want to just register.  A lot of 'em bring 'em back from hunting trips.  So, why not?"

      **ANSWER:**  Pursuant to the Court's June 27, 2008 Memorandum Order, this paragraph is stricken.

      44.     Speaking of Alderman Mell's desire to re-register his lapsed guns, Defendant Mayor Daley stated: "He has a home in Wisconsin.  He brings 'em back and forth.  He's not running out with a shotgun and hurting people."

      **ANSWER:**  Pursuant to the Court's June 27, 2008 Memorandum Order, this paragraph is stricken.

      45.     The proposed re-registration amnesty bill was passed by the Chicago City Council, with the amnesty period extended to 120 days.  The fee for re-registering a lapsed firearm under the amnesty bill is $60.00.

      **ANSWER:**  Pursuant to the Court's June 27, 2008 Memorandum Order, this paragraph is stricken.

      46.     A first violation of Chicago's ban on the ownership or possession of unregistered

firearms within the home is punishable by a fine of "not less than $300.00, nor more than $500.00; or [incarceration] for not less than ten days nor more than 90 days or both." Chicago Municipal Code § 8-20-250.  Subsequent violations are punishable by a fine of $500.00 and incarceration ranging from ninety days to six months.  Id.

**ANSWER:** The City admits that § 8-20-250 of the Chicago Municipal Code states that "Any person who violates any provision of this chapter, where no other penalty is specifically provided, shall upon conviction for the first time, be fined not less than $300.00, nor more than $500.00; or be incarcerated for not less than ten days nor more than 90 days or both. Any subsequent conviction for a violation of this chapter shall be punishable by a fine of $500.00 and by incarceration for a term of not less than 90 days, nor more than six months."  The City denies the remaining allegations contained in Paragraph 46.

**FIRST CAUSE OF ACTION - HANDGUN BAN
RIGHT TO KEEP AND BEAR ARMS
U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983**

47.    Paragraphs 1 through 46 are incorporated as though fully stated herein.

**ANSWER:** The City hereby incorporates its answers to Paragraphs 1-46, above.

48.    The Second Amendment right is incorporated as against the states and their political subdivisions pursuant to the Due Process Clause of the Fourteenth Amendment.

**ANSWER:** The City denies the allegations contained in Paragraph 48.

49.    The Second Amendment right to keep and bear arms is a privilege and immunity of United States citizenship which, pursuant to the Fourteenth Amendment, states and their political subdivisions may not violate.

**ANSWER:** The City denies the allegations contained in Paragraph 49.

50.    Handguns, as a class of weapons, are "arms" whose possession by law-abiding adult citizens is protected by the Second Amendment right to keep and bear arms.

**ANSWER:** The City denies the allegations contained in Paragraph 50.

51.    By banning handguns, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals,

including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

**ANSWER:** The City denies the allegations contained in Paragraph 51.  The City further denies that Plaintiffs are entitled to the relief sought in this Paragraph.

### SECOND CAUSE OF ACTION - RE-REGISTRATION REQUIREMENT
### RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

52.  Paragraphs 1 through 51 are incorporated as though fully stated herein.

**ANSWER:**  The City hereby incorporates its answers to Paragraphs 1-51, above.

53.  By requiring Plaintiffs to annually re-register each firearm, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

**ANSWER:** The City denies the allegations contained in Paragraph 53.  The City further denies that Plaintiffs are entitled to the relief sought in this Paragraph.

### THIRD CAUSE OF ACTION - PRE-ACQUISITION REGISTRATION REQUIREMENT
### RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983

54.  Paragraphs 1 through 53 are incorporated as though fully stated herein.

**ANSWER:**  The City hereby incorporates its answers to Paragraphs 1-53, above.

55.  By requiring Plaintiffs to register all firearms prior to their acquisition, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

**ANSWER:** The City denies the allegations contained in Paragraph 55.  The City further denies that Plaintiffs are entitled to the relief sought in this Paragraph.

**FOURTH CAUSE OF ACTION - UNREGISTERABLE STATUS PENALTY**
**RIGHT TO KEEP AND BEAR ARMS**
**U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983**

56.	Paragraphs 1 through 55 are incorporated as though fully stated herein.

**ANSWER:**  The City hereby incorporates its answers to Paragraphs 1-55, above.

57.	By declaring specific firearms "unregisterable" as a penalty for not complying with registration requirements, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

**ANSWER:** The City denies the allegations contained in Paragraph 57.  The City further denies that Plaintiffs are entitled to the relief sought in this Paragraph.

**FIFTH CAUSE OF ACTION - UNREGISTERABLE STATUS PENALTY**
**EQUAL PROTECTION**
**U.S. CONST., AMEND. XIV, 42 U.S.C. § 1983**

58.	Paragraphs 1 through 57 are incorporated as though fully stated herein.

**ANSWER:**  The City hereby incorporates its answers to Paragraphs 1-57, above.

59.	By declaring specific firearms "unregisterable" as a penalty for not complying with registration requirements, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including the Plaintiffs, of their right to equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.  Plaintiffs are thus damaged in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.

**ANSWER:** The City denies the allegations contained in Paragraph 59.  The City further denies that Plaintiffs are entitled to the relief sought in this Paragraph.

## PRAYER FOR RELIEF

Plaintiffs request judgment be entered in their favor and against Defendants as follows:

1. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Chicago Municipal Code § 8-20-050(c), barring registration of handguns; Chicago Municipal Code § 8-20-200, requiring the annual renewal of firearms registrations; Chicago Municipal Code § 8-20-090, mandating that registration certificates for firearms be obtained prior to taking possession of a firearm; Chicago Municipal Code § 8-20-040, as applied to prohibiting possession of an unregistered firearm within a period of time reasonably necessary to obtain registration; and any custom, policy, or practice of deeming a firearm "unregisterable" for the sole reason that it has previously been not validly registered.

2. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

3. Declaratory relief consistent with the injunction;

4 Costs of suit; and

5. Any other further relief as the Court deems just and appropriate. Dated: June 26, 2008.

**ANSWER:** The City denies that the Plaintiffs are entitled to the relief sought in the Prayer for Relief. The City further requests that judgment be entered in its favor and against Plaintiffs.

## DEFENSE - FAILURE TO STATE A CLAIM

1. The Complaint fails to state any claims upon which relief can be granted.

## JURY DEMAND

The City demands trial by jury.

          Respectfully submitted,


          Mara S. Georges, Corporation Counsel for
             the City of Chicago

          By:   /s/ Andrew Worseck
          Assistant Corporation Counsel

Michael A. Forti
Deputy Corporation Counsel
Mardell Nereim
Chief Assistant Corporation Counsel
Andrew W. Worseck
Assistant Corporation Counsel
William Macy Aguiar
Assistant Corporation Counsel
City of Chicago Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
312-744-9010

Dated: July 16, 2008.

## CERTIFICATE OF SERVICE

      The undersigned, an attorney of record for the City of Chicago, hereby certifies that on July 16, 2008, he served a copy of the **Defendant City of Chicago's Answer to Plaintiffs' Complaint, Defense, and Jury Demand**, along with this certificate of service, on:

David G. Sigale
Law Firm of David G. Sigale, P.C.
Corporate West 1
4300 Commerce Court, Suite 300-3
Lisle, IL  60532

by electronic means pursuant to Electronic Case Filing (ECF), and on:

Alan Gura
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA  22314

by first class United States Mail, postage pre-paid, by placing them in the United States Mail box at 30 North LaSalle Street, Chicago, Illinois 60602.


                                              /s/ Andrew Worseck