IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OTIS McDONALD, ADAM ORLOV, COLLEEN LAWSON, DAVID LAWSON, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) ) | |
| | ) | 08 CV 3645 |
| | ) | |
| Plaintiffs, | ) | JUDGE SHADUR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | SCHENKIER |
| CITY OF CHICAGO and | ) | |
| MAYOR RICHARD M. DALEY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S MOTION TO REASSIGN CASE AS RELATED

Defendant City of Chicago ("City"), by and through its counsel, Mara S. Georges, Corporation Counsel of the City of Chicago, hereby respectfully moves the Court to reassign the case National Rifle Association of America, Inc., et al. v. City of Chicago, et al., No. 08 CV 3697, currently pending in this District before Judge Leinenweber (hereinafter "NRA v. Chicago"), to the calendar of this Court as a related case under Local Rule 40.4. A copy of the Complaint in NRA v. Chicago is attached hereto as Exhibit A. In support of this motion, the City states as follows:

1.      On July 26, 2008, Plaintiffs filed the instant lawsuit. In a nutshell, Plaintiffs allege that various provisions of the City's Municipal Code regulating the ownership and/or possession of firearms violate the Second Amendment, as incorporated against the States by the Fourteenth Amendment. In particular, Plaintiffs challenge (1) the restrictions on the possession of handguns, Chicago Mun. Code §§ 8-20-040(a); 8-20-050(c); (2) the requirement that

permissible firearms be registered prior to an owner taking possession of the firearm, id. § 8-20-090(a); (3) the requirement that registrations for permissible firearms be renewed annually, id. § 8-20-200(a); and (4) the requirement that a firearm become unregisterable if its registration is not properly renewed, id. § 8-20-200(c). See Compl., ¶¶ 36-39, 47-57. Plaintiffs also raise an Equal Protection challenge to § 8-20-200(c). See Compl., ¶¶ 58-59.

2.      On July 27, 2008, a different group of individual and organizational plaintiffs filed NRA v. Chicago against the City and Mayor Daley.[1] NRA v. Chicago contains three counts. Count I alleges (like the instant case) that the City's restrictions on the possession of handguns violate the Second Amendment, as incorporated against the States by the Fourteenth Amendment. Ex. A hereto, ¶¶ 20-22. Count II raises an Equal Protection challenge to those provisions. Id., ¶¶ 23-27. Finally, Count III raises a claim under 18 U.S.C. § 926A. That claim alleges that the statute preempts and invalidates certain of the City's requirements governing the transport of firearms into or through Chicago. Id., ¶¶ 28-31.

3.      Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. A later-filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier-numbered case is assigned if two conditions are met: First, the two cases must be related within the meaning of Local Rule 40.4(a). A case is related under Local Rule 40.4(a) if one or more of the following conditions is met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the

_____

[1] The NRA v. Chicago complaint has not yet been served.

cases is or are the same.  Second, each of the criteria for reassignment set forth in Local Rule 40.4(b) must be met.  Those criteria are that:  (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

4.    The City respectfully submits that <u>NRA v. Chicago</u> should be reassigned to this calendar as related to the instant case pursuant to Local Rule 40.4.  As to the criteria of Local Rule 40.4(a), common issues of fact or law pervade both suits.  In particular, both suits raise the issue of whether the Second Amendment is incorporated against the States and their subdivisions by the Fourteenth Amendment.   Moreover, both suits challenge the validity under the Second Amendment of various Municipal Code provisions regulating firearms.  While the provisions challenged in each suit are not identical across the board, both suits challenge the restrictions on the possession of handguns.  These issues will all require an analysis and application of the Supreme Court's recent decision in <u>District of Columbia v. Heller</u>, No. 07-290, 554 U.S. __, 2008 WL 2520816 (U.S. June 26, 2008).   In addition, both suits challenge certain Municipal Code firearms provisions on Equal Protection grounds.  And to the extent that discovery is taken of the City, that discovery will likely be, by and large, the same in both lawsuits.

5.    Moreover, each of the criteria for reassignment set forth in Local Rule 40.4(b) is met.  First, both cases are pending in the Northern District of Illinois.   Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort.  In particular, judicial resources will be substantially conserved if a single judge addresses (i) the

3

constitutional issues, some of which may be significant, that are common to and pervade both

suits, and (ii) all of the various Municipal Code provisions challenged between the two suits,

rather than two judges addressing those provisions on a piecemeal basis.   Third, as the instant

case is not even a month old, it has not progressed to the point where reassignment of <u>NRA v.</u>

<u>Chicago</u> would delay its resolution.  Finally, given the commonality of issues, both cases are

susceptible to resolution in a single proceeding.

<b><u>CONCLUSION</u></b>

WHEREFORE, for the foregoing reasons, the City respectfully requests that <u>National</u>

<u>Rifle Association of American, Inc., et al. v. City of Chicago, et al.</u>, No. 08 CV 3697, N.D. Ill.,

be reassigned to the calendar of this Court pursuant to Local Rule 40.4.

Respectfully submitted,

Mara S. Georges, Corporation Counsel for
the City of Chicago

By:   <u>/s/ Andrew Worseck</u>
Assistant Corporation Counsel

Michael A. Forti
Deputy Corporation Counsel
Mardell Nereim
Chief Assistant Corporation Counsel
Andrew W. Worseck
Assistant Corporation Counsel
William Macy Aguiar
Assistant Corporation Counsel
City of Chicago Department of Law
Constitutional and Commercial Litigation Division
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
312-744-9010

Dated: July 22, 2008.

4

# EXHIBIT     A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, ANTHONY BURTON, VAN F. WELTON, and BRETT BENSON,       Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago,       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | FILED: JUNE 27, 2008 <br> 08CV3697 <br> JUDGE LEINENWEBER <br> MAGISTRATE JUDGE KEYS <br> EDA <br><br> Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, ANTHONY BURTON, VAN F. WELTON and BRETT BENSON, by and through their attorneys, Stephen P. Halbrook, Ph. D. and Stephen A. Kolodziej (the latter of Brenner, Ford, Monroe & Scott, Ltd.), as and for their complaint against Defendants, THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor, City of Chicago, state as follows:

1.     This is an action to vindicate the rights of residents of Chicago, Illinois, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, which guarantees the right of law-abiding citizens to keep handguns in the home for lawful defense of their families and other lawful purposes.

## PARTIES

2.     Plaintiff, National Rifle Association of America, Inc. (hereafter "NRA"), is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia.  NRA has a membership of 4 million persons many of which reside in or travel

through Chicago, Illinois.  The purposes of the NRA include the protection of the right of citizens

to have firearms for the lawful defense of their families, persons, and property, and to promote

public safety and law and order.  NRA brings this action on behalf of itself and its members.

3.      Plaintiffs, Dr. Kathryn Tyler ("Tyler"), Anthony Burton ("Burton"), Van F. Welton

("Welton") and Brett Benson ("Benson") are residents of Chicago, Illinois, citizens of the United

States, and members of the NRA.

4.      Numerous members of Plaintiff-NRA who are not residents of Chicago frequently

travel through Chicago.

5.      Defendant, Richard M. Daley (hereinafter "Daley") is the Mayor of the City of

Chicago, which is his principal place of business.  He is being sued in his official capacity.  The

City of Chicago is a political subdivision of the State of Illinois.  Daley and the City of Chicago and

their officers, agents and employees are sometimes hereinafter referred to as "Defendants".

## JURISDICTION

6.      Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the

Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks

to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and

usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities

secured by the United States Constitution and by Acts of Congress.

7.      This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983.

Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

8.      The City of Chicago prohibits possession of a firearm unless it is registered.

Municipal Code of Chicago, § 8-20-040(a).  "No registration certificate shall be issued for any of

2

the following types of firearms: . . . (c) Handguns . . . ." § 8-20-050(c). The only non-governmental exceptions are "Those validly registered to a current owner in the City of Chicago prior to the effective date of this chapter" in 1982, § 8-20-050(c)(I), and those owned by security personnel or private detective agencies. § 8-20-050(c)(2) & (3). "'Handgun' means a firearm designed to be held and fired by the use of a single hand, and includes a combination of parts from which such firearm can be assembled." § 8-20-030(k).

9.      The registration requirement, and hence the handgun prohibition, does not apply to: "Any nonresident of the City of Chicago participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction; provided, that such weapon shall be unloaded and securely wrapped and that his possession or control of such firearm is lawful in the jurisdiction in which he resides. . . ." § 8-20-040(b)(5).

10.     Any person possessing a firearm "shall have on his person or within his immediate custody a valid registration certificate for such firearm issued hereunder, which shall be exhibited for inspection to any peace officer upon demand." § 8-20-150. Failure to exhibit a registration certificate "shall be presumptive evidence that he is not authorized to possess such firearm" and "shall also be cause for the confiscation of such firearms." *Id.* A confiscated firearm, when not needed as evidence, must be destroyed. § 8-20-220.

11.     A first violation is punishable by a fine of not less than $300 or more than $500, and incarceration for not less than ten days or more than 90 days. A subsequent conviction is punishable by a fine of $500 and by incarceration of not less than 90 days or more than six months. § 8-20-250.

12.     Defendant Daley is responsible for enforcing the above provisions through law enforcement agencies under his direction and control.

13.     Defendant Daley and the law enforcement agencies that operate under his supervision have no legal duty to protect Chicago residents, including plaintiffs, from robbery, rape, murder, or any other crime.

## FACTS

14.     Plaintiffs, as well as thousands of members of Plaintiff-NRA, reside in Chicago. But for Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-250, and the enforcement thereof by Defendants, Plaintiffs and numerous such NRA members would forthwith (a) lawfully obtain handguns to keep at home for lawful purposes including self-protection and the protection of their families and loved ones and (b) transfer handguns which they lawfully store outside of Chicago to their homes. Should they do so in violation of such provisions, they would be subject to arrest, prosecution, imprisonment, and fines.

15.     Plaintiffs, and thousands of members of Plaintiff-NRA, either travel through or need to travel through Chicago. Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-250 and the enforcement thereof by Defendants subjects such persons who are otherwise lawfully transporting firearms to the threat of arrest, prosecution, imprisonment, and fines or requires them to travel on other routes to avoid arrest, prosecution, imprisonment, and fines.

16.     Plaintiff Welton wishes to obtain a handgun. He is eligible under the laws of the United States and of the State of Illinois to possess firearms. But for Municipal Code of Chicago, § 8-20-050(c), he would forthwith obtain and register a handgun to keep at home for self-protection.

17.     Plaintiff Burton is a tow truck driver. Plaintiff Tyler is a veterinarian. They lawfully own and store handguns outside the City of Chicago. But for Municipal Code § 8-20-050(c), they would forthwith register their handguns and keep them at their residences in the City of Chicago for self-protection.

4

18.    Plaintiff Benson wants to own a handgun but cannot as he has no place to store it outside of the City of Chicago.  If allowed to possess a handgun in the City, he and others in his position could keep handguns in their homes for lawful defense from any unlawful, sudden, deadly attack by an intruder.  However, Plaintiffs and others face arrest, prosecution, and incarceration should they possess an unregistered handgun in violation of Municipal Code of Chicago, § 8-20-050(c), § 8-20-040(a), and § 8-20-250.  As a result of § 8-20-040(a), Defendants and their agents and employees refuse to register any handgun.  But for § 8-20-040(a), members of NRA and the individual Plaintiffs would imminently obtain handguns and register them pursuant to § 8-20-040(a).

19.    As a proximate cause of Municipal Code of Chicago, § 8-20-050(c), § 8-20-040(a), and § 8-20-250 and the enforcement thereof by Defendants and their agents and employees, Plaintiffs are subjected to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment from criminal intruders and violating their constitutional rights as set forth herein.

## COUNT I

### (Second and Fourteenth Amendments)

20.    Paragraphs 1 through 19 are realleged and incorporated herein by reference.

21.    The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal

protection of the laws." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

22.     Because Municipal Code of Chicago, § 8-20-050(c) requires all firearms to be registered, but § 8-20-040(a) prohibits the registration of any handgun, § 8-20-040(a) infringes on the right of the people, including Plaintiffs and members of Plaintiff-NRA, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and is thus null and void.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter a declaratory judgment that Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-040(b)(5), and 8-20-150 are null and void because such provisions infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

B.     Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-040(b)(5), and 8-20-150.

C.     Issue preliminary and permanent injunctions and a writ of mandamus requiring Defendants and their officers, agents, and employees to register handguns on behalf of Plaintiffs herein pursuant to Municipal Code of Chicago, §§ 8-20-050(c).

D.     Grant such other and further relief as may be proper.

E.     Award Plaintiffs attorneys' fees and costs.

## COUNT II

### (Equal Protection)

23.     Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24.     The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws.

25.     Possession of handguns is prohibited to persons generally, including Plaintiffs and to members of Plaintiff-NRA.  Municipal Code of Chicago, §§ 8-20-040(a), 8-20-050(c).

26.     However, the following categories of persons are exempted from the prohibition:

    (a)     Handguns "validly registered to a current owner in the City of Chicago prior to the effective date of this chapter" in 1982, § 8-20-050(c)(1);

    (b)     Handguns owned by security personnel or private detective agencies, § 8-20-050(c)(2) & (3); and,

    (c)     Any nonresident of the City of Chicago participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction…. § 8-20-040(b)(5).

27.     The above exemptions irrationally discriminate against all non-exempted persons, including Plaintiffs and members of Plaintiff-NRA, denying to them the equal protection of the laws, in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter a declaratory judgment that Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-040(b)(5), and 8-20-150 are null and void because such provisions violate the equal protection of the laws guaranteed by the Fourteenth Amendment.

B.     Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-040(b)(5), and 8-20-150.

C.    Issue preliminary and permanent injunctions and a writ of mandamus requiring Defendants and their officers, agents, and employees to register handguns on behalf of Plaintiffs herein pursuant to Municipal Code of Chicago, §§ 8-20-050(c).

D.    Grant such other and further relief as may be proper.

E.    Award Plaintiffs attorneys' fees and costs.

## COUNT III

### (18 U.S.C. § 926A)

28.    Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.    Plaintiffs and members of Plaintiff-NRA may lawfully transport firearms through the City of Chicago pursuant to the Firearms Owners' Protection Act of 1986 ("FOPA"), 18 U.S.C. § 926A, which provides:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.

30.    Chicago's registration requirement for firearms, and hence the handgun prohibition, does not apply to: "Any nonresident of the City of Chicago participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction; provided, that such weapon shall be unloaded and securely wrapped and that his possession or control of such firearm is lawful in the jurisdiction in which he resides . . . ." II Municipal Code of Chicago, § 8-20-040(b)(5).  Chicago thus limits such transportation (a) to non-residents, precluding

8

residents who lawfully store unregistered firearms, including handguns, outside of Chicago from such transportation, and (b) to participation in recreational activities, precluding other lawful activities.

30.    Moreover, Chicago provides that any person possessing a firearm "shall have on his person or within his immediate custody a valid registration certificate for such firearm issued hereunder, which shall be exhibited for inspection to any peace officer upon demand." § 8-20-150. Failure to exhibit a registration certificate "shall be presumptive evidence that he is not authorized to possess such firearm" and "shall also be cause for the confiscation of such firearms." *Id.* Persons lawfully transporting firearms through Chicago are thereby subject to arrest and prosecution.

31.    The above provisions and the enforcement thereof by Defendants violate the entitlement of persons, including Plaintiffs and members of Plaintiff-NRA, to transport firearms pursuant to 18 U.S.C. § 926A, and are thus preempted and void.

WHEREFORE, Plaintiffs pray that the Court:

A.    Enter a declaratory judgment that Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-040(b)(5), and 8-20-150 are null and void because such provisions are preempted by 18 U.S.C. § 926A.

B.    Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Municipal Code of Chicago, §§ 8-20-050(c), 8-20-040(a), 8-20-040(b)(5), and 8-20-150.

C.    Issue preliminary and permanent injunctions and a writ of mandamus requiring Defendants and their officers, agents, and employees to register handguns on behalf of Plaintiffs herein pursuant to Municipal Code of Chicago, §§ 8-20-050(c).

D.    Grant such other and further relief as may be proper.

E.    Award Plaintiffs attorneys' fees and costs.

Respectfully Submitted,

**NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC.,**
Plaintiff


By:    s/ Stephen A. Kolodziej
       Stephen A. Kolodziej
       One of Its Attorneys

Local Counsel:
**Stephen A. Kolodziej**
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
Tel.: 312-781-1970
Fax: 312-781-9202


**Stephen P. Halbrook**
10560 Main Street
Suite 404
Fairfax, Virginia 22030
Tel.: 703-352-7276
Fax: 703-359-0938
(*Pro hac vice* application pending)

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., DR. KATHRYN TYLER, ANTHONY BURTON, VAN F. WELTON, and BRETT BENSON, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. ) |
| THE CITY OF CHICAGO and RICHARD M. DALEY, Mayor of the City of Chicago, | ) ) ) ) ) |

### LR 3.2 Notification Of Affiliates

Pursuant to Local Rule 3.2 of the Rules of the United States District Court for the Northern District of Illinois, Plaintiff National Rifle Association of America, Inc., a non-profit corporation, hereby states that it has no publicly held affiliates.

s/ Stephen A. Kolodziej

Stephen A. Kolodziej
One of the Attorneys for Plaintiffs