IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ROBERT KLEIN ENGLER, and DR. GENE A. REISINGER, | ) ) ) ) ) | FILED: JUNE 27, 2008 08CV3696 JUDGE LEFKOW MAGISTRATE JUDGE ASHMAN EDA |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. |
| VILLAGE OF OAK PARK and DAVID POPE, President, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ROBERT KLEIN ENGLER and DR. GENE A. REISINGER, by and through their attorneys, Stephen P. Halbrook, Esq. and William N. Howard, Esq. (the latter of Freeborn & Peters LLP), as and for their complaint against Defendants, VILLAGE OF OAK PARK and DAVID POPE, its President, state as follows:

1. This is an action to vindicate the rights of residents of Oak Park, Illinois, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, which guarantees the right of law-abiding citizens to keep handguns in the home for the lawful defense of their families and for other lawful purposes.

**PARTIES**

2. Plaintiff, National Rifle Association of America, Inc. (hereafter "NRA"), is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. NRA has a membership of 4 million persons, some of which reside in or travel through Oak Park, Illinois. The purposes of the NRA include the protection of the right of citizens

to have firearms for the lawful defense of their families, persons, and property, and to promote public safety and law and order. NRA brings this action on behalf of itself and its members.

3. Plaintiff, Robert Klein Engler ("Engler"), is a resident of Oak Park, Illinois, a citizen of the United States, and a member of the NRA.

4. Plaintiff, Dr. Gene A. Reisinger ("Reisinger"), is a resident of Oak Park, Illinois, a citizen of the United States, and a member of the NRA.

5. Numerous members of Plaintiff NRA who are citizens of the United States but not residents of Oak Park frequently travel through Oak Park, Illinois.

6. Defendant, David Pope ("Pope"), is the President of the Village of Oak Park, which is his principal place of business. He is being sued in his official capacity.

7. Defendant, the Village of Oak Park, is a political subdivision of the State of Illinois. Pope and the Village of Oak Park and their officers, agents and employees are sometimes hereinafter referred to as "Defendants."

## JURISDICTION

8. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

9. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

10. The Village of Oak Park prohibits possession of a handgun. The Oak Park Municipal Code provides: "It shall be unlawful for any person to possess or carry, or for any person to permit another to possess or carry on his/her land or in his/her place of business any firearm . . . ." Oak Park Municipal Code, § 27-2-1. "FIREARMS: For the purpose of this Article firearms are: pistols, revolvers, guns and small arms of a size and character that may be concealed on or about the person, commonly known as handguns." § 27-1-1.

11. It is further unlawful "to carry" a rifle, shotgun, or firearm in a vehicle, or to permit another to do so in a vehicle one owns, "or about his/her person, except that a person may carry any rifle or shotgun when on his/her land or in his/her abode or fixed place of business . . . ." § 27-2-1. There is an exemption for licensed hunters or fishermen commuting with a rifle or shotgun to or from established game areas. § 27-2-1(H). Also exempt is the transportation of weapons "broken down in a nonfunctioning state and not immediately accessible," but if it is a firearm (handgun), the transportation must not originate or terminate in Oak Park. § 27-2-1(1).

12. None of the above provisions apply to "Licensed firearm collectors." § 27-2-1 (K). "LICENSED FIREARM COLLECTOR: Any person licensed as a collector by the Secretary of the Treasury of the United States under and by virtue of Title 18, United States Code, Section 923; provided however, that a copy of said license is filed with the Chief of Police." § 27-1-1.

13. Exempt from the handgun prohibition are: "Members of established theater organizations located in Oak Park and performing a regular performance schedule to the public, utilizing only blank ammunition in the discharge of weapons only during rehearsals, classes or performances; provided further that said organization maintains possession and control over these

3

weapons in a safe place with a designated member of the organization when the weapons are not in use...." § 27-2-1 (L).

14. Violation is punishable with a fine of not more than $1,000 for the first offense and $2,000 for a subsequent offense. § 27-4-1 (A). Weapons involved in offenses are to be confiscated and destroyed. § 27-4-1 (C). A motor vehicle which a police officer has probable cause to believe contains a weapon in violation of the above is subject to seizure and impoundment, and may be released on payment of a $500 fine. § 27-4-4.

15. It is unlawful to sell or give away a "firearm" as defined, whether by a dealer or a single individual, without a license approved by the Chief of Police and the Village Manager. §§ 27-1-3, -4, -5. A firearm may only be transferred to law enforcement entities. § 27-1-2.

16. Defendant-Pope is responsible for enforcing the above provisions through law enforcement agencies under his direction and control.

17. Defendant-Pope and the law enforcement agencies that operate under his supervision have no legal duty to protect Oak Park residents, including Plaintiffs, from robbery, rape, murder, or any other crime.

## FACTS

18. Plaintiffs, Engler and Dr. Reisinger, as well as other members of Plaintiff NRA, reside in Oak Park. But for Oak Park Municipal Code, § 27-2-1, and the enforcement thereof by Defendant-Pope, Plaintiffs and numerous other NRA members who reside in Oak Park would forthwith (a) lawfully obtain handguns to keep at home for lawful purposes including self-protection and the protection of their families and loved ones and (b) transfer handguns which they lawfully store outside the jurisdiction to their homes. Should they do so in violation of such provisions, they would be subject to arrest, prosecution, imprisonment, and fines.

4

19. Plaintiffs, and numerous members of Plaintiff NRA either travel through or need to travel through Oak Park. Oak Park Municipal Code § 27-2-1, and the enforcement thereof by Defendant Pope, subjects such persons who are otherwise lawfully transporting firearms to the threat of arrest, prosecution, imprisonment, and fines or requires them to travel on other routes to avoid arrest, prosecution, imprisonment, and fines.

20. Plaintiffs, Engler and Dr. Reisinger, lawfully own and store handguns outside the Village of Oak Park. But for Oak Park Municipal Code § 27-2-1, they would forthwith keep their handguns at their residences in the Village of Oak Park. But for Oak Park Municipal Code § 27-2-1, they have not brought their handguns into the Village of Oak Park so that they could be used for self-protection.

21. Plaintiffs, Engler and Dr. Reisinger, and numerous members of Plaintiff NRA, wish to obtain and possess handguns to keep in their homes for lawful defense from any unlawful, sudden, deadly attack by an intruder and to lawfully transport their handguns through the Village of Oak Park. However, individuals face arrest, prosecution, and incarceration should they possess a handgun in violation of Oak Park Municipal Code, § 27-2-1. But for § 27-2-1, members of Plaintiff NRA would imminently obtain handguns pursuant to the laws of the United States and the State of Illinois.

22. As a proximate cause of Oak Park Municipal Code § 27-2-1, and the enforcement thereof by Defendants and their agents and employees, Plaintiffs and members of Plaintiff NRA are subjected to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment from criminal intruders and violating their Constitutional rights as set forth herein.

## COUNT I

### (Second and Fourteenth Amendments)

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

25. Because Oak Park Municipal Code, § 27-2-1 prohibits the possession of a handgun, it infringes on the right of the people, including Plaintiffs and members of Plaintiff NRA, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and is thus null and void.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter a declaratory judgment that Oak Park Municipal Code, § 27-2-1 is null and void because it infringes on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Oak Park Municipal Code, § 27-2-1.

C. Grant such other and further relief as may be proper.

D. Award Plaintiffs attorneys' fees and costs.

## COUNT II

### (Equal Protection)

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws.

28. Possession of handguns is prohibited to persons generally, including Plaintiffs and members of Plaintiff NRA. Oak Park Municipal Code, § 27-2-1. However, the following categories of persons are exempted from the prohibition:

    (a) "Licensed firearm collectors," § 27-2-1 (K); and,

    (b) "Members of established theater organizations located in Oak Park and performing a regular performance schedule to the public," § 27-2-1 (L).

29. The above exemptions irrationally discriminate against all non-exempted persons, including Plaintiffs and members of Plaintiff NRA, denying to them the equal protection of the laws, in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter a declaratory judgment that Oak Park Municipal Code, § 27-2-1 is null and void because it, in conjunction with § 27-2-1(K) & (L), violates the equal protection of the laws guaranteed by the Fourteenth Amendment.

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Oak Park Municipal Code, § 27-2-1.

C. Grant such other and further relief as may be proper.

D. Award Plaintiffs attorneys' fees and costs.

## COUNT III

### (18 U.S.C. § 926A)

30. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31. Plaintiffs and members of Plaintiff NRA may lawfully transport firearms through the Village of Oak Park pursuant to the Firearms Owners' Protection Act of 1986 ("FOPA"), 18 U.S.C. § 926A, which provides:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.

32. However, Oak Park makes it unlawful to possess a handgun, or to carry a rifle, shotgun, or firearm in a vehicle, or to permit another to do so in a vehicle one owns. Oak Park Municipal Code, § 27-2-1. Exempted are: "Licensed hunters or fishermen while commuting to or from established game areas; provided, however, that this exemption shall not apply to the possession or carrying of 'firearms'" (handguns). § 27-2-1(H). Also exempt are: "Transportation of weapons broken down in a nonfunctioning state and not immediately accessible." § 27-2-1(I).

33. The Village of Oak Park thus limits transportation of rifles and shotguns to licensed hunters and fishermen and otherwise requires weapons to be broken down in a nonfunctioning state, contrary to 18 U.S.C. § 926A. Persons transporting rifles, shotguns, and handguns in compliance with § 926A through Oak Park are thereby subject to arrest and prosecution.

8

34. The above provisions and the enforcement thereof by Defendants violate the entitlement of persons, including Plaintiffs and members of Plaintiff NRA, to transport firearms, including rifles, shotguns, and handguns, pursuant to 18 U.S.C. § 926A, and are thus preempted and void.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter a declaratory judgment that Oak Park Municipal Code, § 27-2-1 is null and void because it is preempted by 18 U.S.C. § 926A.

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Oak Park Municipal Code, § 27-2-1.

C. Grant such other and further relief as may be proper.

D. Award Plaintiffs attorneys' fees and costs.

Respectfully Submitted,

**NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ROBERT KLEIN ENGLER,** and **DR. GENE A. REISINGER,**
Plaintiff

BY: ___s/ William N. Howard___
One of Their Attorneys

Local Counsel:
William N. Howard, Esq.
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
(312) 360-6415

Stephen P. Halbrook, Esq.
10560 Main St., Suite 404
Fairfax, VA 22030
(703) 352-7276
(*Pro Hac Vice pending*)