IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS McDONALD, ADAM ORLOV, ) <br> COLLEEN LAWSON, DAVID LAWSON, ) <br> SECOND AMENDMENT FOUNDATION, INC., ) <br> and ILLINOIS STATE RIFLE ASSOCIATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO and ) <br> MAYOR RICHARD M. DALEY, ) <br> ) <br> Defendants. ) <br> ) | No. 08 CV 3645 |

### FRCP RULE 12(f)(2) MOTION TO STRIKE CITY OF CHICAGO'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COME the Plaintiffs, OTIS McDONALD, ADAM ORLOV, COLLEEN LAWSON, DAVID LAWSON, SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, by and through LAW FIRM OF DAVID G. SIGALE, P.C. and GURA & POSSESSKY, PLLC, their attorneys, and, pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure (FRCP 12(f)(2)) move this honorable Court to strike the Defendant's Answer to the Plaintiffs' Complaint. In support thereof, Plaintiffs state as follows:

1.      Plaintiffs filed the instant suit on June 26, 2008, asserting the Defendant's ban on handgun possession within the City limits, as well as certain pre-registration and re-registration requirements violate the Plaintiffs' individual rights under the Second Amendment to the United States Constitution.

2.      Defendant filed an Answer to the Complaint on July 16, 2008, docketed as Document

1

18 in the Court file.

    3.       However, certain of Defendant's Answers violate Rule 8 of the Federal Rules of Civil Procedure (FRCP 8), which reads in relevant part:

> **Rule 8. General Rules of Pleading**
>
> . . .
>
> **(b) Defenses; Admissions and Denials.**
>
> . . .
>
> **(5)** *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>
> **(6)** *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

**Answer to Paragraph 12**

    4.       Plaintiffs alleged in Paragraph 12 that "Mr. McDonald applied for permission to possess a handgun within his Chicago home. On June 13, 2008, that application was refused pursuant to the policies complained of in this action."

    5.       Defendant answered the allegation by stating: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12."

    6.       A true and correct copy of Defendant's denial of Mr. McDonald's application to register a handgun, with personal information redacted, is filed today as Exhibit A to Plaintiffs'

Motion for Summary Judgment.

**Answer to Paragraph 14**

7.Plaintiffs alleged in Paragraph 14 that "Mr. McDonald owns a shotgun which he keeps in his Chicago home. This shotgun is lawfully registered pursuant to the Chicago Municipal Code."

8.Defendant answered the allegation, particularly the second sentence therein, by stating: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14."

9.A true and correct copy of Defendant's registration record of Mr. McDonald's shotgun is filed today as Exhibit B to Plaintiffs' Motion for Summary Judgment.

**Answer to Paragraph 17**

10.Plaintiffs alleged in Paragraph 17 that Plaintiff "Orlov applied for permission to possess the handgun within his Chicago home. On May 6, 2008, that application was refused pursuant to the policies complained of in this action."

11.Defendant answered the allegation by stating: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17."

12.A true and correct copy of Defendant's denial of Mr. Orlov's application to register a handgun, with personal information redacted, is filed today as Exhibit C to Plaintiffs' Motion for Summary Judgment.

**Answer to Paragraph 20**

13.Plaintiffs alleged in Paragraph 20 that Plaintiff Colleen "Lawson applied for

permission to possess the handgun within her Chicago home. On January 3, 2008, that application was refused pursuant to the policies complained of in this action."

14. Defendant answered the allegation by stating: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20."

15. A true and correct copy of Defendant's denial of Ms. Lawson's application to register a handgun, with personal information redacted, is filed today as Exhibit D to Plaintiffs' Motion for Summary Judgment.

**Answer to Paragraph 23**

16. Plaintiffs alleged in Paragraph 23 that Plaintiff David Lawson "Lawson applied for permission to possess the handgun within his Chicago home. On January 23, 2008, that application was refused pursuant to the policies complained of in this action."

17. Defendant answered the allegation by stating: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23."

18. A true and correct copy of Defendant City's denial of Mr. Lawson's application to register a handgun, with personal information redacted, is filed today as Exhibit E to Plaintiffs' Motion for Summary Judgment.

**Answer to Paragraph 25**

19. Plaintiffs alleged in Paragraph 25 that "Mr. Lawson owns various long arms which are kept in his Chicago home and are lawfully registered pursuant to the Chicago Municipal

Code."

20.     The Defendant answered the allegation by stating: "The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25."

21.     True and correct copies of Mr. Lawson's various gun registration certificates, with personal information redacted, are filed today as Exhibit F to Plaintiffs' Motion for Summary Judgment.

**Answer to Paragraph 27**

22.     Plaintiffs allege in Paragraph 27 that "On May 4, 2008, the registration for one of Mr. Lawson's rifles, a K31, lapsed. The rifle thus became permanently unregisterable within the City of Chicago. Mr. Lawson removed the rifle from his Chicago home and now keeps it outside the City of Chicago."

23.     Defendant answered the allegation, particularly the first sentence contained therein, by stating: "The City admits that section 8-20-200(c) of the Chicago Municipal Code states that "Failure to comply with the requirement for renewal of registration of a firearm shall cause that firearm to become unregisterable.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27."

**Answer to Paragraph 31**

24.     Plaintiffs allege in Paragraph 31 that: "Mr. Lawson relocated the [CMP] rifle outside of Chicago and, on November 30, 2007 applied to register the rifle. On December 11, 2007, that application was refused pursuant to the policies complained of in this action."

25.     Defendant answered the allegations by stating: "The City is without knowledge or

5

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31."

26.     A true and correct copy of Defendant City's administrative denial of Mr. Lawson's appeal of the CMP rifle registration denial, with personal information redacted, is filed today as Exhibit G to Plaintiffs' Motion for Summary Judgment.

## ARGUMENT

27.     In all of the above-described allegations, Plaintiffs pled facts that are within the Defendant's knowledge and control; namely, whether the Plaintiffs applied to register certain firearms with the Defendant, and the disposition of those applications. This is particularly true since the Defendant acted on the various applications and, presumably, kept records of the applications and responses thereto. Therefore, under FRCP 12(f)(2) the Defendant's claims of ignorance as to these factual issues should be stricken and these allegations should be deemed admitted.

28.     The Seventh Circuit addressed this very issue in *American Photocopy Equipment Company v. Rovico, Inc.*, 359 F.2d 745 (7th Cir. 1966), when in a patent dispute the plaintiff/counter-defendant claimed it lacked sufficient information to answer allegations the Court found were squarely within that party's knowledge. The court held that ". . . this failure of plaintiff to frankly reply on a matter, which it, as patent owner and manufacturer must have had within its knowledge, exhibits a lack of fairness which completely discredits its statement that it is without knowledge of or information sufficient to form a belief as to the truth of said averment of defendant . . . [we] hold that plaintiff has not in effect denied the aforesaid averment of defendant. Rule 8(b) affords no shelter to plaintiff, in view of the facts presented in Rovico's answer and counterclaim." *Id.* at 746-47.

29. The *American Photocopy* Court went on to note that "[u]nder comparable provisions of the Federal Rules of Civil Procedure, an answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham. In such circumstances the facts alleged in the complaint stand admitted." *Id.* at 747 (quoting *Harvey Aluminum (Incorporated) v. N.L.R.B.*, 335 F.2d 749 (9th Cir. 1964)).

30. The Northern District has also addressed this issue on at least one occasion. In *Exchange National Bank of Chicago v. Brown*, 1985 WL 2274 (N.D.IL 1985), the Court held that "[a] denial based on lack of knowledge of information regarding matters of public record or general notice cannot be sustained because it cannot be said that the party denying the averment is without knowledge or information sufficient to form a belief as to the truth of such averment." *Exchange National Bank* at *2.

31. Applying the standard from the above cases to the instant situation, the Defendant cannot claim ignorance about public records over which it has control. Presumably, the Plaintiffs' firearm applications and responses are in a computer, or file cabinet, or other storage means in a City building, and the City simply decided not to look them up. That is not grounds for claiming ignorance, and it was disingenuous of the Defendants to so claim. Under FRCP 12(f)(2), the Defendant's Answers to the above-referenced allegations in the Plaintiffs' Complaint should be stricken, their denials held for naught, and the allegations should be deemed admitted for purposes of this litigation.

WHEREFORE, the Plaintiffs, OTIS McDONALD, ADAM ORLOV, COLLEEN LAWSON, DAVID LAWSON, SECOND AMENDMENT FOUNDATION, INC. and ILLINOIS STATE RIFLE ASSOCIATION, pray this honorable Court strike the Defendant's Answers to Paragraphs 12, 14, 17, 20, 23, 25, 27 and 31 of Plaintiff's Complaint, in whole or in part as described above.  Plaintiffs also request any and all further relief as this Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| Alan Gura | David G. Sigale (Atty. ID# 6238103) |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street, Suite 405 | Corporate West I |
| Alexandria, VA 22314 | 4300 Commerce Court, Suite 300-3 |
| 703.835.9085/Fax 703.997.7665 | Lisle, IL 60532 |
| | 630.452.4547/Fax 630.596.4445 |

By: __ /s/David G. Sigale_____
　　　　David G. Sigale

By: ___/s/ Alan Gura_____
　　　　Alan Gura

Attorneys for Plaintiffs

### CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

　　1.　　On July 31, 2008, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

　　2.　　Pursuant to FRCP 5, the undersigned faxed this document to Stephen A. Kolodziej, Lance C. Malina and Jacob Karaca.  The undersigned certifies that, to his best information and belief, there are no other non-CM/ECF participants in this matter.

　　　　　　　　　　　　　　　　　　　　___/s/ David G. Sigale_____
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs