**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OTIS McDONALD, et al., | ) | Case No. 08-CV-3645 |
| | ) | |
| Plaintiffs, | ) | **SEPARATE STATEMENT OF** |
| | ) | **MATERIAL FACTS IN** |
| v. | ) | **SUPPORT OF PLAINTIFFS'** |
| | ) | **MOTION FOR SUMMARY** |
| CITY OF CHICAGO, | ) | **JUDGMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>**

**COME NOW** the Plaintiffs, Otis McDonald, Adam Orlov, Colleen Lawson, David Lawson, Second Amendment Foundation, Inc., and Illinois State Rifle Association, by and through undersigned counsel, and submit their separate statement of material facts as to which there is no genuine dispute in support of their motion for summary judgment.

| | |
|---|---|
| Dated: July 31, 2008 | Respectfully submitted, |
| | |
| Alan Gura (admitted pro hac vice) | David G. Sigale (Atty. ID# 6238103) |
| Gura & Possessky, PLLC | Law Firm of David G. Sigale, P.C. |
| 101 N. Columbus Street, Suite 405 | 4300 Commerce Court, Suite 300-3 |
| Alexandria, VA 22314 | Lisle, IL 60532 |
| 703.835.9085/Fax 703.997.7665 | 630.452.4547/Fax 630.596.4445 |
| | |
| By:\_\_\_/s/ Alan Gura/_____ | By: \_\_\_\_/s/ David G. Sigale/_____ |
|     Alan Gura |     David G. Sigale |
| | |
| | Attorneys for Plaintiffs |

**SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>**

<u>THE PARTIES</u>

| | | | |
|---|---|---|---|
| 1. | Plaintiff Otis McDonald is a natural person residing in Chicago, Illinois. | 1. | McDonald Decl., Exh. A, B. |
| 2. | Plaintiff Adam Orlov is a natural person residing in Chicago, Illinois. | 2. | Orlov Decl., Exh. C. |
| 3. | Plaintiff Colleen Lawson is a natural person residing in Chicago, Illinois. | 3. | C. Lawson Decl., Exh. D. |
| 4. | Plaintiff David Lawson is a natural person residing in Chicago, Illinois. | 4. | D. Lawson Decl., Exh. E-G. |
| 5. | Plaintiff Second Amendment Foundation, Inc. is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 600,000 members and supporters nationwide, including many in Chicago. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | 5. | Gottlieb Decl., ¶ 2. |
| 6. | The Second Amendment Foundation has individual members who are impacted by the laws challenged in this litigation. | 6. | Gottlieb Decl., ¶ 3. |
| 7. | Plaintiff Illinois State Rifle Association is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has over 17,000 members and supporters in Illinois, including many in Chicago. The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. | 7. | Pearson Decl., ¶ 2. |

| | | | |
|---|---|---|---|
| 8. | The Illinois State Rifle Association has individual members who are impacted by the laws challenged in this litigation. | 8. | Pearson Decl., ¶ 3. |
| 9. | Defendant City of Chicago is a municipal entity. | 9. | Answer, ¶ 7. |

## JURISDICTION

| | | | |
|---|---|---|---|
| 10. | The Court has subject matter jurisdiction over this action as the claims present questions of federal law. | 10. | *See generally* Complaint; 28 U.S.C. §§ 1331, 1343. |
| 11. | The Court has personal jurisdiction over defendant City of Chicago as the city is located within the jurisdictional reach of the Court. | 11. | 28 U.S.C. § 93(a)(1). |

## VENUE

| | | | |
|---|---|---|---|
| 12. | Venue is proper in this Court as the defendant is located within this judicial district, plaintiffs reside in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. | 12. | 28 U.S.C. § 1391; *see generally* Complaint; Answer, ¶ 10; Declarations and Exhibits to this motion. |

## MATERIAL FACTS

| | | | |
|---|---|---|---|
| 13. | Defendant City of Chicago generally bans the home possession of handguns by requiring that all firearms be registered, but refusing the registration of handguns. | 13. | Chicago Mun. Code §§ 8-20-040; 8-20-050; Answer, ¶¶ 36, 37. |
| 14. | Plaintiff Otis McDonald applied to register a handgun for possession in his Chicago home, but was denied per the city's handgun ban. | 14. | McDonald Decl., ¶ 1; Exh. A |
| 15. | Plaintiff Adam Orlov applied to register a handgun for possession in his Chicago home, but was denied per the city's handgun ban and pre-acquisition registration requirement. | 15. | Orlov Decl., ¶ 1; Exh. C. |
| 16. | Plaintiff Colleen Lawson applied to register a handgun for possession in her Chicago home, but was denied per the city's handgun ban. | 16. | C. Lawson Decl., ¶ 1; Exh. D |

17. Plaintiff David Lawson applied to register a handgun for possession in his Chicago home, but was denied per the city's handgun ban and pre-acquisition registration requirement.

17. D. Lawson Decl., ¶ 1; Exh. D

18. Each individual plaintiff fears arrest, criminal prosecution, incarceration, and fine if he or she were to possess a handgun within the home.

18. McDonald Decl., ¶ 2; Orlov Decl., ¶ 2; C. Lawson Decl., ¶ 2; D. Lawson Decl., ¶ 2.

19. Each plaintiff presently intends to possess a handgun within the home for self-defense, but is prevented from doing so only by the city's active enforcement of the handgun ban.

19. McDonald Decl., ¶ 2, 3; Orlov Decl., ¶ 2; C. Lawson Decl., ¶ 2; D. Lawson Decl., ¶ 2.

20. Defendant city mandates that all registered guns be re-registered each year.

20. Chicago Mun. Code § 8-20-200; Answer, ¶ 39.

21. If a registered gun is not timely re-registered, that particular gun becomes "unregisterable" and thus illegal to possess in Chicago.

21. Chicago Mun. Code § 8-20-200(c); Answer, ¶ 39.

22. Plaintiff McDonald owns a shotgun lawfully registered pursuant to the Chicago Municipal Code.

22. McDonald Decl. ¶ 4; Exh. B.

23. Plaintiff David Lawson owns various guns lawfully registered pursuant to the Chicago Municipal Code.

23. D. Lawson Decl. ¶ 3; Exh. F.

24. Plaintiffs McDonald and David Lawson fear arrest, criminal prosecution, incarceration, and fine if they were to possess their guns in Chicago without re-registering them annually.

24. McDonald Decl., ¶ 4; D. Lawson Decl., ¶ 4.

25. On May 4, 2008, the registration for one of Mr. Lawson's rifles, a K31, lapsed. The rifle thus became permanently unregisterable within the City of Chicago.

25. D. Lawson Decl., ¶ 5.

26. Mr. Lawson removed the rifle from his Chicago home and now keeps it outside the City of Chicago.

26. D. Lawson Decl., ¶ 5.

| | | | |
|---|---|---|---|
| 27. | Mr. Lawson fears arrest, criminal prosecution, incarceration, and fine if he were to possess the lapsed K31 rifle within his Chicago home without benefit of registration. | 27. | D. Lawson Decl., ¶ 5. |
| 28. | The unregisterability penalty and re-registration requirement have caused a decline in the number in the number of registered guns, such that the city's registry does not reflect the true firearm population in the city. | 28. | Fran Spielman, *Daley backs Mell's gun plan*, Chicago Sun-Times (May 21, 2008); Fran Spielman, *Aldermen extend amnesty to re-register guns in city*, Chicago Sun-Times (June 4, 2008); Hal Dardick, *Committee OKs gun registry changes*, Chicago Tribune (June 4, 2008). |
| 29. | When Alderman Richard Mell had various firearms become unregisterable for lack of timely re-registration, he successfully sponsored an amnesty ordinance permitting the re-registration of lapsed firearms upon payment of a fine. | 29. | Fran Spielman, *Daley backs* Sun-Times (May 21, 2008); Fran Spielman, *Aldermen extend amnesty to re-register guns in city*, Chicago Sun-Times (June 4, 2008); Hal Dardick, *Committee OKs gun registry changes*, Chicago Tribune (June 4, 2008). |
| 30. | The amnesty ordinance does not repeal the re-registration annual requirement. | 30. | Chicago City Clerk Document S02008-2626, Ordinance of June 11, 2008. |
| 31. | The city also requires that all firearms be registered prior to their acquisition, lest they become unregisterable. | 31. | Chicago Mun. Code § 08-20-090; Answer, ¶ 38; Exh. G. |
| 32. | In 2007, plaintiff David Lawson applied to purchase a rifle from the federal Civilian Marksmanship Program ("CMP"). On October 18, 2007, Mr. Lawson was informed via email that his application was granted and the rifle would be delivered to his Chicago home. | 32. | D. Lawson Decl., ¶ 6; Exh. G |

| | | | |
|---|---|---|---|
| 33. | The CMP requires that delivery be made to Mr. Lawson's Chicago home, because that is the address listed both in Mr. Lawson's driving license and Illinois Firearms Owner Identification Card. | 33. | D. Lawson Decl., ¶ 6; Exh. G |
| 34. | On October 19, 2007, the CMP rifle arrived at the Lawson home via the U.S. Postal Service. | 34. | D. Lawson Decl., ¶ 7; Exh. G |
| 35. | Mr. Lawson thus had approximately a day's notice that he would be receiving the CMP rifle. Only upon receiving the CMP rifle could Mr. Lawson learn the gun's serial number, necessary to apply for a Chicago registration certificate for the firearm. | 35. | D. Lawson Decl., ¶ 7; Exh. G |
| 36. | Mr. Lawson relocated the rifle outside of Chicago and, on November 30, 2007 applied to register the rifle. | 36. | D. Lawson Decl., ¶ 8; Exh. G |
| 37. | On December 11, 2007, that application was refused because Lawson did not effectuate registration of the rifle prior to taking possession of it. | 37. | D. Lawson Decl., ¶ 8; Exh. G |
| 38. | Mr. Lawson presently intends to possess the CMP rifle within his home, but is prevented from doing so only by the city's active enforcement of the pre-acquisition registration requirement and now unregisterable status of that firearm. | 38. | D. Lawson Decl., ¶ 10. |
| 39. | Mr. Lawson fears arrest, criminal prosecution, incarceration, and fine if he were to possess the CMP rifle within his home. | 39. | D. Lawson Decl., ¶ 10. |