# GROUP EXHIBIT B

**Westlaw.**

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132
**2004 WL 2495642 (N.D.Ill.)**

**C**

Donahue v. Elgin Riverboat Resort
N.D.Ill.,2004.

United States District Court,N.D. Illinois, Eastern
Division.
Darryl W. DONAHUE; Lawrence D. Williams;
Jennifer Thomas; Noelle Olivier; Keith Moody; De-
lores Miller; Robert Curtington; Ramona
Camprindo; Evelyn D. Norris; and Tamara R. Turn-
er, Plaintiffs,
v.
ELGIN RIVERBOAT RESORT, d/b/a Grand Vic-
toria Riverboat; Nevada Landing Partnership; and
RBG L.P., Defendants.
**No. 04 C 816.**

Sept. 28, 2004.

Kenneth N. Flaxman, Kenneth N. Flaxman, P.C.,
Chicago, IL, for Plaintiffs.
Jane M. McFetridge, Joel W. Rice, Matt David
Strubbe, Fisher and Phillips LLP, Chicago, IL, for
Defendants.

*MEMORANDUM OPINION AND ORDER*

GUZMÁN, J.
*1 Before the Court is Defendants Elgin Riverboat
Resort d/b/a Grand Victoria Riverboat, Nevada
Landing Partnership, and RBG, L.P.'s (collectively
"Elgin") Motion for a Reassignment Of Related
Cases pursuant to Local Rule 40.4. For the reasons
that follow, the motion is denied.

*BACKGROUND*

On November 6, 1998, Plaintiffs Lisa Ellis, Marcia
English, Yvonne Mason, and Derrick Denson filed
a putative class action suit, *Ellis v. Elgin Riverboat
Resort d/b/a Grand Victoria Casino,* No. 98 C
7093, alleging that Elgin engaged in a pattern and
practice of discriminatory hiring based on race, in
violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e. On March
27, 2000, Judge Gottschall conditionally certified
the class pursuant to Federal Rule of Civil Proced-
ure 23(b)(2), On August 21, 2003, Magistrate Judge
Ashman [FN1] decertified the class because the Ellis
plaintiffs failed to demonstrate that a common
question of law or fact existed, that their claims
were typical of those of the class, or that they could
adequately represent the class. *See Ellis v. Elgin Ri-
verboat Resort,* 217 F.R.D. 415, 427-29
(N.D.Ill.2003). After decertification, five former
class members filed individual lawsuits, the lowest-
numbered of which is the present case.[FN2]Elgin
now seeks a finding that all four individual suits are
related and asks that they be reassigned to this
Court.[FN3]

FN1. The parties consented to the jurisdic-
tion of the magistrate, and on November 7,
2001, the Ellis lawsuit was reassigned to
Magistrate Judge Ashman pursuant to Loc-
al Rule 73.1.

FN2. The five new lawsuits are: (1) *Do-
nahue v. Elgin Riverboat Resort,* No. 04
CV 816 (Judge Guzman); (2)*Burks v. Elgin
Riverboat Resort,* No. 04 CV 818 (Judge
Lefkow); (3)*Atkins v. Elgin Riverboat Re-
sort,* No. 04 C 819 (Judge Kennelly);
(4)*Okoh v. Elgin Riverboat Resort,* No. 04
C 936 (Judge Plunkett); and (5)*Dismuke
Cureton v. Elgin Riverboat Resort,* No. 04
C 4132 (Judge Leinenweber).*Dismuke
Cureton* was filed after the present motion,
and Elgin informed the Court of its exist-
ence through a supplemental notice.

FN3. More precisely, Elgin asks that all
five cases be reassigned to Magistrate
Judge Ashman or alternatively, to this
Court. However, Elgin it offers no case
law or rule that would allow this Court to
transfer all five cases to Judge Ashman.
Elgin also provides no support for its al-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132
**2004 WL 2495642 (N.D.Ill.)**

ternative request that if the cases are consolidated, they be referred to Judge Ashman, who is not the magistrate assigned to the present case, for pretrial supervision.

## DISCUSSION

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b).*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* No. 02 C 5893, 2003 U.S. Dist. LEXIS 7466, at *3 (N.D.Ill. May 5, 2003). This Court has the sound discretion whether to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 847 (N.D.Ill.1999). Local Rule 40.4(a) provides that:

Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same.

N.D. Ill. L.R. 40.4(a).

Elgin argues the lawsuits satisfy Local Rule 40.4(a)(2) because all five cases are brought against the same defendant, involve a violation of Title VII of the Civil Rights Act of 1964 based on allegations that the plaintiffs were not hired because of their race, and "[t]herefore, on a general level," involve the same legal issues. (Defs.' Mot. Reassignment Related Cases Ex. A, Mot. at 4).[FN4] Elgin's motion, however, fails to identify any particular issues of fact or law that are common to all plaintiffs. *See* Local Rule 40.4(c)(1) (requiring that a motion for reassignment "shall ... set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a)"). As Elgin successfully argued before Judge Ashman in its motion to decertify, the hiring process was decentralized and subjective, and each of the hiring decisions rested on a unique set of facts, including the applicants' experience and the casino's hiring needs. *See Ellis,* 217 F.R.D. at 426-27;*see also Davis v. Quebecor World,* No. 01 C 8014, 2002 WL 27660, at *4 (N.D.Ill. Jan.10, 2002) (refusing to find cases related where, among other things, the charges of discrimination do not involve the same decisionmakers).

> FN4. Defendants' motion incorporates by reference the motion for reassignment it originally presented to Judge Ashman on March 25, 2004. As a magistrate judge, Judge Ashman could not reassign later-filed cases pending before district judges, and the motion was therefore denied without prejudice. *See* N.D. Ill. L.R. 40.4(c) ("Where one or more of the cases claimed to be related is assigned to a magistrate judge on consent and one or more of the remaining cases is assigned to a district judge, the motion shall be filed with the district judge having the lowest-numbered case.").

*2 Elgin maintains that the standards for class certification and a finding of relatedness are not the same, but the decertification order is certainly instructive as to the lack of commonality among the various plaintiffs' claims. Moreover, Elgin has failed to specify any common issues of fact and law other than those resolved in the decertification order which would warrant a finding of relatedness. *Cf. Murry v. Am.'s Mortgage Banc, Inc.,* No. 03 C 5811, 2004 WL 407010, at *2 (N.D.Ill. Mar.1, 2004) (finding relatedness where both cases will necessarily involve a determination of the legality of the defendant's specific actions in procuring mortgage loans); *Fairbanks Capital Corp. v. Jenkins,* No. 02 C 3930, 2002 WL 31655277, at *2 (N.D.Ill. Nov.25, 2002) (holding that cases are related where they each involve the legality of a defendant's particular lending practice); *Smith v. N.E. Ill. Univ.,* No. 98 C 3555, 2002 WL 377725, at *4 (N.D.Ill. Feb.28, 2002) (finding relatedness where cases have common issues of a hostile work envir-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132
**2004 WL 2495642 (N.D.Ill.)**

onment). The fact that the cases are brought against the same defendant and generally involve the same types of allegations are not sufficient to show the cases are related pursuant to Local Rule 40.4(a). Therefore, Elgin's motion must be denied on this basis alone.

Furthermore, even if Elgin had shown the cases are related, the motion does not demonstrate that reassignment is proper under Local Rule 40.4(b), which provides:

[A] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b); *see* N.D. Ill. L.R. 40.4(c)(2) (requiring a motion for reassignment to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related").

The first and third conditions are satisfied here because all five cases are pending in the Northern District of Illinois and the present case has not progressed to the point that it would substantially delay the litigation if the other cases were reassigned as related. However, Elgin has failed to show that it has met the second and fourth conditions.

As to the fourth requirement, whether the cases are susceptible of disposition in a single proceeding, Elgin cites *Fairbanks Capital,* 2002 WL 31655277, for the proposition that Local Rule 40.4(b)(4)"merely means that a ruling in one case will likely be applicable or even dispositive in the other case."(Defs.' Mot. Reassignment Related

Cases Ex. A, Mot. at 6.) Unlike the present case, however, resolution of the common issue in *Fairbanks Capital* would be "outcome-determinative" of the same issue in the other cases, and thus the cases were susceptible of determination in a single proceeding. *See Fairbanks Capital,* 2002 WL 31655277, at *3. In this case, each individual case relies on a different set of facts, and a finding in one case would not be dispositive of any issues in the other cases. Therefore, Elgin has failed to satisfy Local Rule 40.4(b)(4).

*3 For the same reasons, Elgin has not shown that reassignment would result in a "substantial saving of judicial time and effort," the second necessary condition. *See* N.D. Ill. L.R. 40.4(b)(2). As explained in detail in the order decertifying the *Ellis* class, each plaintiff's claim requires individualized proof and is subject to unique defenses. *See Ellis,* 217 F.R.D. at 429. Thus, each plaintiff's claims will have to be separately litigated, whether in one proceeding or in four separate proceedings. Local Rule 40.4(b)(2) requires a "substantial saving" of judicial resources, and Elgin has failed to demonstrate reassignment would result in the saving of even a single trial day. Accordingly, the cases must not be reassigned pursuant to Local Rule 40.4(b).

### CONCLUSION

For the foregoing reasons, Defendant Elgin Riverboat Resort d/b/a Grand Victoria Riverboat, Nevada Landing Partnership and RBG, L.P.'s Motion for a Reassignment of Related Cases pursuant to Local Rule 40 .4 [doc. no. 5-1] is denied.

SO ORDERED

N.D.Ill.,2004.
Donahue v. Elgin Riverboat Resort
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-2

Westlaw.

Slip Copy
Slip Copy, 2007 WL 4548228 (N.D.Ill.)
**2007 WL 4548228 (N.D.Ill.)**

**C**

Goldhamer v. Nagode
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern
Division.
Don GOLDHAMER and Robin Schirmer, Plaintiffs,
v.
Lt. NAGODE, et al., Defendants.
**No. 07 C 5286.**

Dec. 20, 2007.

Jonathan I. Loevy, Arthur R. Loevy, Kurt Henry
Feuer, Loevy & Loevy, Jeffrey H. Frank, Law Of-
fices of Jeffrey Frank, Charles Nissim-Sabat,
Chicago, IL, for Plaintiffs.
Devlin Joseph Schoop, Joseph Michael Gagliardo,
Lawrence Jay Weiner, Laner, Muchin, Dombrow,
Becker, Chicago, IL, for Defendants.

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge.
*1 This matter is before the court on Defendants'
motion to reassign Case No. 07-cv-5286, *Gold-
hamer v. Nagode,* to this court pursuant to Rule
40.4 of the Local Rules of the United States District
Court for the Northern District of Illinois
("L.R.40.4"). For the reasons stated below, we deny
Defendants' motion to reassign.

### BACKGROUND

On July 2, 2006, Plaintiff Melissa Woo ("Woo"),
Plaintiff Crystal Wilson ("Wilson"), Plaintiff
Megan Gallagher ("Gallagher"), (4) Plaintiff Al-
berto Guevarra ("Guevarra"), Plaintiff Don Gold-
hamer ("Goldhamer"), and Plaintiff Robin Schirmer
("Schirmer") were all allegedly present at the taste
of Chicago. Sometime that day, City of Chicago
Police Lt. Al Nagode ("Nagode") allegedly issued
an order to disperse, pursuant to an ordinance, to a
large group of people gathered near a United States
Armed Services information booth. Subsequently,
Wilson, Gallagher, Guevarra, Goldhamer and
Schirmer were allegedly arrested at different times
by different members of the Chicago Police Depart-
ment and each was charged with disorderly con-
duct. Woo individually alleges she was arrested pri-
or to the order to disperse.

On July 6, 2007, Woo, Wilson, Gallagher, and
Guevarra (collectively referred to as "Woo
Plaintiffs") filed a civil rights action, Case No.
07-cv-3818 ("Woo Action"), against Nagode, other
Chicago Police officers, and the City of Chicago
("City"). On September 19, 2007, Goldhamer and
Schirmer (collectively referred to as "Goldhamer
Plaintiffs") filed a civil rights action, Case No.
07-cv-5286 ("Goldhamer Action"), against Nagode,
other Chicago Police officers (not also named in the
Woo Action), and the City. The Woo Action was
assigned to this court and the Goldhamer Action
was assigned to another judge of this district. In the
Woo Action, the Woo Plaintiffs have brought a
claim under 42 U.S .C. § 1983 ("Section 1983") for
false arrest and pendant state law claims for mali-
cious prosecution. In the Goldhamer Action, the
Goldhamer Plaintiffs have also brought a claim un-
der Section 1983 for false arrest and pendant state
law claims for malicious prosecution. In addition,
the Goldhamer Plaintiffs have brought several other
claims under Section 1983, a *Monell* claim against
the City of Chicago, and other constitutional claims
including a facial challenge to the constitutionality
of the City's disorderly conduct ordinance.

On October 3, 2007, the Defendants in the Gold-
hamer Action ("Goldhamer Defendants") filed the
instant motion to reassign the Goldhamer Action to
this court to be consoli with the Woo Action, pursu-
ant to L.R. 40.4. The Goldhamer Plaintiffs oppose
the motion and the proposed consolidation of the
two cases, arguing that Defendants have not met the
requirements of L.R. 40.4 for consolidation since
they have not shown that the actions are sufficiently

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

similar.

## LEGAL STANDARD

Northern District of Illinois Local Rule 40.4(b) ("L.R.40.4(b)") provides that a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria are met:

**\*2** (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b).

## DISCUSSION

In exercising our discretion on the issue of consolidation and reassignment, we look to the Local Rules for guidance. The criteria that courts consider for reassignment of a case are set out in L.R. 40.4(b). The first factor under the Local Rules standard is not in dispute. Both matters are pending in United States District Court for the Northern District of Illinois. However, the parties dispute the remaining three factors.

Under Local Rule 40.4, the burden is on the moving party to specifically identify why each of the factors has been met, and the motion should be denied if the moving party fails to satisfy each of the requirements. *Williams v. Walsh Construction,* 2007 WL 178309, at \*2 (N.D.Ill.2007). The Goldhamer Plaintiffs argue that "there are different facts and legal claims that will require different discovery, legal findings, defenses and summary judgment motions."(Gold. P Resp. 5-10). They argue that, based on the factual and legal differences in the two

cases, the Goldhamer Defendants have not shown that consolidation would likely result in the substantial saving of judicial time and effort and that the cases are not susceptible to disposition in a single proceeding. We agree.

*I. Alleged Factual and Legal Distinctions Between the Two Actions*

Based on the factual allegations that exist in the pleadings filed thus far in the Woo Action and the Goldhamer Action, it is clear that there are numerous alleged factual distinctions between the two actions. The Goldhamer Plaintiffs have alleged that they were not members of the same group as the Woo Plaintiffs and that they were not participating in a group protest with the Woo Plaintiffs. (Gold.Compl.Par. 8). The Goldhamer Plaintiffs specifically point out that they have alleged that Goldhamer alone was not handing out leaflets, and thus did not disobey the order to disperse. (Gold. P Resp. 2). The Goldhamer Plaintiffs further allege that the Woo Plaintiffs were each arrested by officers who were not involved in the arrest of the Goldhamer Plaintiffs and who are not named in the Goldhamer Action. (Gold.Compl.Par. 20). The Goldhamer Plaintiffs also point out that it is alleged that one of the Woo Plaintiffs was arrested prior to the order to disperse that was issued by Nagode. (Gold.Compl.Par. 14).

It is also clear from the pleadings that the Goldhamer Action and the Woo Action involve different legal claims as well. Specifically, there are additional claims in the Goldhamer Action which make that case significantly different. In addition to the Section 1983 claims and pendant state law claims for malicious prosecution that are duplicated in the Woo Action, the Goldhamer Plaintiffs have also brought other claims under Section 1983, a *Monell* claim against the City of Chicago, and other constitutional claims including a facial challenge to the constitutionality of the City's disorderly conduct ordinance. (Gold.Compl.25-31, 50-52). These additional legal claims that exist in the Goldhamer Ac-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 4548228 (N.D.Ill.)
**2007 WL 4548228 (N.D.Ill.)**

tion will require different discovery and motions, and will generally raise different legal issues that are presented to this court in the Woo Action.

*II. Factors for Consolidation*

**\*3** Based on the factual and legal differences between the two Actions, the Goldhamer Defendants have not met the second, third and fourth prong of the local rules standard. The handling of both cases by one judge will not likely result in the substantial saving of judicial time and effort since different individual police officers, other than Nagode, are involved in the two actions. The only fact cited by the Goldhamer Defendants in support of their argument that consolidation of the Woo Action and the Goldhamer Action would save substantial time is that there may be overlapping third-party witnesses in the two cases. (Gold. D Reply 6-7). The Goldhamer Defendants have the burden of satisfying "stringent criteria" to qualify for case reassignment. *Williams,* 2007 WL 178309 at *2. Here, the mere fact that third-party witnesses may overlap in both cases is not enough to satisfy these stringent requirements.

It is also clear that the Woo Action has proceeded to a point where consolidation will substantially delay that proceeding. The Woo Defendants have answered the amended complaint in the Woo Action and this court has already set discovery dates. Consolidation will delay that action.

Finally, it is clear from the factual and legal distinctions between the two actions that both would not be susceptible to disposition in a single proceeding, and may require separate trials. As stated above, the adjudication of Goldhamer's claims, in particular, are likely to involve different legal issues since Goldhamer is alleging that he did not disobey the order and both Goldhamer Plaintiffs are challenging the constitutionality of the ordinance. Based on the information presented to this court, the Goldhamer Defendants have not established that this matter is appropriate for consolidation under

the local rules. Therefore, we exercise our discretion and deny the Goldhamer Defendants' motion to reassign.

**CONCLUSION**

Based on the foregoing analysis, we deny the Goldhamer Defendants' motion to reassign.

N.D.Ill.,2007.
Goldhamer v. Nagode
Slip Copy, 2007 WL 4548228 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-3

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1102327 (N.D.Ill.)
**2004 WL 1102327 (N.D.Ill.)**

**H**

Hollinger Intern., Inc. v. Hollinger, Inc.
N.D.Ill.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
HOLLINGER INTERNATIONAL, INC., Plaintiff,
v.
HOLLINGER, INC., et al. Defendants.
**No. 04 C 0698.**

May 5, 2004.

Ian Simmons, Henry C. Thumann, O'Melveny &
Myers, Washington, DC, Jonathan Rosenberg, An-
drew J. Geist, O'Melveny & Myers, New York, NY,
Mark V. Chester, Steven Lawson, Joan M. Meyers,
Johnson & Colmar, Chicago, IL, for Plaintiff.
Nathan P. Eimer, Andrew George Klevorn, Adam
B. Deutsch, Vanessa G. Jacobsen, Eimer Stahl Kle-
vorn & Solberg, LLP, Brian L. Crowe, Cary E.
Donham, Douglas Michael Ramsey, Shefsky &
Froelich, Ltd., Paula Enid Litt, Veronica Gomez,
Lisa Beth Swedenborg, Schopf & Weiss, Joseph J.
Duffy, Stetler & Duffy, Ltd., Stephen C. Voris,
Burke, Warren, MacKay & Serritella, P.C., Chica-
go, IL, Laurent S. Wiesel, John L. Warden, Robin
D. Fessel, David H. Braff, James V. Masella, III,
Sullivan & Cromwell, Greg A. Danilow, Richard A.
Rothman, Anthony Albanese, Weil, Gotshal &
Manges LLP, Ira Lee Sorkin, Donald A. Corbett,
Carter, Ledyard & Milburn, New York, NY, for
Defendants.

*MEMORANDUM AND ORDER*

MANNING, J.
**\*1** The Present matter comes before this Court on
Defendant Hollinger, Inc.'s ("Inc.")¹ Motion for
Finding of Relatedness and Reassignment of Ac-
tions. Pursuant to Local Rule 40.4, Inc. seeks to
have the following shareholder class actions ("the
Class Actions") assigned to this Court: *Teachers
Retirement System of Louisiana v. Black, et al.,* No.

04 C 0834 (Judge Coar); *Mozingo v. Black, et al.,*
No. 04 C 1276 (Judge Manning); and *Washington
Area Carpenters Pension and Retirement Fund v.
Hollinger International, Inc.,* No. 04 C 2505 (Judge
Anderson).^FN1 For the Reasons set forth below,
this Court DENIES this motion on the grounds the
Court does not find that all four of the requirements
in Local Rule 40.4(b) are met.

> FN1. The Plaintiffs in case Nos. 04 C 0834
> and 04 C 1276 have joined in Inc.'s mo- tion.

Plaintiff Hollinger International, Inc.
("International") brought this diversity action
against its controlling shareholders, which includes
Inc., the Ravalston Corporation, and Conrad Black,
and three other related entities and persons ("the In-
ternational Action"). International alleges that De-
fendants breached their common law fiduciary du-
ties and were unjustly enriched by accepting im-
proper payments from International, including
"non-compete" payments and "management service
fee payments." In all, International seeks to recover
over $200 million in alleged wrongful payments.

Subsequent to the filing of the International Action,
purchasers of International's stock brought the
Class Actions alleging misconduct under Federal
and Illinois securities laws against International, the
International Action Defendants, International's
former outside auditor, and International's current
and former board members. The Class Action
Plaintiffs seek to certify a class consisting of all
purchasers of International stock during the relev-
ant time period. The Class Action Plaintiffs also
seek to recover the dilution in value of their shares
caused by alleged fraudulent and misleading state-
ments by International and its directors, owners,
and auditors, which allegedly stem from the
"non-compete" payments and "management service
fee payments" made to the International Defend-
ants.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Page 2

Not Reported in F.Supp.2d, 2004 WL 1102327 (N.D.Ill.)

**2004 WL 1102327 (N.D.Ill.)**

Whether to reassign a case under Local Rule 40.4 lies within the sound discretion of this Court. *Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 847 (N.D.Ill.1999). To have a case reassigned based on relatedness, the moving parties must meet the requirements of both Local Rule 40.4(a) and (b).*Lawrence Jaffe Pension Plan v. Household Int'l, Inc.,* No. 02 C 5893, 2002 WL 21011757, at *1 (N.D.Ill. May 5, 2003). Local Rule 40.4(a) states that "[t]wo or more civil cases may be related if" at least one of the conditions are met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are of the same.

Local Rule 40.1(a).

**\*2** The second and more onerous of the reassignment criteria, *see, e.g.,Clark,* 42 F.Supp.2d at 848, states that a case may be reassigned only if "each of the following criteria are met":

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(b).

Here, although International admits that all the actions "involve, at least in part, [the International Defendants'] misconduct in diverting International's assets to their own uses through improper non-competition fees and excessive management fees," it contends that factor (2)-(4) of Local Rule 40.4(b) are not met because "there are vast differences between the substantive claims, remedies, and defenses" in the International Action and the Class Actions.

In support of this contention, International cites *Lawrence Jaffe Pension Plan,* 2002 WL 21011757, a case in which Judge Guzman denied a motion to reassign a shareholder class action and a corporate derivative action, on the grounds that subsections (b)(2) and (4) of Local Rule 40.4 were not met.[FN2] The plaintiff in the derivative action alleged that corporate officers of the defendant corporation breached their duties of loyalty and due care and were unjustly enriched by wasting corporate assets. *Id.* at *1. In the shareholder class action, the plaintiffs alleged that the CEO and CEO made material misrepresentations in violation of federal securities law. *Id.* In finding that the two cases where related under Local Rule 40.4(a), the Court found that both actions involved "some common issues of fact," namely that the underlying wrong doing in each case was the same. *Id.*

> FN2. The Court notes that *Lawrence Jaffe Pension Plan* is the only case in this district which involved a Local Rule 40.4 motion to reassign a shareholder class action and a corporate derivative action. Although Inc. attempts to distinguish this case, this Court finds it closely analogous to the present matter.

Judge Guzman, however, found that reassignment would not result in "substantial saving of judicial time and effort," as required by subsection (b)(2).*Id.* at *2. In making this finding, the court noted that the two actions "are fundamentally distinct" in that the class action alleges violations of federal securities law on behalf of a class of stock purchasers, while the derivative action alleges common law breach of fiduciary duty violations. *Id.*

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1102327 (N.D.Ill.)
**2004 WL 1102327 (N.D.Ill.)**

This distinction was important because the facts required to prove a federal securities violation "are clearly substantially different" than the facts needed to hold the defendants liable for breach of fiduciary duty.*Id.* The court also noted that while the cases included some of the same defendants, there were numerous defendants named in the derivative action not named in the securities action. *Id.* Consequently, Judge Guzman held that his "handling of both cases would not be likely to result in substantial saving of judicial time and effort."[FN3]*Id.*

> FN3. In making this finding, Judge Guzman acknowledged that "there would be some degree of savings of judicial time and effort," but not "substantial savings" as required by subsection (b)(2).

**\*3** The Court also found that subsection (b)(4) was not met because the two actions "are fundamentally distinct ... making it extremely unlikely that the court could dispose of both cases in a single proceeding .... [in that] [a]ny motions for summary judgment would be unique to each particular case."*Id.* at \*3. Accordingly, Judge Guzman denied the motion to reassign.

Here, this Court finds that, similar to *Lawrence Jaffe Pension Plan,* the criteria of Local Rule 40.4(b) are not met. Although the International Action and the Class Actions involve some of the same factual issues, resolving these issues together will not result in substantial judicial savings, as required by subsection (b)(2). The actions involve "fundamentally distinct" claims-breach of common law duties and securities law claims-which will require different discovery and legal findings. For example, the International Action is an action by International seeking recovery of the funds allegedly misappropriated by the International Defendants, while the Class Actions seek redress for the loss in value of the class members' stock. These different forms of relief will require different discovery and will require this Court to make distinct factual and legal findings. Likewise, the Class Actions will require the Court to decide whether to certify a class and which attorney to appoint as class counsel. Such a determination, which is not required in the International Action, will, in most likelihood, require discovery and substantial time to brief all the relevant legal and factual issues. Similarly, while the International Action names six defendants, the Class Actions seek recovery from not only these six but from International, its former outside auditor, and its current and former board members. Consequently, this Court finds granting the motion to reassign will not likely result in substantial judicial savings, as required by subsection (b)(2).

Accordingly, this Court DENIES the Motion for Finding of Relatedness and Reassignment of Actions.

## CONCLUSION

For the reasons discussed, the Court DENIES the Motion for Finding of Relatedness and Reassignment of Actions. It is so ordered.

N.D.Ill.,2004.
Hollinger Intern., Inc. v. Hollinger, Inc.
Not Reported in F.Supp.2d, 2004 WL 1102327 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-4

**Westlaw.**

Not Reported in F.Supp.2d                                                        Page 1
Not Reported in F.Supp.2d, 2003 WL 21011757 (N.D.Ill.)
**2003 WL 21011757 (N.D.Ill.)**

**H**
Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, Plaintiff,
v.
HOUSEHOLD INTERNATIONAL, INC., Arthur Andersen, LLP, W.F. Aldinger, and D.A. Schoenholz, Defendants.
**No. 02 C 5893.**

May 5, 2003.

*MEMORANDUM OPINION AND ORDER*

GUZMAN, J.
*1 Before the Court is Lawrence E. Jaffe Pension Plan's ("Jaffe") Motion for a Finding of Relatedness pursuant to Local Rule ("LR") 40.4 between *Williamson v. Aldinger,* case no. 03 C 331, related to a case pending before this Court, *Jaffe v. Household International Inc.,* case no. 02 C 5893.For the following reasons, the Court denies the motion with prejudice.

*BACKGROUND*

Presently pending before another judge of this Court is *Williamson v. Aldinger.*In that case, plaintiff Leland Williamson, has sued defendants derivatively on behalf of Household International, Inc. and alleges that defendant members of the board of directors of Household International and several of its top officers violated the Sarbanes-Oxley Act, breached their fiduciary duties of loyalty and due care, wasted corporate assets, abused their control, and were unjustly enriched by their improper actions. (Pl.'s Mot. Finding Relatedness at

Ex. A, ¶ 1 (hereinafter "Pl.'s Mot.").) Presently pending before this Court is *Jaffe v. Household International, Inc.* Jaffe alleges in a shareholder class action that defendant Household International materially misrepresented critical information and filed false and misleading statements in violation of Rule 10b-5 of the Security Exchange Act, 17 C.F.R. § 240.10b-5. (Pl.'s Mot. at Ex. A, ¶¶ 1-5.)

*DISCUSSION*

In order to reassign a case under LR 40.4, the movant must satisfy the requirements of both LR 40.4(a) and LR 40.4(b). First, under LR 40.4(a), "[t]wo or more cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same."

Here, the movant satisfies the third criterion that the cases involve *some* of the same issues of fact or law. Both the shareholder class action in *Jaffe* and the derivative suit in *Williamson* are based on allegations that Household International misrepresented financial information to the public and to its shareholders by overstating its profits, and misled the public and its shareholders by failing to disclose critical information regarding its general accounting practices. Specifically, Count 1 of *Jaffe* alleges that defendant Household International and its Chief Executive Officer ("CEO") and Chief Operating Officer ("COO") violated Section 10b-5 of the Securities and Exchange Act by releasing materially false and misleading statements, reports, and press releases. Similarly, in *Williamson,* to establish violations of the Sarbanes-Oxley Act and common law, plaintiffs rely in part on the conduct of the CEO, COO, as well as fourteen other directors in relation to the alleged materially false and misleading statements by the board of Household Interna-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21011757 (N.D.Ill.)
**2003 WL 21011757 (N.D.Ill.)**

tional. To resolve at least some of the issues in both cases, a court must make a factual determination as to the conduct relating to the representations made by the CEO and COO of Household International. Therefore, the cases involve at least some common issues of fact, satisfying Rule 40.4(a)(2).

**\*2** Second, LR 40.4(b) requires that each of the following four criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

Here, the first and third conditions are satisfied. Both cases are pending before the United States District Court for the Northern District of Illinois, and the *Jaffe* case has not progressed to the point where designating the *Williamson* case as related would be likely to delay substantially the proceedings in the *Jaffe* case.

Defendant Arthur Anderson argues that the second condition has not been met because reassignment would not result in a substantial saving of judicial time and effort. (Opp'n Pl.'s Mot, at 2.) The Court agrees. Specifically, the Court finds that the causes of action in *Jaffe* and *Williamson* are fundamentally distinct. While *Jaffe* is a class action that alleges Household, Arthur Andersen, W.F. Aldinger and D.A. Schoenholz violated the Securities and Exchange Act by making false and misleading statements, *Williamson* is a derivative suit alleging a violation of the Sarbancs-Oxley Act, breach of fiduciary duty, and other violations of common law. (*Id.*)

Although the Court acknowledges that there would be some degree of savings of judicial time and effort, the Court finds that such savings would not be substantial. In this case, there are some common issues of fact related to the conduct of two of the individual defendants, W.F. Aldinger and D.A. Schoenholz. In *Jaffe,* Aldinger as CEO and Schoenholz as COO are the only individual defendants, and they are sued based on the theory of control person liability for issuing materially false and misleading statements, reports and press releases to the public which overstated its net income by $386 million beginning in 1994 and misled investors regarding its credit card services. In *Williamson,* Aldinger and Schoenholz are two of sixteen individual defendants, and they are sued for causing, approving, or authorizing: (1) the sale of Household to HSBC Holdings, PLC for 2.675 HSBC ordinary shares or 0.535 HSBC American Depository Shares for each share of Household common stock; (2) the insulation of the board of directors from liability in exchange for indemnity from HSBC for their past deeds; (3) improper actions which resulted in the $484 million fine to settle the claims related to Household's non-prime consumer lending business; (4) improper accounting treatment of payments related to credit card services; (5) manipulation of reported results due to re-aging delinquent accounts; and (6) improper accounting and financial reporting of earned future employee benefits as income instead of a pension expense resulting in overstating net income by $386 million. Thus there is some overlap regarding issues of fact as to Aldinger and Schoenholz's conduct relating to (4)-(6), but not (1)-(3). Further, the facts required to prove the elements of the Security Exchange Act violation as they relate to Aldinger and Schoenholz conduct in the *Jaffe* case are clearly substantially different than the facts needed to hold Aldinger and Schoenholz liable on the various legal theories forwarded in the *Williamson* case. Accordingly, the Court finds that its handling of both cases would not be likely to result in a substantial saving of judicial time and effort.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21011757 (N.D.Ill.)
**2003 WL 21011757 (N.D.Ill.)**

*3 Next, the Court finds that the fourth condition, LR 40.4(b)(4), which requires the movant to demonstrate that a reassignment would be susceptible to disposition in a single proceeding has not been satisfied. Judges of this Court have ruled that a movant satisfies this condition if issues of *both* law and fact are the same in the related cases. *See Fairbanks Capital Corp. v. Jenkins,* No. 02 C 3930, 2002 WL 31655277, at *3 (N.D.Ill. Nov. 25, 2002) (holding that LR 40.4(b)(4) was satisfied where a determination of the key, common legal and factual issues would be outcome determinative to all of the cases); *Popovich v. McDonald's Corp.,* 189 F.Supp.2d 772, 778 (N.D.Ill.2002) (holding that LR 40.4(b)(4) was satisfied where a case before another court was the equivalent of a cross-claim before that court); *Anderson v. Cornejo,* 199 F.R.D. 228, 262 (N.D.Ill.2000) (holding that LR 40.4(b)(4) was satisfied where there were common issues of law and fact in two employment discrimination cases). Here, there are not common issues of both law and fact. As defendant Arthur Anderson points out, the underlying causes of action in *Jaffe* and *Williamson* are fundamentally distinct, (Opp'n Pl.'s Mot., at 2), making it extremely unlikely that the Court could dispose of both cases in a single proceeding. Any motions for summary judgment would be unique to each particular case. *See Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 849 (N.D.Ill.1999). Additionally, while both cases involve at least some common issues of fact, these commonalities are not so great as to outweigh the dissimilarities. In particular, the *Williamson* case involves many issues of fact that are not at issue in *Jaffe.* For example, the *Williamson* plaintiffs allege that defendants wasted corporate assets and were unjustly enriched by taking huge bonuses in the face of financial instability. (Pl.'s Mot., Ex. B ¶¶ 132-34.) That is not an issue in the *Jaffe* case. Further, the *Williamson* plaintiffs allege that the defendants breached their fiduciary duties by entering into an agreement with HSBC which insulates defendants from any liability. (*Id.* ¶ 11.) This is also not an issue in *Jaffe.*

Moreover, even if the movant could satisfy LR 40.4(b)(4) on the merits, under LR 40.4(c), a motion to reassign must explicitly indicate how conditions required by section (b) will be met if the cases are found to be related. The judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met. Here, the movant has failed to comply with LR 40.4(c) because the movant has failed to articulate why the cases are susceptible of disposition in a single proceeding. Although the common facts in this case may indirectly implicate LR 40.4(b)(4), nothing in the four corners of the motion argues that the cases are susceptible of disposition in a single proceeding. The plaintiff alleges that there is substantial overlap of issues and parties, but does not argue that a reassignment would satisfy Rule 40.4(b)(4). In *Davis v. Quebecor World,* No. 01 C 8014, 2002 WL 27660, at *3 (N.D.Ill. Jan. 10, 2002), another judge of this Court denied the motion to reassign because the movant failed to address whether the cases could be disposed of in a single proceeding and whether a reassignment would result in savings of judicial time and effort. Similarly, in *Daniels v. Pipefitters' Ass'n Local Union No. 597,* 174 F.R.D. 408, 411 (N.D.Ill.1997), another judge of this Court denied a motion to reassign because the movant failed to specifically explain how the conditions for reassignment were met, but rather made the general conclusory assertion that the conditions were met. This Court will not stray from the holdings of those courts so as to lower the bar for pleading under LR 40.4(c), which requires a movant to explicitly articulate reasons that satisfy each of the four LR 40.4(b) conditions. The movant in this case has failed to demonstrate how this Court could resolve the two cases in a single proceeding.

*CONCLUSION*

*4 For the foregoing reasons, the Court denies with prejudice plaintiff's Motion for a Finding of Relatedness [doc. no. 45-1].

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21011757 (N.D.Ill.)
**2003 WL 21011757 (N.D.Ill.)**

SO ORDERED.

N.D.Ill.,2003.
Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.
Not Reported in F.Supp.2d, 2003 WL 21011757 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-5

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1631646 (N.D.Ill.)
**2004 WL 1631646 (N.D.Ill.)**

**H**
Machinery Movers, Riggers and Machinery Erectors, Local 136 Defined Contribution Retirement Fund v. Joseph/Anthony, Inc.
N.D.Ill.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
MACHINERY MOVERS, RIGGERS, AND MACHINERY ERECTORS, LOCAL 136 DEFINED CONTRIBUTION RETIREMENT FUND, et al.,
Plaintiffs,
v.
JOSEPH/ANTHONY, INC., a/k/a Joseph Anthony & Associates, Inc., et al., Defendants.
**No. 03 C 8707.**

July 16, 2004.

Marc M. Pekay, Idala H. Strouse, Marc M. Pekay, P.C., Chicago, IL, for Plaintiffs and Counter-Defendants.
Brian V. Alcala, Matkov, Salzman, Madoff & Gunn, Craig T. Boggs, Perkins Coie LLC, Chicago IL, for Defendants and Counter-Claimants.
Thomas L. Campbell, James H. Mutchnik, Petra Renee Wicklund, Andrew Paul Bautista, Kirkland & Ellis LLP, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

ASPEN, J.
*1 Presently before us is Nationwide Investment Services Corporation's ("Nationwide's") motion to reassign Case No. 04 C 0821 (the "Ironworkers" action) pursuant to Local Rule 40.4 based on that case's alleged relatedness to a case currently pending before this Court, Case No. 03 C 8707 (the "Machinery Movers" action). Nationwide also requests that we stay all further proceedings in the Ironworkers action pending the non-appealable disposition of criminal cases which have been filed against several of the parties and witnesses involved in the Ironworkers and Machinery Movers

actions. For the following reasons, we deny the motion to reassign the case and therefore do not address Nationwide's motion to stay.

*BACKGROUND*

A. The Machinery Movers Action

The plaintiffs in the Machinery Movers action are a group of employee benefit funds (the "Machinery Movers Funds") that are administered pursuant to collective bargaining agreements between Machinery Movers, Riggers and Machinery Erectors, Local 136 (the "Machinery Movers Union") and various employers. The Machinery Movers Funds, along with their trustees, filed suit against: Joseph/Anthony, Inc. ("Joseph/Anthony"); Nationwide Investment Services Corporation ("Nationwide"); Liz/Mar and Associates, Inc. ("Liz/Mar"); and Michael Linder, the President of both Joseph/Anthony and Liz/Mar. According to the complaint, Joseph/Anthony was the administrator of the Machinery Movers Funds. The plaintiffs allege that, as President of Joseph/Anthony, Michael Linder recommended that the trustees select Nationwide to receive all of the funds' future investments. Unbeknownst to the plaintiffs, Linder (via Joseph/Anthony) received unauthorized commissions from Nationwide for bringing the in funds' business. The complaint also alleges that Linder set up another entity, Liz/Mar, which received additional unauthorized commission payments from Nationwide. The plaintiffs claim that the scheme set up by Linder via Joseph/Anthony and Liz/Mar violated various provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

B. The Ironworkers Action

The Ironworkers action is brought by a different group of plaintiff benefit funds and their trustees. The suit names as defendants: Nationwide Life In-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

surance Company; Nationwide Financial Services, Inc.; Nationwide Trust Company, FSB; Nationwide Financial Institution Distributors Agency, Inc.; and Nationwide Investment Services Corporation. Paragraph 13 of the Ironworkers action provides a summary of the allegations brought against the defendants:

While the Nationwide Defendants are separate legal entities, upon information and belief, some or all of them, along with persons and corporations acting as their employees or agents, acted to deprive the Plaintiff Funds and their participants of money that should have been invested on their behalf, through a scheme in which the Nationwide Defendants deducted money from Fund assets and paid fees, kickbacks, commissions, or other things of value to Michael G. Linder ("Linder") Liz/Mar and Associates, Inc. ("Liz/Mar"), and/or Joseph/Anthony & Associates, Inc. ("Joseph/Anthony"), in return for Linder's recommendation that the Funds invest their assets with Nationwide.

**\*2** The Ironworkers Action is brought pursuant to the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). However, several of the predicate acts which underlie the RICO claims are premised upon alleged violations of ERISA. In Counts III, IV, and V, the Ironworkers plaintiffs also request rescission of the allegedly fraudulent contracts entered into between the funds and the defendants.

## *ANALYSIS*

Northern District of Illinois Local Rule 40.4 provides for the reassignment of civil cases from one judge to another if certain conditions have been met. First, under Rule 40.4(a), the cases must be related. According to the rule, cases are related if they: 1) involve the same property; 2) involve the same issues of fact or law; 3) grow out of the same transaction or occurrence; or 4) in a class action, one or more of the classes involved are the same. Nationwide argues that the Ironworkers and Ma-

chinery Movers cases are related because they involve the same issues of fact or law.

Rule 40.4(a)"does not require complete identity of issues in order for cases to be considered related,"*Fairbanks Capital Corp. v. Jenkins,* 02-C-3930, 2002 WL 31655277, at \*2 (N.D.Ill. Nov.25, 2002), rather it is enough that the two cases "involve *some* of the same issues of fact or law."*Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.,* 02-C-5893, 2003 WL 21011757, at \*3 (N.D.Ill. May 5, 2003) (emphasis in original). Here, although there is very little overlap between the parties in each case, the allegations contained in both complaints are quite similar and involve the same group of alleged wrongdoers. Furthermore, although the central legal claims brought in each action appear to be different-the Machinery Movers action claims violations of ERISA, whereas the Ironworkers action brings claims under RICO-the predicate acts alleged in the RICO counts are based on underlying ERISA violations. Because there are some overlapping issues of fact and law in both cases, they are related within the meaning of 40.4(a).

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: 1) both cases must be pending in the Northern District of Illinois; 2) reassignment must result in a substantial savings of judicial time and effort; 3) "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially;" and 4) the actions are susceptible to disposition in a single proceeding. Both the Machinery Movers and the Ironworkers actions are currently pending in the Northern District of Illinois, so the first criterion is easily satisfied. The plaintiffs in the Ironworkers action also concede that the Machinery Movers case is in the relatively early stages of litigation. Upon the parties' joint motion, the proceedings in the Machinery Movers action were stayed not long after

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1631646 (N.D.Ill.)
**2004 WL 1631646 (N.D.Ill.)**

the defendants answered the complaint. The Ironworkers action is also in the very early stages of litigation; the complaint was filed on February 2, 2004 and Judge Guzman has granted the defendants' request to file their answer within five business days following this Court's decision on the motion to reassign. Therefore, the only two contentious issues regarding reassignment are whether doing so will result in a substantial savings of judicial time and effort and whether the actions are susceptible to disposition in a single proceeding.

**\*3** The Ironworkers plaintiffs argue that we should deny the motion to reassign because the defendants provide only conclusory statements as to how reassignment will result in substantial savings of judicial time and resources. Local Rule 40.4(c) requires parties to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related."Furthermore, "[t]he judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met."*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* 02-C-5893, 2003 WL 21011757, at \*3 (N.D.Ill. May 5, 2003). Thus, a court may deny a motion to reassign if a party fails to sufficiently apply the facts of the case to each of 40.4(b)'s requirements. *Id.* In this case, we agree that Nationwide's explanation regarding how reassignment will result in a substantial savings of judicial time and resources is inadequate. Nationwide states only that "[t]he weight of common factual and legal issues ... suggests strongly that there will be a substantial conservation of judicial resources if one court considers and decides those common issues ... By contrast, permitting the cases to proceed on separate tracks would result in duplication of (but not parallel or coordinated) discovery efforts, excess use of judicial resources, and the possibility of incongruent factual rulings on identical contracts."(Mem. in Support of Nationwide's Mtn. for Reassignment at 9.) Aside from offering these conclusory allegations, Nationwide fails to specify *how* combining

the cases will result in a substantial savings of judicial resources, nor does it pinpoint what issues for discovery will be the same in both cases or what matters are susceptible to disposition in a single proceeding. This failure to comply with Local Rule 40.4(c)'s requirement that parties "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related" is sufficient grounds, in and of itself, for denial of the motion to reassign. We need not rely on this technical ground for denial, however, because the parties cannot meet the requirements of Local Rules 40.4(b)(2), which requires that reassignment will result in a substantial savings of judicial time and effort or 40.4(b)(4), which requires that the actions be susceptible to disposition in a single proceeding.

First, comparison of the Ironworkers' complaint with the Machinery Movers' complaint reveals that we should deny the motion for reassignment on the merits because reassignment would not result in a substantial savings of judicial time and resources. First, although the schemes alleged in the two cases are similar, both the plaintiffs and the defendants are different in each case. As the Ironworkers plaintiffs point out, each of the cases is brought by a different group of plaintiffs and the only party officially named in both actions as a defendant is Nationwide Investment Services Corporation. This is because the Ironworkers plaintiffs chose to sue only legal entities associated with Nationwide; they did not include Linder, Liz/Mar, or Joseph/Anthony as defendants. Furthermore, the two cases are premised on different legal theories. The Machinery Movers complaint sets forth claims pursuant to ERISA only, whereas the Ironworkers case is brought under RICO. There is *some* overlap between the cases because the predicate acts which underlie the RICO action are premised on violations of ERISA. However, the alleged ERISA violations make up just one element of a RICO claim. To succeed in a RICO action, the Ironworkers plaintiffs must demonstrate that the defendants engaged in: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity. *See*

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

*Richmond v. Nationwide Cassel, L.P.,* 52 F.2d 640, 644 (7th Cir.1995). The issues of whether the various Ironworkers defendants comprised an "enterprise" within the meaning of RICO or whether the alleged ERISA violations amounted to a pattern of racketeering activity are not at all relevant to the Machinery Movers action. Furthermore, the Ironworkers plaintiffs have also brought rescission claims that are unrelated to the Machinery Movers case. All of these issues would have to be dealt with separately in the Ironworkers action, and the reassignment of the case to this Court's calendar would not make the proceedings any more efficient this respect. In short, although there may be *some* judicial resources saved by bringing together the two actions, there will not be the *"substantial* saving of judicial time and effort" that is contemplated by Rule 40.4. *See* L.R. 40.4(b)(2) (emphasis added); *see also Lawrence E. Jaffe Pension Plan,* 2003 WL at *2 (emphasizing that the saving of judicial time and effort must be *substantial* in order for reassignment to be appropriate under Rule 40.4(b)(2)).

**\*4** These same considerations lead us to find that Nationwide has not satisfied its burden of demonstrating that Rule 40.4(b)'s fourth requirement-that the cases are amenable to disposition in a single proceeding-is met. Courts have held that cases are not susceptible to disposition in one proceeding where both cases present unique issues of law and fact. *Id.* at 3; *see also Clark v. Insurance Car Rentals, Inc.,* 42 F.Supp.2d 846, 849 (N.D.Ill.1999). As set forth above, although there is some legal and factual overlap between the Ironworkers and Machinery Movers actions, the issues that are unique to each case predominate. We thus find that reassignment is not appropriate.

## CONCLUSION

For the foregoing reasons, Nationwide's motion to reassign is denied. It is so ordered.

N.D.Ill.,2004.
Machinery Movers, Riggers and Machinery Erect-
ors, Local 136 Defined Contribution Retirement Fund v. Joseph/Anthony, Inc.
Not Reported in F.Supp.2d, 2004 WL 1631646 (N.D.Ill.)

**END OF DOCUMENT**

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-6

**Westlaw.**

Not Reported in F.Supp.                                                Page 1
Not Reported in F.Supp., 1995 WL 769327 (N.D.Ill.)
**1995 WL 769327 (N.D.Ill.)**

**H**
Snitchler v. Allsteel, Inc.
N.D.Ill.,1995.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
Horace SNITCHLER, Plaintiff,
v.
ALLSTEEL, INC., Defendant.
**No. 95 C 4975.**

Dec. 28, 1995.

*MEMORANDUM AND ORDER*

MORAN, Senior District Judge:
*1 Plaintiff Horace Snitchler (Snitchler) brought this action against Allsteel, Inc. (Allsteel) for breaching its fiduciary duty to the participants in the All-Steel Pension Plan No. 1 (Plan) in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. In a different matter currently pending in the Northern District of Illinois before Judge Manning, *Johnson, et al. v. Allsteel, Inc., et al.,* No. 95 C 4976, Allsteel is one of four named defendants charged by a group of Plan participants headed by Charles Johnson (Johnson plaintiffs) with breach of fiduciary duty, wrongful refusal to pay benefits and violation of § 204(g) of ERISA and § 301 of the Labor-Management Relations Act (LMRA) in relation to the distribution of 1991 supplements under the Plan. Defendant Allsteel now moves to transfer the *Johnson* case to our calendar and to consolidate it with the *Snitchler* case. We deny the motion.

*DISCUSSION*

Under Local Rule 2.31(B) of the Northern District of Illinois, reassignment of a case to the calendar of another judge is appropriate only when each of the following criteria is met:

(1) both cases are pending;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) where a finding of relatedness is requested on the basis of common questions of law, such questions are complex or numerous; or where such a finding is requested on the basis of common questions of fact, such questions are susceptible of resolution in a joint hearing.

Two cases are related if they involve the same property, the same issues of fact or law, or grow out of the same transaction or occurrence. Local Rule 2.31(A) (May, 1995).

Here, Allsteel asserts that the *Johnson* and *Snitchler* actions are related to one another and meet the criteria for reassignment enumerated *supra.* We disagree with both assertions. The *Johnson* case deals exclusively with the 1991 amendment to the Plan and defendants' withholding of pension supplements from allegedly eligible Plan participants.[FN1] The Johnson plaintiffs claim that they intended to retire within the required time to receive early retirement benefits, but did not do so because defendants misinformed them about the actual cutoff date for retirement. The case was brought against not only Allsteel, the Plan's fiduciary, but against Allsteel's parent company, BTR Nylex, Limited (Nylex), Nylex's parent, BTR, PLC (BTR), and a John Doe insurance company, ABC Insurance Company (ABC). Plaintiffs' only claim for relief is to receive the pension supplements that they assert were wrongfully denied them.

In contrast, the *Snitchler* case is significantly more broad-based, names only Allsteel as a defendant,

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                        Page 2
Not Reported in F.Supp., 1995 WL 769327 (N.D.Ill.)
**1995 WL 769327 (N.D.Ill.)**

and pursues an equitable rather than a legal remedy. Snitchler seeks to have Allsteel removed as Plan administrator, to have the Plan assets placed in a constructive trust, to ensure that the Plan be funded properly and to force Allsteel to reimburse the Plan for assets improperly spent. While Allsteel's failure to distribute the 1991 pension supplements to eligible participants is part of Snitchler's complaint, plaintiff claims no personal damages from it. It appears that the 1991 pension supplements will be only one of many issues in *Snitchler,* which relates to Allsteel's more general shortcomings as the Plan's fiduciary.

**\*2** Specifically, Snitchler alleges that Allsteel "routinely failed to give participants a fair administrative hearing on their claims;" "failed to provide benefits to all participants entitled [to them];" "failed to provide in a timely and appropriate manner information to participants as to their rights and obligations under the Plan;" "failed to fund [the Plan] as required by the Plan and ERISA;" "conducted [a related litigation] in a manner that is inconsistent with its duties as fiduciary;" "improperly expended Plan resources to defend against meritorious claims;" acted discriminatorily against certain applicants for benefits; acted to protect its litigation interests rather than the interests of the Plan participants; "retained counsel that has not rendered advice in the interest of Plan participants and that has a conflict of interest that significantly affects counsel's objectivity;" and "inappropriately ceded discretionary authority to pay participants' claims to its insurer and has, as a result, not paid, or offered to pay, claims, or portions of claims, which payment Allsteel otherwise believes warranted, because the insurer will not reimburse such payment." The *Johnson* case does not raise any of these issues.

Individual questions of fact and law thus greatly outweigh those that are common between the *Johnson* and *Snitchler* actions.[FN2] As a result, there is little to suggest that the cases can be more efficiently resolved by one judge rather than two. Nor

are we greatly concerned at this stage with the possibility of there being different judgments on the common issues. Even if Allsteel is found to have breached its duty to the Plan participants in one case but not the other, the risk of imposing inconsistent or conflicting obligations on Allsteel is slight since the actions seek entirely different, non-overlapping remedies.

Furthermore, despite the fact that defendants have not yet filed an answer in *Johnson,* it appears that the case is almost ready for trial. In a case recently settled in this district, *Meredith, et al. v. Allsteel, Inc.,* No. 92 C 1856, many of the legal issues involved in *Johnson* were resolved and the factual construct for recovery established. *See Meredith v. Allsteel, Inc.,* 814 F.Supp. 657 (N.D.Ill.1992), *aff'd in part, reversed in part,*11 F.3d 1354 (7th Cir.1994), *on remand to*1994 WL 383925 (N.D.Ill.1994). *Snitchler,* which is much broader than both *Meredith* and *Johnson,* and probably will encounter significant delays due to discovery and the resolution of unique legal issues, is not close to trial. Thus, if we were to consolidate the case with *Snitchler* at this point, the prompt resolution of *Johnson* would be jeopardized.[FN3] Where "individual questions of fact and law in each case outweigh the common, and consolidation of the later filed case with the earlier is likely to cause substantial delay," reassignment under Rule 2.31 is inappropriate. *Henderson v. National R.R. Passenger Corp.,* 118 F.R.D. 440, 441 (N.D.Ill.1987). Furthermore, although the naming of different defendants in the later-filed action, *see Applied Web Systems, Inc. v. Catalytic Combustion Corp.,* 1991 WL 70893, \*2 (N.D.Ill.1991), and the seeking of different relief, *see Chicago Fire Fighters Union Local No. 2, et al. v. Harold Washington, et al.,* 1989 WL 6770, \*3 (N.D.Ill.1989),[FN4] do not prohibit us from granting Allsteel's motion for reassignment, they do constitute additional factors against it.

**\*3** In sum, we find *Johnson* and *Snitchler* not to be related under Local Rule 2.31(A), and we decline to authorize *Johnson's* reassignment to our calendar or

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Case: 1:08-cv-03645 Document #: 39-3 Filed: 08/08/08 Page 26 of 34 PageID #:221

Not Reported in F.Supp.                                                                    Page 3
Not Reported in F.Supp., 1995 WL 769327 (N.D.Ill.)
**1995 WL 769327 (N.D.Ill.)**

to consolidate the action with *Snitchler.* We expect, however, the parties in the two cases to co-ordinate discovery to the extent practicable, so as to avoid any duplication.

### CONCLUSION

For the foregoing reasons, we deny defendant's motion to transfer and consolidate.

FN1. Allsteel notes that the *Johnson* complaint contains one paragraph which makes more general allegations. Specifically, the Johnson plaintiffs allege:

Allsteel *routinely* conducts itself as an adversary to participants, unnecessarily and improperly withholds requested information from participants, intimidates participants attempting to vindicate their rights under the Plan and acts with open antagonism or indifference to participants' interests. *Johnson* complaint ¶ 40 (emphasis added).

This paragraph is identical to paragraph 41 of the *Snitchler* complaint. It is clear, however, that these general issues will be relatively minor ones as the case proceeds, for the Johnson plaintiffs only seek to recover the pension supplements which they claim were wrongly denied them. Since no general relief is sought, it seems unlikely that Allsteel's "routine" as fiduciary of the pension fund will be explored to any great extent.

FN2. This is true despite the facts that Allsteel is a party in both cases, the Plan is the focus of each case, plaintiff's counsel is the same in the two actions, and entire paragraphs and extensive sections of other paragraphs of the complaints are identical. Indeed, as Allsteel notes, virtually the entire "Background" sections of the complaints are the same, each focusing on the

1991 pension supplements. However, the crux of *Snitchler* 's case is found in its breach of fiduciary duty count, and it is in this section of the complaint that the case fundamentally differs from *Johnson.*

FN3. Allsteel argues that the factual situation presented in the *Johnson* and *Snitchler* actions parallels that of the two cases consolidated in *Robbins v. Pepsi Cola Metropolitan Bottling Co.,* 1985 WL 5130 (N.D.Ill.1985). We disagree. The *Robbins* actions were found to have "overriding factual and legal similarit[ies]," and Judge Nordberg determined that consolidation would "result in a considerable saving of judicial time and effort." *Id.* at *2-3. Neither of these factors is present here. Since *Johnson* is essentially ready for trial, a point which Allsteel barely contests, few if any resources would be saved by reassigning it or consolidating it with *Snitchler* at this stage. Furthermore, the partial resolution of complex issues in *Meredith* distinguishes this situation from the one in *Robbins,* where *both* actions involved novel, complex, and unresolved legal issues. Judge Manning's effort in the *Johnson* case will not simply duplicate the resources expended in these chambers.

FN4. There appears to be no precedent for the reassignment and consolidation of two cases which seek *wholly different* relief, such as the *Johnson* and *Snitchler* actions.

N.D.Ill.,1995.
Snitchler v. Allsteel, Inc.
Not Reported in F.Supp., 1995 WL 769327 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-7

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 21801428 (N.D.Ill.)
**2003 WL 21801428 (N.D.Ill.)**

**H**

Sunstar, Inc. v. Alberto-Culver Co., Inc.
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
SUNSTAR, INC., Plaintiff,
v.
ALBERTO-CULVER COMPANY, INC. and Bank One Corporation f/k/a First National Bank of Chicago, Defendants.
andALBERTO-CULVER COMPANY, a Delaware Corporation, Plaintiff,
v.
SUNSTAR, INC., a Japanese corporation, Sunstar Group Company (f/k/a Alberto-Sunstar Co., Ltd.), a Japanese corporation, Kaneda, Kasan, Kabushiki Kaisha, a Japanese corporation, and Bank One, National Association, as Trustee under Trust Agreement No. 22-81196, dated February 27, 1980, a national banking association, Defendants.
**No. Civ.A. 01 C 0736, Civ.A. 01 C 5825.**

Aug. 1, 2003.

*MEMORANDUM OPINION AND ORDER*

GUZMAN, J.
**\*1** This matter is before the Court on Sunstar, Inc. and Kaneda, Kosan, Kabushiki Kaisha's Motion for Reassignment Based on Relatedness pursuant to Local Rule 40.4 between *Alberto-Culver Co. v. Sunstar,* No. 03 C 0123 (*"Alberto II"* ) and two previously consolidated cases pending before this Court-*Sunstar v. Alberto-Culver Co.,* No. 01 C 0736 (the *"Sunstar* Action") and *Alberto-Culver Co. v. Sunstar,* No. 01 C 5825 (*"Alberto I"* ) (collectively, the "Consolidated Cases"). For the following reasons, the Court denies Movants' motion without prejudice.

*BACKGROUND*

In February 1980, Sunstar, Inc. ("Sunstar"), Alberto-Culver Company ("Alberto"), and Bank One, National Association f/k/a First National Bank of Chicago ("Bank One") entered into various agreements regarding the sale of Japanese VO5 trademarks (the "1980 Agreements"). Specifically, Alberto sold and assigned certain Japanese VO5 trademark registrations (the "Licensed Trademarks") to Sunstar, to be held in trust by Bank One as Trustee for Sunstar's benefit for 99 years. Concurrently, the Trustee granted Sunstar a 99-year exclusive Japanese trademark license for the Licensed Trademarks in Japan. After the 99-year term of the license was over, Sunstar would assume full legal title to the Licensed Trademarks. (Sunstar's Mot. for Reassignment Based on Relatedness, Ex. E, at 3.)

In 1999, a dispute developed between Sunstar and Alberto regarding whether a particular mark that Sunstar was using in Japan (the "1999 Mark") was or was not within the scope of Sunstar's license rights under the 1980 Agreements. That dispute gave rise to the *Sunstar* Action and *Alberto I,* which cases currently are pending before this Court and were consolidated in August 2001.(*Id.*)

The *Sunstar* Action was filed in February 2001. In that action, Sunstar asserted various tort and contract claims against Alberto and Bank One arising from Bank One's suspension of Sunstar's license rights under the 1980 Agreements. The alleged ground for Bank One's suspension of Sunstar's license rights was Sunstar's use of the 1999 Mark in violation of the 1980 Agreements. In response to Sunstar's complaint, Alberto filed affirmative defenses and counterclaims, and it initiated *Alberto I.*(*Id.* at 5.)

In *Alberto I,* which was attached to the *Sunstar* Action as a related case in July 2001, Alberto complained that Sunstar's use of the 1999 Mark was a supposed breach of the 1980 Agreements. It sought an injunction preventing Sunstar from using the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Page 2
Not Reported in F.Supp.2d, 2003 WL 21801428 (N.D.Ill.)
**2003 WL 21801428 (N.D.Ill.)**

1999 Mark or the Licensed Trademarks and requested termination of the License Agreement. The Consolidated Cases proceeded through discovery. Then, following the close of discovery, Alberto moved to amend the *Alberto I* complaint. Therein, Alberto sought to add counts alleging Sunstar's failure to keep the Licensed Trademarks in continuous use in violation of Japanese trademark-use requirements and alleging Sunstar's submission of false use certificates in violation of the 1980 Agreements.*Id.* at 9. The court denied leave to amend, specifically stating that discovery had closed and "the date for amendment of the pleadings ha[d] far passed."(Order denying Pl.'s Mot. for Leave to Amend Its Compl., Affirmative Defenses, and Countercls. (Oct. 29, 2002) (the "Oct. 29, 2002 Order").)

**\*2** *Alberto II* is presently pending before another judge of this Court. In *Alberto II*, Alberto raised issues virtually identical to those contained in its proposed amendment to the *Alberto I* complaint, which the court denied leave to amend on October 29, 2002.

By the instant motion, Movants' seek to reassign *Alberto II* based on relatedness with the Consolidated Cases.

*DISCUSSION*

To reassign a case under LR 40.4, Movants must satisfy the requirements of LR 40.4(a) and LR 40.4(b). First, LR 40.4(a) provides that "[t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same."

Here, *Alberto II* meets the requirements of LR 40.4(a) for relatedness. It is undisputed that the *Sunstar* Action, *Alberto I,* and *Alberto II* each arise

from a dispute surrounding Sunstar's use of the 1999 Mark and the parties' rights in the Licensed Trademarks. Further, each case has at its core a claim for breach of the 1980 Agreements, and none are class actions suits. Thus, LR 40.4(a) is satisfied.

Second, LR 40.4(b) requires that each of the following four criteria be met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the case are susceptible of disposition in a single proceeding."

Here, the first and fourth conditions are satisfied. *Alberto II* and the Consolidated Cases are pending before the United States District Court for the Northern District of Illinois, and had the cases been brought together in a timely manner, they likely would have been susceptible of disposition in a single proceeding. The cases, however, fail to satisfy the second and third conditions of LR 40.4(b).

The Court finds that LR 40.4(b)(3), which requires Movants to show that the Consolidated Cases have not progressed to the point where designating *Alberto II* as related would delay the proceedings in the Consolidated Cases substantially, has not been met. Discovery closed in the Consolidated Case approximately one year ago; dispositive motions were ruled upon on November 7, 2002. A trial date was initially set in the Consolidated Cases for November 25, 2002, and they were transferred to this Court on November 14, 2002, specifically for trial. Although a new trial date has not yet been set, the Consolidated Cases have progressed to the eve of trial, whereas *Alberto II* is merely six months old and pending on preliminary motions. *See Erwin v. City of Chicago,* No. 90 C 905, 1998 WL 801830, at \*2 (N.D.Ill. Nov. 12, 1998) (denying reassignment where one case had progressed to the eve of trial but the other had not); *Robinson v. Burlington N.R..R..,* No. 95 C 6781, 1997 U.S. Dist. LEXIS

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 21801428 (N.D.Ill.)

**2003 WL 21801428 (N.D.Ill.)**

Page 3

7886, at *4 (N.D. Ill. June 3, 1997) (denying reassignment where cases were not proceeding at the same pace); *S Indust. v. GMI Holdings,* No. 96 C 2232, 96 C 4140, 1996 U.S. Dist. LEXIS 18285, at *5 (N.D.Ill.Dec. 5, 1996) (same). Should *Alberto II* be reassigned based on relatedness to the *Sunstar* Action and *Alberto I* at this time, it would inevitably lead to substantial delay in disposition of these earlier cases.

**\*3** Next, this Court finds there would be no "substantial" saving of judicial time and effort as required by LR 40.4(b)(2). To the contrary, because the Consolidated Cases have progressed to the eve of trial and *Alberto II* is at the pleadings stage, reassigning *Alberto II* based on relatedness would not only delay the proceedings in the Consolidated Cases but it would be an inefficient use of judicial time. *Id.* Moreover, a decision rendered in the Consolidated Cases could collaterally estop relitigation of those issues in *Alberto II,* and the court could apply those rulings when deciding this latter-filed case. *See Research Res. v. Dawn Food Prods.,* No. 01 CV 1906, 2001 WL 1223556, at *9 (N.D.Ill. Oct. 11, 2001).

Even if Movants could satisfy LR 40.4(b)(2) and (3) on the merits, judges of this Court have interpreted LR 40.4(c) to impose an obligation on Movants to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met. Here, Movants failed to comply with LR 40.4(c) because Movants' motion merely asserts conclusions of law without more. *See Davis v. Quebecor World,* No. 01 C 8014, 2002 WL 27660, at *3 (N.D.Ill. Jan. 10, 2002) (denying reassignment where movant failed to explain relatedness in sufficient detail to satisfy LR 40.4(c)); *Daniels v. Pipefitters' Ass'n Local Union No. 597,* 174 F.R.D. 408, 411 (N.D.Ill.1997) (denying reassignment where movant failed to specifically explain how the conditions for reassignment were met, but rather made general conclusory assertions that the conditions were met)."This Court will not stray from the holdings of those courts so as to lower the bar for

pleading under LR 40.4(c), which requires [Movants] to explicitly articulate reasons that satisfy each of the four LR 40.4(b) conditions."*Lawrence E. Jaffe Pension Plan v. Household Int'l,* No. 02 C 5893, 2003 WL 21011757, at *3 (N.D.Ill. May 5, 2003).

Finally, a judge of this Court previously denied Alberto leave to amend its complaint in the Consolidated Cases. (Oct. 29, 2002 Order.) The recently-filed *Alberto II* complaint is comprised of issues virtually identical to those contained in its proposed amendment to the *Alberto I* complaint. Therefore, this Court finds *Alberto II* is an inappropriate attempt to circumvent this Court's Order of October 29, 2002.

Movants in this case have failed to demonstrate how the handling of both cases by this Court is likely to result in a substantial saving of judicial time and effort and that the Consolidated Cases have not progressed to the point where designating *Alberto II* as related would be likely to delay the proceedings in the Consolidated Cases substantially. Further, this Court will not entertain Alberto's thinly-veiled attempt to circumvent its Orders.

*CONCLUSION*

For the foregoing reasons, the Court denies without prejudice Movants' Motion for Reassignment Based on Relatedness [# 0-1].

So Ordered.

N.D.Ill.,2003.
Sunstar, Inc. v. Alberto-Culver Co., Inc.
Not Reported in F.Supp.2d, 2003 WL 21801428 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# GROUP EXHIBIT B-8

Westlaw.

Slip Copy
Slip Copy, 2007 WL 178309 (N.D.Ill.)
**2007 WL 178309 (N.D.Ill.)**

Page 1

**C**
Williams v. Walsh Const.
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Alphonso WILLIAMS, Plaintiff,
v.
WALSH CONSTRUCTION, Defendants.
**No. 05 C 6807.**

Jan. 16, 2007.

Michael Irving Leonard, Meckler, Bulger & Tilson, Chicago, IL, for Plaintiff.
Tom H. Luetkemeyer, Aimee Elizabeth Delaney, Hinshaw & Culbertson LLP, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

DARRAH, J.
**\*1** Plaintiff, Alphonso Williams, filed suit against Defendant, Walsh Construction, alleging race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Presently before the Court is Defendant's Motion for Reassignment of an allegedly related case pursuant to Local Rule 40.4.

BACKGROUND

On December 1, 2005, Williams filed suit in this Court against his former employer, Walsh Construction ("the Williams case"). Williams alleged that he was employed by Walsh from September 2000 until his termination on February 10, 2002. At the time of his termination, Williams was a Labor Supervisor. Based on Williams' race, African-American, Walsh: reduced his hours of work; denied him the means to perform his duties, including tools and a truck to carry tools; treated non-African-American employees more favorably; denied Williams' incentive and bonus pay; and

forced Williams to single out other African-American employees for termination. Williams' claims are: race discrimination, harassment, and retaliation in Violation of Title VII and 42 U.S.C. § 1981.

In early 2006, the parties in the Williams case engaged in settlement negotiations, which were unsuccessful. Thereafter, the case was scheduled for a April 30, 2007 jury trial, with discovery closing on December 26, 2006, and a pretrial conference scheduled for April 26, 2007.

On July 28, 2006, Wallace Bolden and eleven other named plaintiffs filed a class-action complaint against Walsh ("the Class Action"). This later suit, 06 C 4104, was assigned to Judge Joan H. Lefkow. The named plaintiffs in the Class Action were laborers, labor supervisors, and labor foremen. The Class Action alleges that Walsh discriminated against African-American employees from January 2001 though the present by laying-off, discharging, constructively discharging, and/or failing to hire African-Americans. The eleven counts of the Class Action are race discrimination, retaliation, and termination in violation of Title VII and 42 U.S.C. § 1981. The allegations that form the basis of the claims include: a hostile work environment, disparate impact, denial of overtime, receipt of more dangerous assignments because of race, retaliation for complaining of sexual harassment, and refusal to hire or rehire based on race.

Pursuant to Judge Lefkow's October 31, 2006 Minute Order, non-expert class-certification discovery for the Class Action is to be completed by June 15, 2007; and plaintiffs' motion for class certification is to be briefed as follows: motion to be filed by November 16, 2007, response due by December 14, 2007, and reply brief due by January 28, 2008.

Williams and the Class Action plaintiffs oppose reassignment of the Class Action.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 178309 (N.D.Ill.)
**2007 WL 178309 (N.D.Ill.)**

## LEGAL STANDARD

In reviewing a motion to reassign a case on the basis of relatedness, the moving party must satisfy the requirements of both LR 40.4(a) and 40.4(b).*Hollinger International, Inc. v. Hollinger, Inc.,* 2004 WL 1102327, at *1 (N.D.Ill. May 5, 2004)(*Hollinger* ). The court has discretion to reassign the case pursuant to LR 40.4. *Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 847 (N.D.Ill.1999)(*Clark* ). Under LR 40.4(a), "[t]wo or more civil cases may be related if: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class-action suits, one or more of the classes involved in the cases is or are of the same."LR 40.4. Only one of the above conditions must be met to satisfy LR 40.4(a).

*2 Once the cases are determined to be related under LR 40.4(a), LR 40.4(b) requires more stringent criteria for the case to qualify for reassignment. *See Clark,* 42 F.Supp.2d at 848. LR 40.4(b) requires that to be reassigned: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding."Under 40.4(b)(2), the judicial savings alleged by the moving party must be substantial; a mere assertion that some judicial time and effort would be saved by reassignment is insufficient. *Hollinger,* 2004 WL 1102327 at *2 (citing *Lawrence Jaffe Pension Plan v. Household Int'l, Inc.,* 2003 WL 21011757 at *2 (N.D.Ill. May 5, 2003)). Likewise, if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings. *See Hollinger,* 2004 WL 1102327 at *2;*Donahue v. Elgin Riverboat Resort,* 2004 WL 2495642 at *1

(N.D.Ill. Sept.28, 2004)(*Donahue* ). Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant. *See Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined Contribution Retirement Fund v. Joseph/Anthony, Inc.,* 2004 WL 1631646 at *4 (N.D.Ill. July 16, 2004)(*Machinery Movers* ) (citing *Clark,* 42 F.Supp.2d at 849);*see also Donahue,* 2004 WL 2495642 at *1 (motion to reassign denied where all cases involved Title VII claims, but each case was based on a unique set of facts different from every other case involved).

In addition, LR 40.4(c) requires that a motion to reassign: "(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a) and (2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related."These provisions "impose an obligation on the moving party to specifically identify why each of the four conditions under LR 40.4(b) is met."*Machinery Movers,* 2004 WL 1631646 at *3 (N.D.Ill. July 16, 2004); *Lawrence Jaffe Pension Plan,* 2003 WL 21001757 at *3. Thus, a motion for reassignment may be denied if a party fails to sufficiently plead each of 40.4(b)'s requirements. *Machinery Movers,* 2004 WL 1631646 at *3.

## ANALYSIS

Both cases involve *some* of the same issues of fact or law; accordingly, the cases are related under LR 40.4(a). However, Walsh has failed to demonstrate that the cases satisfy all of the requisite criteria of LR 40.4(b). While the cases are both pending in court in this district, Walsh has failed to demonstrate that: (1) handling of both cases would likely result in a substantial savings of judicial time and effort; (2) the Williams case has not progressed to a point where reassigning the later-filed case would likely substantially delay the proceedings in the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Williams case; and (3) the cases are susceptible of disposition in a single proceeding.

*3 Walsh argues that reassigning the Class Action would likely result in a substantial savings of judicial time and effort because of the similar allegations and claims between the plaintiffs. While some of the claims and allegations are similar in both suits, the Class Action contains allegations and claims that are not present in the Williams suit. The most obvious distinction is the extensive discovery and motion practice involved in the class allegations that are not present in the Williams case. Furthermore, in light of the different claims and specific supporting allegations, a finding in one case would not likely be dispositive of any issues in the other cases. *See Donahue,* 2004 WL 2495642 at *3. Thus, the cases are not likely to reach disposition in a single proceeding.

More significantly, the Williams case has progressed to a point where reassigning the Class Action would substantially delay the proceedings in the Williams case. The parties in the Williams case have unsuccessfully attempted to settle the case. Discovery in the Williams case is scheduled to close December 26, 2006; and trial is scheduled for April 30, 2007. On the other hand, non-expert class discovery for the Class Action is not scheduled to close until June 15, 2007; and the motion for class certification will not be fully briefed until January 28, 2008. Accordingly, without reassignment, the Williams case is scheduled to progress through trial before non-expert class discovery is scheduled to close and more than six months before the motion for class certification will be decided. Clearly, reassignment would result in a *significant* delay in the Williams case if the class-action discovery, briefing and certification schedule were imposed on this case through reassignment of Judge Lefkow's case to this Court.

Based on the above, LR 40.4(b) has not been met. Accordingly, Walsh's Motion for Reassignment is denied.

CONCLUSION

For the reasons stated above, Walsh's Motion for Reassignment is denied.

N.D.Ill.,2007.
Williams v. Walsh Const.
Slip Copy, 2007 WL 178309 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.