IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS MCDONALD, ET AL., | ) DOCKET NO. 08 C 3645 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, ET AL., | ) Chicago, Illinois |
| | ) August 18, 2008 |
| Defendants. | ) 9 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
MILTON I. SHADUR, Judge

APPEARANCES:

For the Plaintiffs:
    MR. WILLIAM HOWARD,
    MR. DAVID SIGALE and
    MR. KOLODZIEJ

For the Defendants:
    MR. ANDREW WORSECK,
    MR. MICHAEL FORTI and
    MR. JACOB KARACA

JESSE ANDREWS
Official Court Reporter - U. S. District Court
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 435-6899

\*    \*    \*    \*    \*    \*

2

1       THE CLERK: 08 C 3645, McDonald's vs. City of
2 Chicago.
3       MR. HOWARD: Good morning, your Honor. Bill Howard
4 on behalf of the NRA in the Oak Park case.
5       MR. KOLODZIEJ: Steve Kolodziej on behalf of the
6 plaintiff in the NRA vs. City of Chicago, case number 3679.
7       MR. SIGALE: Good morning, your Honor. David Sigale
8 on behalf of the McDonald plaintiffs.
9       MR. WORSECK: Good morning, your Honor. Andrew
10 Worseck on behalf of the City of Chicago in both cases.
11       MR. FORTI: Good morning, your Honor. Michael
12 Forti, F-o-r-t-i, on behalf of the City of Chicago in both
13 cases.
14       MR. KARACA: Good morning, your Honor. Jacob
15 Karaca, K-a-r-a-c-a, on behalf of the Village of Oak Park.
16       THE COURT: Good morning.
17       Before I turn to what I know is on for this morning,
18 I know that a motion was filed to reconsideration of my order
19 in connection with the Oak Park case, but I don't know that
20 it was noticed up for today for presentment. I don't think
21 so, am I right?
22       MR. HOWARD: No, Judge. I think when we were here
23 last you had said to come back on 18th and see where we were
24 at, and that's what we are here for.
25       THE COURT: Okay. But we also here for what I know

3

1  I had continued, and that was the motion to strike the City's
2  answer --
3           MR. WORSECK:  Correct.
4           THE COURT:  -- to the Complaint in the first case,
5  the McDonald case, right?
6           MR. WORSEK:  Correct.
7           THE COURT:  Let's talk about the motion to strike in
8  the first instance.  They have taken the position that a
9  number of the disclaimers of "knowledge or information
10 sufficient to form a belief" can't be asserted in the kind of
11 objective good faith that Rule 11(b) requires.  What's the
12 City's position on that?
13          MR. WORSECK:  Well, your Honor, the problem we were
14 initially faced with these allegations is that while they do
15 refer to an application date with the City and a disposition
16 of that application, they ultimately tie back to an underlying
17 firearm that may for instance be owned by a given plaintiff,
18 but be kept outside of Chicago, may have been purchased by a
19 plaintiff on such and such a date, may be intended to be used
20 by a plaintiff for a certain purpose, we don't know those
21 underlying facts about the underlying firearms.  And because
22 we don't know those, we don't know if the firearm they are
23 talking about in the application with the City is the firearm
24 that they are talking about in the underlying allegation.
25          THE COURT:  Why don't we cut to chase on that sort

4

1  of thing.  You know that's the kind of motion that seldom
2  advances the ball much.  You know because to the extent that
3  there is any kind of disclaimer of that nature, an early kind
4  of advances disclosure, and if need be follow-up discovery
5  requests, soon gets that out of the way in terms of its being
6  some kind of basis for a contested issue.
7          Remember the purpose of pleading, after all, is to
8  find out whether the parties are at loggerheads in terms of
9  having to prove matters as contrasted with the matters not
10 being controverted.  So again the idea of striking an answer
11 counsel is essentially saying, "Look, let's get the
12 information about the particular firearms and whatever is
13 involved, and then we will move on to more productive
14 activity," seems to me to make sense.
15         MR. WORSECK:  Judge, if I might.  If I might add,
16 Mr. Sigale and I had discussions about this in the intervening
17 two weeks.  And the City is amenable to filing an amended
18 answer that goes so far as to say, "Yes, on such and such date
19 we received a application, and we denied it on such and such a
20 date."  That's really as far as we can go.  We don't know if
21 that ties back again to the underlying firearm.
22         THE COURT:  Yes.
23         MR. WORSECK:  But we are amenable to doing that if
24 your Honor think that makes sense.
25         THE COURT:  Well, that's fine.  Again the whole

5

purpose, remember, is that notice pleading cuts both ways. It's binding on plaintiffs and on defendants. And therefore the whole purpose of the pleading process is to air out areas in which parties are going to have to engage in proof as contrasted with matters being established that are not in controversy. So anything that you can do to serve that goal will be fine. What kind of time are you going to need for that?

    MR. WORSECK: Judge, I don't want to get too far ahead of the game with respect to the NRA motion to vacate. But our thinking was that if your Honor was inclined to deny that motion and keep the NRA vs. Oak Park case here, and in the NRA vs. Chicago case, we were just finally recently served with that Complaint and we intend to answer that as well. So we would suggest that we answer -- we file an amended answer in the McDonald case on the same track as we would be answering the NRA vs. Chicago case.

    THE COURT: What kind of time are you talking about? I will get to Oak Park?

    MR. HOWARD: I just wanted to clarify something. He had originally stated if you were inclined to grant the Oak Park motion, are you saying counsel --

    THE COURT: That's unrelated.

    MR. HOWARD: Okay. I just wanted to make sure, because he started the preparatory comment was Oak Park being

6

1 included.

2 THE COURT: I understand. But it doesn't seem to me
3 that there is any reason that the thing shouldn't be going
4 forward, at least fleas in pleading terms. Let's put aside
5 said for a moment how the cases may interact in terms of
6 discovery if they are kept here or not keep here. But in
7 terms of pleading, I don't see any reason to one contingent on
8 the other. Okay.

9 MR. HOWARD: Okay.

10 MR. FORTI: If I may, your Honor.

11 THE COURT: Go ahead.

12 MR. FORTI: I believe that the City got served with
13 the NRA Complaint on the 13th, on a Wednesday, the 13th.

14 MR. HOWARD: I believe it was the 12th.

15 MR. FORTI: The 12th. So 20 days from that takes
16 us --

17 THE CLERK: Just after Labor day.

18 MR. FORTI: Yes. something like September 4th or
19 something like that.

20 THE COURT: Tell me when you would like to file the
21 amended answer in the McDonald case and the answer in the
22 NRA against the City of Chicago case?

23 MR. WORSECK: September 2d, your Honor.

24 THE COURT: Okay. I will give that. And that means
25 that I am denying the motion to strike without prejudice.

7

```
 1          MR. SIGALE:  If I may, perhaps that motion could be
 2 deemed entered and continued given -- until we see what the
 3 City's answer is?  If I may, your Honor --
 4          THE COURT:  Well, let me suggest something on that.
 5          MR. SIGALE:  Sure.
 6          THE COURT:  Okay.  If I deny it without prejudice,
 7 and if it turns out that the amended pleading contains stuff
 8 that is still objectionable from your perspective, I am not
 9 going to ask you to reinvent the wheel.  You can
10 incorporate -- I am going to keep this thing, okay?
11          MR. SIGALE:  Sure.
12          THE COURT:  So you can incorporate by reference
13 whatever paragraphs you want to.  But there is no sense in
14 having pending a motion that we know is getting superseded by
15 an amended pleading.  Okay?
16          MR. SIGALE:  That's fine.
17          THE COURT:  So you are not being prejudiced by that
18 at all.
19          MR. SIGALE:  That's fine, your Honor.
20          THE COURT:  So I am denying the the motion to strike
21 basically as potentially moot because of the Amended Complaint
22 that's going to get filed.  Okay?  And then what I am going
23 to, by the way, is to set a status not long after the 2d,
24 instead of talking about what would be a response date, so
25 that counsel and I will have had a chance to see the amended
```

8

1  pleading and see where we are going to go on that.  Okay.
2        MR. SIGALE:  Sure.
3        THE COURT:  Now I might as well set that right now.
4  And maybe the -- if you file on the 2d I could give you maybe
5  Wednesday, the 10th, or I think perhaps Tuesday, the 9th of
6  Septembers as well.  Sandy, check how we are on the 9th.
7        MR. WORSEK:  Your Honor, did you also want to keep
8  on the books the status for the 26th of September?
9        THE COURT:  No.  It doesn't make any sense to do
10 that.
11       THE CLERK:  That's fine.
12       THE COURT:  All right.  Either the 9th or the 10th.
13 Does anybody have a preference as between those two?
14       MR. SIGALE:  I am in another court on the 9th, your
15 Honor, so the 20th would be better for me.
16       THE COURT:  Is that okay for you?
17       MR. WORSECK:  We can do the 10th, yes.
18       THE COURT:  All right.  Status then instead of
19 September 26th at 9 o'clock is going to September 10th at
20 9 o'clock.
21       MR. SIGALE:  9:15.
22       THE COURT:  9 o'clock.
23       MR. SIGALE:  9 o'clock.
24       THE COURT:  Okay.  Now let's go back to the Oak Park
25 motion.  And let me repeat what I had said, as I thought the

9

appropriate basis for reassignment on relatedness grounds -- and that is, I recognize that the issues are of course not identical because the ordinances are not identical. Oak Park was essentially a prohibition as such, as I understand it, whereas as the City had an interaction of a registration kind of provision, and coupled with what amounted to a prohibition on things, for example, on handguns that didn't "qualify" for registration. But it seemed to me that the prohibition notion was basically subsumed within any attack on the Chicago ordinance.

It might be that Chicago -- I don't know what they are going to do -- it might be that they would try if they believed that there was a flaw, they might try to cure it by modification of the ordinance, but I am not going to predict what they do. All I am saying is that it struck me that certainly in the inception the cases were sufficiently related to call for reassignment.

Now it may well be that the cases are going to diverge at some point in terms of when an issue gets resolved. You know I know that -- well, I shouldn't say "I know." (I am sort of Like Will Rogers: All I know is what I read in the papers.) I suspect that some part of the claimed attack is going to be to try to differentiate between what the Supreme Court did in the District of Columbia case, and the case against the municipality because of the assertion of the

*10*

*Second Amendment has been incorporated through the Fourteenth against state entities, that that may be part of the argument. But for example, if it is, that's going to common to the two ordinances. And that's why I say that it struck me that any notion of my reconsideration of reassignment on relatedness grounds didn't make a lot of sense. So far as I could see the conditions of our Rule 40.4, LR 40.4, were satisfied. And so again it may be that developments would cause a change in that. But at this point I just don't see any basis for reconsideration.*

    *MR. HOWARD: Judge, if I may, just a couple of points.*

    *THE COURT: Sure.*

    *MR. HOWARD: First of all, clearly the NRA and individual plaintiffs have separate counsel in the Chicago case than in the Oak Park matter. I just wanted to point that out.*

    *THE COURT: I know that. But that's not, I've got tell you, if you look carefully at 40.4 it doesn't say anything about having the same lawyer in the case.*

    *MR. HOWARD: It's just one issue we are factored to consider. But the point is that there is some design to the differences here. In the Oak Park/NRA case there is an issue with respect to the exceptions, we believe to be irrational exceptions that are allowed under the Oak Park ordinance that*

*11*

*1 are not allowed in Chicago, number one.  The second thing is*

*2 with respect to the Chicago registration issues, as you can*

*3 see just from the discussion today, part of our concerns/issue*

*4 is that because of the registration distinction that exist in*

*5 Chicago that doesn't exist in Oak Park there is going to be a*

*6 lot of things -- issues, discovery, et cetera that are --*

*7             THE COURT:  There are a lot of issues that may be --*

*8 and I expect are going to separate in the two.  But our rule*

*9 does not require it.  It just doesn't.  And essentially what*

*10 we are looking at is the idea, for example, that there is no*

*11 reason that people have to be plowing the same field multiple*

*12 times because there are different lawsuits.  If somebody's*

*13 deposition is going to get taken, then there is no reason that*

*14 the deposition has to be taken twice or three times because*

*15 there are two or three lawsuits.  If discovery is going to be*

*16 taken in connection with substantive matters, there is no*

*17 reason that those things should be done on a separate basis*

*18 when they can more conveniently, more efficiently and more*

*19 cheaply be done on a combined bias.  That's the whole premise*

*20 behind the drafted and adopted LR 40.4.  And so the idea of*

*21 saying, "Well, there are going to be different -- some*

*22 different issues, that happens a great deal in connection with*

*23 cases that nonetheless qualify for reassignment on relatedness*

*24 grounds.*

*25             MR. HOWARD:  Right.  I understand that's one of the*

12

1 criteria, your Honor. Under 40.4(c) there is case law that's
2 suggest that the similarities must outweigh the differences.
3 And our concern is that the differences are significantly
4 greater than the similarities. So I understand what your
5 Honor is saying. You know we are concerned about things
6 being -- our case being derailed or sidetracked or whatever
7 because of other activities.
8       THE COURT: They are not going to be derailed or
9 sidetracked. Take my word for it.
10       MR. HOWARD: I appreciate that.
11       THE COURT: Okay. To the extent that issues are
12 posed by the two different -- look. I am the one that's going
13 to get stuck with two different sets of legal issue to the
14 extent that they diverge, but I am not complaining, you know.
15 And it seems to me that everybody interests are better served
16 by having essentially integration to the maximum extent
17 possible rather than saying, "Well, this snippet is going to
18 be true over here and not going to apply over here, and
19 therefore let's have two separate judges doing it."
20       I have got to tell you when I first came on the
21 court I inherited, because the computer delivered to me John
22 Grady's lowest-numbered case involving asbestosis decision in
23 the Johns Manville plant in Waukegon. So I inherited the
24 oversight of something like 400 cases, you know. Now those
25 didn't get reassigned to my calendar, but I ended up having to

13

*draft something like 30 different opinion, and of course my colleagues were free to follow them or not follow them as they chose. But that's not a very good way to run a railroad or asbestosis plant, you know. And so you learn from experience what these things. It makes a lot more sense, certainly at this point, at this stage, to have the cases -- I am not going to use the term "consolidated" because that's a term of art, have the cases combined here and dealt with here. If it turns out that, for example, the cases are going to go to trial, and that you really would need separate trials to deal with the things, then it will be have time enough to take a look at whether the cases are ought to be severed for that purpose. Because remember we are not consolidating cases, and that's an important distinction to keep in mind. Rule 42 is not being utilized here. And simply reassigning the cases they maintain their separate identify. Okay? So at least at this point I am going to deny the motion for reconsideration for the reasons that I have just outlined here.*

    *Now when is the -- what's the story on the responsive pleading there?*

    *MR. KARACA: I believe the Village of Oak Park was also served in a similar time frame as the City of Chicago finally. I would think a motion - I mean a September 2d date would work for the Village of Oak Park.*

    *THE COURT: Okay. That's fine. Then I expect that*

14

1  the parties are going to engage, you know in advance
2  disclosures which tend to streamline the discovery process.
3  Because you don't then have to ask for everything from the
4  beginning of the world to the date of these presence.  The
5  whole -- one of the whole points of advance disclosure is to
6  permit a more narrowed focus on follow-up paper discover.
7           So I will then see you on basically all three cases
8  on September 10th at 9 o'clock, and we will see what the thing
9  looks like for everybody on that.  Okay.
10          MR. SIGALE:  Your Honor, except for, I believe we
11 are up for status today as to summary judgment motion that was
12 filed That was originally set for August 4th.  And I just -- I
13 believe it's up for status on that matter as well.  So it's
14 our position, your Honor, that -- you know the issues that are
15 present in the motion, the City has said these are the issues.
16 The Court has said a number of time before that we have been
17 before you, that this is -- these are the issues.  And we
18 agree these are the issues.  So we just thought it was
19 appropriate to bring these.
20          THE COURT:  I know what you thought.  But really if
21 you think further, the one thing that really doesn't benefit
22 anybody particularly is to treat an issue-narrowing motion
23 which is properly under Rule 16 as though it's a summary
24 judgment fully dispositive motion under Rule 56.  And so I
25 recognize Rule 56 says that you can bring a summary judgment

15

motion at any time, but if you look at the cases, the cases don't really uphold that "at any time notion." You are really premature on that one, and I am not going to set a schedule on that one at this point. I expect that that kind of early Rule 56 motion invariably triggers a Rule 56 saying We need some more time to do some discovery that's relevant." And so that's -- I don't want to say this too critically, but it's shortsighted, really, to be trying to pull the trigger on a Rule 56 motion that early in the game. Some issues -- some legal issues may be dispositive, but then again they may not and there is no particular point in wasting resources to discover whether that's the case at this threshold time. Remember that to my knowledge -- well, maybe I ought to ask this. Is the City currently enforcing the existing ordinance in accordance WITH its terms?

        MR. WORSEK: Yes, your Honor.

        THE COURT: And what does that mean in terms of somebody who doesn't have, for example, a registration on a firearm?

        MR. WORSECK: I would assume that they are not in compliance with the requirements of the ordinance that they would be subject to the penalties set forth in the ordinance.

        THE COURT: If they get that that's going to bring about a Younger against Harris kind of situation. Well, I guess I can see that if and when it comes. But meanwhile, I

```
                                                                    16

 1  am not going to set a schedule on a Rule 56 motion.  Okay?

 2           MR. HOWARD:   Thank you, your Honor.

 3           MR. WORSECK:  Thank you, your Honor.

 4           MR. KARACA:   Thank you, your Honor.

 5       (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF
         THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)
 6
                       C E R T I F I C A T E
 7
    I HEREBY CERTIFY that the foregoing is a true and correct
 8  transcript from the report of proceedings in the
    above-entitled cause.
 9
    /S/JESSE ANDREWS
10  JESSE ANDREWS, CSR
    OFFICIAL COURT REPORTER
11  UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF ILLINOIS
12  EASTERN DIVISION
    DATED: January 14, 2009
13

14

15

16

17

18

19

20

21

22

23

24

25
```