```
                                                                 1
```

```
             IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


OTIS MCDONALD, et al.,              ) DOCKET NO. 08 C 3645
                                    )            08 C 3696
                        Plaintiffs,)             08 C 3697
                                    )
     vs.                            )
                                    )
CITY OF CHICAGO, et al.,            ) Chicago, Illinois
                                    ) December 9, 2008
                        Defendants.) 9 o'clock a.m.
                                    )

NATIONAL RIFLE ASSOCIATION OF AMERICA, )
                        Plaintiffs.
         vs.                             )
ROBERT ENGLER, et al.,                   )
                        Defendant.    )

NATIONAL RIFLE ASSOCIATION OF AMERICA, )
                        Plaintiff.    )
         vs.                          )
DR. KATHRYN TYLER, et al.             )
                        Defendants.   )




       TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE
              MILTON I. SHADUR, Judge
APPEARANCES:

For the Plaintiffs:
                MR. WILLIAM HOWARD,
                MR. DAVID SIGALE and
                MR. STEPHEN KOLODZIEJ
                MR. DANIEL DOOLITTLE
```

2

```
 1 For the Defendants:
                        MR. ANDREW WORSECK,
 2 ;                    MR. MARK KADISH,
                        MS. REBECCA HERTZ and
 3                      MS. ALEXANDER SHEA

 4

                          JESSE ANDREWS
 5         Official Court Reporter - U. S. District Court
                       219 S. Dearborn Street
 6                    Chicago, Illinois  60604
                          (312) 435-6899
 7

 8              *     *     *     *     *     *

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1       THE CLERK: 08 C 3645, McDonald's vs. City. 08 C
2 3696, NRA vs. Oak Park. 08 C 3697, NRA vs. City of Chicago:
3       MR. KOLODZIEJ: Good morning, your Honor.
4 Steven Kolodziej for the plaintiffs in case 3697.
5       MR. HOWARD: Good morning, your Honor. Bill
6 Howard on behalf of the plaintiffs in the NRA v Oak Park case.
7       MR. WORSECK: Good morning, your Honor. Andrew
8 Worseck on behalf of the City of Chicago in the two
9 case against it.
10       MS. HERTZ: Rebecca Hertz on behalf of the City as
11 well.
12       MR. KADISH: Good morning, your Honor. Mark Kadish
13 from Mayer Brown on behalf on Oak Park in the NRA case.
14       MS. SHEA: Alexander Shea on behalf of Oak Park.
15       THE COURT: Good morning.
16       I appreciate all of you assembling this early, but I
17 felt because the opinion that I had issued, or I guess it's
18 opinions more accurately, really reflected perspectives
19 that -- I don't know whether nobody had thought about it, but
20 certainly the plaintiffs had not -- I felt that it was
21 important for to us get an early status so we can talk about
22 where the lawsuits are going to under the present
23 circumstances.
24       So let me, if I may, turn to plaintiffs' counsel,
25 and you can cover in whatever sequence you want.

4

1  MR. HOWARD: Your Honor, first off, I think that the
2 plaintiffs in the McDonald case are not present, so I just
3 wanted to note that.
4  On behalf of the NRA in the Oak Park case, we did
5 have a brief conversation with City's counsel and Oak Park's
6 counsel to talk about next steps. I did note in your status
7 minute order that you said we should come here to talk about
8 what about to do next.
9  THE COURT: Right.
10  MR. HOWARD: I think perhaps one of the smartest
11 things to do next is to figure out a way efficiently and
12 effectively with the least cost to all parties involved, to
13 figure out a way to address the issues that you identified
14 on page 5 of your order or memorandum opinion rather, that you
15 were bound by the holding of Quilici. I think there is a
16 mechanism in the Federal Rules 1292(b) to do that.
17  THE COURT: That is certification essentially?
18  MR. HOWARD: Yes, sir. And I think that we meet all
19 of the requirements that are set forth in the --
20  THE COURT: Well, wait just a minute. Let me ask a
21 question.
22  MR. HOWARD: Yes, sir.
23  THE COURT: On the basis in your lawsuit, on the
24 basis of my opinion, what is essentially left of the lawsuit
25 that would preclude the entry of a final order so that you

5

don't have to -- well, let me back up. You know 1292(b) gives the Court of Appeals discretion, even if I say, "Won't you please decide this one," they are not duty bound to do that. On the other hand, if a final order is entered then the thing is appeasable, and don't misunderstand. As my opinion reflected, you know I welcome input from the Court so they can do something about this issue, which I cannot.

So really the question that I have is looking at the Complaint if the Court here says, "I can't determine this," and therefore I have to deny the relief that's sought, is there a prospect of the actual entry of a final order that then gets it before the Court of Appeals on a nondiscretionary basis?

MR. HOWARD: It's a valid point and we have considered that as well. And if I may, I will just try to attack that in two layers.

The first layer is what's left? We have an equal protection claim under Count 2, and then we have Count 3, which is the transportation under 926(a).

THE COURT: Yes.

MR. HOWARD: Answering the question under 1292, we do think that the resolution of the incorporation issue would resolve Counts 2 and 3, because obviously if we go up on appeal the decision is reversed, the evidence is repealed, the exclusions will go away so will the transportation issue.

6

1       THE COURT:  Yes.
2       MR. HOWARD:  On the other hand, your second part of
3  that question was, is there a neater and cleaner way to
4  package this?  There may be.  Again we think that Counts 2 and
5  3 are driven by Count 1, the incorporation issue.
6       THE COURT:  That is, they are not really
7  independent of it?
8       MR. HOWARD:  I would agree with that.  And
9  therefore, you know if there is a way to just have an
10 outright dismissal, I am not sure what the mechanism would be.
11      THE COURT:  That's easy.
12      MR. HOWARD:  Well, I mean there is certainly an
13 argument that if Heller doesn't control and the Second does
14 not incorporate into the Fourteenth, then counts 2 and 3 are
15 -- I don't know what you want to call it, moot or perhaps non
16 sequiturs, if Count 1 doesn't survive.
17      THE COURT:  It's not a question of mootness.  It's
18 is these underpinnings for relief is probably gone.
19      MR. HOWARD:  And I would think it would be
20 incumbent on defendants to procedurally to make such a motion
21 for dismissal if that's their desire.
22      MR. KADISH:  A voluntarily dismissal on the part of
23 the plaintiffs On Counts 2 and 3.
24      THE COURT:  Well, I am not that they want to do that
25 because then there is the question whether that really gets it

effectively before the Court of Appeals. The Court of Appeals can say, "Look. You walked away from lawsuit," and whatever they might want e say. So --

    MR. HOWARD: Your Honor, just to address Mr. Kadish's point, we did address and consider the voluntary dismissal. There is a Third and Seventh Circuit and a concern that the Seventh Circuit would look at this situation and say, "Well, it looks like it was a crafted appeal," if you will. So we would like to avoid that issue.

    THE COURT: I think Cooper against -- Cooper's Leasee against Douglas in the late 1700s, you know was a manufactured appeal that didn't bother the Supreme Court then, but days have changed. Let me find out about the posture of the cases or case again against the City of Chicago.

    Counsel?

    MR. KOLOLDZIEJ: Judge, I don't know want to repeat everything that my co-counsel said, because the two lawsuits are very similar and we do share the same positions.

    THE COURT: Well, look. You know I am perfectly amenable to an appropriate order. Because as I say, you know the jurisprudential considerations tells me that I must continue to respect a Court of Appeals decision unless and until the Court of Appeals decides differently. On the other hand, I had thought you know about the certification

1  thing, but then I had come to that with the same concerns that
2  I just expressed -- and that is, that's essentially a
3  discretionary matter.
4           Counsel, do you want to reflect your appearance,
5  please?
6           MR. DOOLITTLE:  I am sorry.  My name is Daniel
7  Doolittle, also here on behalf of the plaintiffs in the Oak
8  Park case.
9           THE COURT:  Well, so we still don't have somebody
10 in the McDonald's case, right?
11          MR. HOWARD:  Your Honor, my understanding, I haven't
12 seen it, but it was reported to me that they filed a notice of
13 appeal.
14          MR. KADISH:  That's what we understood.
15          THE COURT:  They filed a notice of appeal?
16          MR. KADISH:  Correct.
17          THE COURT:  I just got a notice of APPEAL by a pro
18 se habeas petitioner from my dismissal of his petition which I
19 hadn't dismissed. So I guess, you know, it's cheap to file a
20 notice of appeal.
21          MR. HOWARD:  Your Honor, can I make a suggestion,
22 given that we have a fairly full courtroom?  Can we possibly
23 take a break and chat among ourselves --
24          THE COURT:  Absolutely.
25          MR. HOWARD:  -- and come back in let's say a few

9

1 minutes?  Thank you very much, your Honor.
2     THE COURT:  Thank you.
3   (Whereupon the Court directed its attention to other
4   matters on its call, after which the following further
5   proceedings were had herein:)
6     THE CLERK:  Okay.  This is 08 c 3645, McDonald vs.
7 the City of Chicago.  08 C 3696, NRA vs. the Village of Oak
8 Park.  And 08 C 3699, NRA vs. the City of Chicago.
9     MR. KOLOLDZIEJ:  You don't have to identify
10 yourselves again.
11     MR. SIGALE:  I guess I am the only odd man out.
12 Good morning.  My apologies, your Honor.  David Sigale on
13 behalf of the McDonald plaintiffs in 3645.
14     THE COURT:  I trust that counsel filled you in on
15 what's happened?
16     MR. SIGALE:  I have been updated.
17     THE COURT:  All right.  So tell me where we stand
18 now?
19     MR. HOWARD:  Well, Judge, we appreciate the break.
20 We did chat among ourselves.  Given the 1292 potential issues,
21 I guess there are two options:  One would be a 54(b) where
22 there is a finding for -- if there is a dismissal as to Count
23 1 and there is no just reason to enforce --
24     THE COURT:  I don't think that's right.
25     MR. HOWARD:  I understand.

10

1        THE COURT:  -- because that's not discrete.
2        MR. HOWARD:  Right.  The cleaner way is what we
3 talked about.
4        MR. SIGALE:  Right.  We have agreed on that.
5        MR. HOWARD:  We have agreed on, I believe, the
6 defendants in NRA Oak Park and NRA Chicago cases are going to
7 make a motion, and they can address that at this point.
8        MR. WORSECK:  Yes, Judge.  We would like to make an
9 oral motion today under Rule 12(c) for judgment on the
10 pleadings against the NRA on all three counts of their
11 Complaint.  In light of your Honor's ruling from last week
12 they were bound by Quilici given that the second amended issue
13 is no longer a viable claim or viable issue for the
14 plaintiffs.  We think that we are entitled to judgment
15 on pleading on all of their counts based on the theories that
16 they have articulated in advancing those counts.
17       MR. SIGALE:  The same is true for Oak Park.
18       MS. HERTZ:  Thank you, sir.
19       MR. HOWARD:  Her first court appearance, Judge.
20       THE COURT:  Okay.
21       MR. HOWARD:  Your Honor, Bill Howard for the NRA/Oak
22 Park case. We would object to the motion.  And I think that
23 counsel for --
24       THE COURT:  Tell me the basis for your objection?  I
25 mean you expect me to -- I am not asking you to engage in

*11*

1 *a feigned activity, you know, like as I mentioned Cooper*
2 *Leasee against Douglas.  And I think there is respectable*
3 *authority for believing that a couple of the other famous*
4 *Supreme Court decisions were the result of what we were today*
5 *looking at as feigned abandonment of a controversy.  But it*
6 *seems to me that if you interpose an objection other than the*
7 *one that says that you don't agree with the Court's*
8 *determination that its not in a position to do what you asked*
9 *me to do, which is "overrule Quilici."  I mean that's a*
10 *perfectly respectable position for you to take.  But it --*
11             *MR. HOWARD:  That is what we understand, your Honor.*
12             *THE COURT:  If that's what you mean by objecting, it*
13 *seems to me that you ought to state that for the record, and*
14 *that's the predicate for the objection.  Because then I think*
15 *we have got a clean situation in which the dismissal is*
16 *appropriate.*
17             *Let me en route to that ask:  Does plaintiffs in all*
18 *three cases agree that any other claims that are reflected --*
19 *I hesitate to say "a claim" -- but any other theories of*
20 *recovery, because it's not claims, if you look at NAACP*
21 *against American Insurance -- but that any other theories of*
22 *recovery are subsumed in the determination that I can't*
23 *overrule Quilici, are you prepared to acknowledge that?*
24             *MR. HOWARD:  As to the first point, your Honor, we*
25 *understand your ruling with respect to Quilici.  We don't --*

12

we object to the extent we don't agree with the conclusion.

        THE COURT: Well, I understand. That's what makes horse races and lawsuits.

        MR. HOWARD: Understood.

        THE COURT: Otherwise, stay with my question -- and that is, do plaintiffs agree that any other theories of recovery, any other routes for possible plaintiffs success are essentially subsumed within the Court's determination that its not in a position to disturb a Court of Appeals decision that has not been overturned by the Court of Appeals or by the Supreme Court?

        MR. HOWARD: That's a logical position, your Honor, yes.

        MR. KOLODZIEJ: And Judge, in the City of Chicago case on behalf of plaintiffs, I join in counsel's objection to the extent that we disagree with the Court. And the the objection is interposed principally for the reason that we do not wish to get in front of the Seventh Circuit and we end up waived by consenting.

        THE COURT: You don't have to explain to me. You know I said that's perfectly acceptable and understandable, and that's okay. But I was asking a somewhat different questions, you see. And that is, to make sure that there is nothing that would essentially preserve other issues if the position that I have taken of inability to override the Court

13

1  of Appeals decision that has not been reversed is a valid
2  ground?  Is that acknowledged?
3          MR. SIGALE:  If I may, your Honor, before I answer
4  that question, I just want it confirmed that the City is
5  actually making a motion with regard to our claim, with our
6  case as well?
7          MR. WORSECK:  That's correct, your Honor.  We are
8  making the same motion for judgment on the pleadings with
9  respect to the McDonald case as well for same reasons that I
10 have set forth in making the notion with respect to the NRA
11 case.
12         MR. SIGALE:  Okay.
13         Just for the record your Honor, I would -- I
14 actually object to the motion for the grounds that we actually
15 citied in our Rule 56 motion.  And I understand this is for
16 the record.  But we have cited the EEOC vs. Sears Roebuck
17 case, where the Seventh circuit said that "Our decisions do
18 not bind the District Court when there has been a relevant
19 intervening change in the law.  We believe that Heller is
20 relevant.
21         THE COURT:  But it's not a change the law,
22 because the Supreme Court was very careful.  You know, Justice
23 Scalia is not somebody who leaves things to chance.  You know
24 he, as I pointed out, he specifically made it plain that
25 although the scholarship had intervened, that they were not

14

expressing a view, and they were not making a decision on an issue that was not before them -- that is, the applicability to state or municipal agencies. So the idea of saying there is a change -- there has been a change in reasoning, but not a change in the law, and that's an important distinction.

MR. SIGALE: With that objection just made for the record, I would agree that all of our claims were disposed of or at least ruled on with regard to your ruling in our Rule 56 motion. And while we certainly would -- are certainly not to do anything to concede any argument or waive any claims --

THE COURT: I am not asking you to.

MR. SIGALE: -- I believe that the Court is right. That --

THE COURT: Okay.

MR. SIGALE: -- your ruling took care of all our claims.

THE COURT: Okay. It seems to me that in order to avoid any problems of ambiguity, what I ought to do is to get a draft order rather than simply relying on a minute order. So my suggestion is that you counsel get together and present a draft order that is really going to be reflective of the defendant's position, but I would want to make sure that plaintiffs counsel do have any problems with the way that it's framed. You are not joining it, you understand?

MR. HOWARD: Right. Your Honor, we would like to

reflect further on your question in terms of the claims that are out there. We certainly think that there is an issue that -- we certainly think it's clear that the exclusion equal protection claim is incorporation is reversed on appeal, that is dealt with. I want to give some further consideration to your question though before we --

THE COURT: Yes.

MR. HOWARD: -- before we proceed any further.

THE COURT: Okay. Where are we now. Ho long do you think that it would take the defendants in the couple of cases to put together a proposed draft order that would reflect dismissal of the lawsuit on the basis that we have talked about and submit that to plaintiffs' counsel at least for their review, and then have it presented to me?

MR. WORSECK: I would think that we could turn around the entire process within two weeks.

THE COURT: Why do you need that much?

MR. HOWARD: The middle of next week or the end of next week.

THE COURT: Yes. I will give you -- I will set it for -- Sandy, I think 8:45 I have got one on the 17th. I think that I am free on the 18th, is that right?

THE CLERK: Yes. That's fine.

THE COURT: 8:45 on December 18th. And I would expect that I will get the proposed draft order delivered to

16

1  chambers not later than the preceding day so that I get a
2  chance to look at it.
3          MR. KOLODZIEJ:  Your Honor, just to be clear.  Out
4  of an abundance of caution with respect to your prior
5  question about whether it is our position that the ruling on
6  the incorporation issue subsumes also the claims in the
7  case --
8          THE COURT:  Yes.
9          MR. KOLODZIEJ:  -- I would like an opportunity
10 to just further discuss that with our client.  I don't want to
11 be precipitous in answering that question.  We will do that in
12 this next week.
13         THE COURT:  I don't decide those issues, you know.
14         MR. KOLODZIEJ:  Understood.  But I think that it is
15 a decision that should be made in consultation with the
16 client.  And my point in bringing that up is that in the event
17 there is, I think it's unlikely, but in the event we do.end up
18 deciding the answer to your question is "No" --
19         THE COURT:  Well, you'd better come back.
20         MR. KOLODZIEJ:  We will let counsel know that.  Yes.
21         THE COURT:  Okay.
22         MR. HOWARD:  Judge, one last matter for the record.
23 The McDonald plaintiffs have filed a notice of appeal on your
24 Honor's decision from last Thursday.
25         THE COURT:  It's not a final decision, right?

17

1        MR. SIGALE:  We filed our appeal under 1292(a)(1),
2 your Honor.
3        MR. WORSECK:  It's our view that that appeal is
4 improper.  But I just wanted to note it for the record. that I
5 don't know want it to be seen as throwing a wrench into what
6 will be transpiring over the next two weeks.
7        MR. HOWARD:  As your knows, the NRA/Oak Park and the
8 NRA/Chicago cases are not consolidated just related,
9 so we will proceed pursuant to your directions.
10       THE COURT:  I know that.  Wait just a minute.
11       MR. HOWARD:  Thank you.
12       THE COURT:  1292(a)(1).
13       MR. SIGALE:  Correct, your Honor.
14       THE COURT:  What's the injunction?
15       MR. SIGALE:  Your Honor, our entire claim is asking
16 for injunctive relief and the denial of the summary judgment
17 motion where we ask for judgment for a permanent injunction,
18 and when the Court said that it is binding --
19       THE COURT:  If you want to do that, be my guest.
20 That's -- I'll make no comment. You know, you think about
21 that.  Think about whether you are not better off trashing
22 that and pursuing something that is unquestionably something
23 that puts the matter before the Court of Appeals.  Because --
24 you think about it.
25       MR. SIGALE:  Your Honor, may I ask one more

18

question?  If the parties agree -- if the parties all come up with an agreeable order with regard to the matters that we have been talking about, a judgment, a dismissal, is that are we definitely to be back on the 18th then, or is it possible that it is going to be agreed by everyone and submitted to the Court?

THE COURT:  If I am advised that the order that's proffered by defendant does not pose issues from the plaintiff's point of view, you don't have to show up and run the meter.  That's a nonproblem.

MR. SIGALE:  Okay.

THE COURT:  I am setting that date as an outside date.  Okay.

MR. HOWARD:  Thank you, your Honor.  Thank you again for your time.  We appreciate it.

   (WHICH WERE ALL OF THE PROCEEDINGS HAD AT THE HEARING OF
    THE ABOVE-ENTITLED CAUSE ON THE DAY AND DATE AFORESAID.)

C E R T I F I C A T E

I HEREBY CERTIFY that the foregoing is a true and correct transcript from the report of proceedings in the above-entitled cause.

/S/JESSE ANDREWS
JESSE ANDREWS, CSR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
DATED: January 14, 2009