```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | | |
|---|---|---|
| OTIS McDONALD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  08 C 3645 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Counsel for plaintiffs in this action (collectively "McDonald Plaintiffs") have sought to distance themselves from this Court's December 22 opinion in the two comparable National Rifle Association cases ("NRA Opinion," 2010 WL 5185083) by claiming that they were (as NRA was not) "prevailing parties" for 42 U.S.C. §1988(b)("Section 1988(b)") purposes so as to obtain an award of attorneys' fees.  That effort fails.

It should first be noted that this Court again inquired at the December 29 motion hearing, noticed up by counsel for the McDonald Plaintiffs, whether the conduct of the City of Chicago in assertedly having led counsel down the garden path by stonewalling on the fees issue--all the while planning to bring the "prevailing party" question on against NRA--was an arguable basis for reaching a different result.  McDonald Plaintiffs' counsel disavowed that, so that this opinion will go forward solely on the grounds advanced in counsel's submission captioned "Plaintiffs' Motion for Instructions Re:  Attorney Fees and

Costs."

On the first of those grounds, counsel urge a different reading of the Supreme Court's Buckhannon opinion than this Court stated and applied in the NRA Opinion. But in material part that argument distorts and mischaracterizes the nine-year-old opinion by this Court in Johnny's IceHouse, Inc. v. Amateur Hockey Ass'n of Ill., No. 00 C 7363, 2001 WL 893840 (N.D. Ill. Aug. 7)). Here is what McDonald Plaintiffs' counsel say in that respect (Motion ¶22):

> This Court has previously held that the Buckhannon dissent's description of the majority's holding governs interpretation of Buckhannon's scope.[1]

But then counsel commit the cardinal sin of selective quotation, which can be just as misleading as misquotation. They reproduce two sentences that this Court quoted from Justice Ginsberg's

---

[1] [Footnote by this Court] Although counsel's real distortion is the omission next referred to in the text, counsel have also failed to quote the cautious caveat voiced by this Court in Johnny's IceHouse, id. at *3 n.2:

> This Court is of course well aware that it can be perilous to rely too heavily on a dissenting opinion's characterization of the majority's holding (sometimes advanced as a kind of rear-guard action, in an effort to limit the scope of a holding opposed by the dissenters). In this instance, though, the quoted language is a fair statement of the majority opinion as it impacts on this case.

Buckhannon dissent, but they stop short of reproducing the very next sentence that actually controlled the ruling in Johnny's IceHouse:

> A court-approved settlement will do.

As this Court then went on to explain after that quotation, plaintiff in Johnny's IceHouse was a "prevailing party" precisely because this Court had entered an "Order formalizing and memorializing [defendant's] commitment [that] legally altered the relationship between the parties, making Johnny's IceHouse a prevailing party under the standard announced in Buckhannon." No such order, no legal equivalent of the type required by Buckhannon, was entered in this action. And that of course is the whole point.

Next McDonald Plaintiffs' counsel point to the Supreme Court's legal ruling as to Chicago's handgun ban, as though that alone made them prevailing parties. But that contention studiously ignores, just as NRA's counsel had, the fact that the Supreme Court's order was one that remanded the case before it "for further proceedings."[2] And as the NRA Opinion stressed, no "further proceedings" took place--instead the City of Chicago's action in repealing its ordinance compelled the dismissal of the action on mootness grounds.

---

[2] Remember the universal principle that courts speak definitively through the orders, not through the language in their opinions that explains the basis for the orders themselves.

Finally counsel for the McDonald Plaintiffs argue that Buckhannon was wrongly decided. In doing so, of course, counsel acknowledge that they are tendering that argument for purposes of making a record, not (of course) to urge this Court to so hold (as it would have no power to do).

In summary, counsel for the McDonald Plaintiffs have not separated themselves or their clients from what this Court ruled in the NRA Opinion. Their motion for "prevailing party" status and for a corollary award of attorney's fees is denied.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: January 3, 2011