```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

    OTIS MCDONALD, et al.,          )  No. 08 C 3645
                                    )
                    Plaintiffs,     )  Chicago, Illinois
                                    )  December 29, 2010
                                    )  9:00 o'clock a.m.
    -vs-                             )
                                    )
                                    )
    CITY OF CHICAGO, et al.,        )
                                    )
                    Defendants.     )


              TRANSCRIPT OF PROCEEDINGS - MOTION
           BEFORE THE HONORABLE MILTON I. SHADUR

  APPEARANCES:

  For the Plaintiffs:     LAW FIRM OF DAVID G. SIGALE P.C.
                          739 Roosevelt Road
                          Suite 304
                          Glen Ellyn, Illinois 60137
                          BY:  MR. DAVID G. SIGALE

  For the Defendants:     CITY OF CHICAGO, DEPARTMENT OF LAW
                          30 North LaSalle Street
                          Suite 900
                          Chicago, Illinois 60602
                          BY:  MR. MICHAEL A. FORTI
                               MR. WILLIAM M. AGUIAR








  Court Reporter:         ROSEMARY SCARPELLI
                          219 South Dearborn Street
                          Room 2304A
                          Chicago, Illinois  60604
                          (312) 435-5815
```

1             THE CLERK:  08 C 3645, McDonald versus City of
2  Chicago.
3             MR. SIGALE:  Good morning, your Honor, David
4  Sigale, S-I-G-A-L-E, on behalf of the plaintiffs.
5             MR. FORTI:  Good morning, your Honor, Michael Forti
6  on behalf of the City of Chicago.
7             MR. AGUIAR:  And good morning, your Honor, William
8  Aquiar on behalf also of the City of Chicago.
9             THE COURT:  Good morning.  Well, the motion that I
10 get struck me as a bit odd in terms of its framing because it
11 asked for instructions, and I am not sure that -- you know,
12 we are taught that courts don't give advisory opinions.  I am
13 not sure what that means.  I gather that what you want to
14 make sure of is that you have the opportunity to go forward
15 with your claim and that, therefore, I would recognize as a
16 jurisdictional matter your opportunity to do that.  Or have I
17 missed the thrust of what you are saying?
18            MR. SIGALE:  I guess that sounds about right, your
19 Honor.  I guess we are asking for a two-part question to the
20 Court.  One, whether or not, in light of what we have
21 submitted, the Court plans on ruling any differently than it
22 did in the Oak Park -- the NRA cases, 3696 and 3697.  And if
23 the Court says, yes, I do see it differently, if we could
24 have until January 31st -- I think that is the date we wrote
25 in here.

1          THE COURT: Yeah, but you are putting the cart
2    before the horse. I had made it plain when you people were
3    before me last time and you asked for a stay, which I thought
4    was inappropriate, that if McDonald was -- felt that it was
5    in a different position from the NRA plaintiff, that you
6    would -- I am not holding you as bound by that determination,
7    but certainly the principle that I have outlined is one that
8    I would expect I am going to stay with, that is, the idea
9    that the -- that Buckhannon teaches what it teaches.
10          So it is really not a matter of whether I think
11   that you are in a different position, it is a matter of
12   whether you believe that you have some predicate for being in
13   a different position. And if you feel that way, I will be
14   glad to get your submission, which is what I said last time
15   really.
16          MR. SIGALE: Right. And on that point, your Honor,
17   we would stand by the arguments that we are making in this
18   motion as to why we are in a different position from -- not
19   only from the NRA plaintiffs but also why we believe that the
20   Court should consider us prevailing parties.
21          THE COURT: Well, let's separate those two. The
22   thing that I see that you have submitted complains about
23   having been played, if I can use that term, by the -- by the
24   parties that you were dealing with by having been put off
25   basically in what you were prepared to do and then without

1  warning, as you have put it, they jump in and make the claim
2  that they do that -- and that is that it is not a prevailing
3  party situation.
4      I don't know whether that should make a difference
5  or not.  But if you think that it should, I would assume that
6  that is the position that you want to advance, but you ought
7  to advance it with some kind of authority.  I don't know
8  whether you -- whether you would be arguing -- well, I am not
9  going to make your arguments for you.  But, in any event, I
10 don't know the answer to that.  But if you are not making
11 that claim, I can tell you right now my determination about
12 what it takes to be a prevailing party is one that I think
13 has been made plain by my opinion.
14     You know, despite what was said in your submission,
15 if you look at what the Supreme Court did, it sent the case
16 back for further proceedings.  And then as Adlai Stevenson
17 said, you know, the night of his first loss to President
18 Eisenhower, "Something funny happened on way to the White
19 House," that is, they dismissed out and in terms of the
20 Buckhannon doctrine they cut the legs out from under you
21 people.  So that one I don't plan to change my point of view
22 on what that constitutes.
23     So again I have to put it to you in terms of
24 whether you believe that there is something about your
25 situation that distinguishes it from what I have already

1  ruled in the National Rifle Association cases.  So it is your
2  ball, not mine.  And I tried to make that plain the last time
3  when you filed the motion for a stay, and it is true today as
4  well.  So it is your -- it is a question of you.  What do you
5  want to do?
6          MR. SIGALE:  We wish to obtain a ruling from the
7  Court as to whether or not the Court considers us a
8  prevailing party under Buckhannon and under the previous
9  ruling.  We have advanced in this motion -- we have -- in
10 addition to adopting the arguments that the NRA put forth in
11 3696 and 3697, we have advanced three arguments, two of which
12 -- I am sorry, one of which admitted would not be for this,
13 the idea that Buckhannon was wrongly decided.
14         THE COURT:  You are right.
15         MR. SIGALE:  We are making our record, but we are
16 not asking this Court to pass on that issue.
17         THE COURT:  I don't mean to interrupt you, but I
18 have been concerned about Buckhannon from day one in terms of
19 my own concept of what it took to be prevailing party.  My
20 understanding had always been that the catalyst theory is one
21 that made a great deal of sense.  But that is my personal
22 view.  It is not legal view you understand.  Stuck is stuck.
23         MR. SIGALE:  Sure.  We have advanced two arguments
24 -- that would be Subsection 1 and 2 -- of why we believe that
25 not withstanding the ruling of Buckhannon, why we believe

1  that we should nonetheless be considered prevailing parties.
2  I guess what we are asking the Court in terms of the ball
3  being in my court, what we are asking the Court to do is --
4  in addition to the NRA arguments to consider the two
5  additional arguments that we have made in this motion.
6      If the Court agrees with us, then we would ask --
7  maybe it is in -- kind of subtlety a bifurication issue.  But
8  if the Court agrees with us that, hey, these two issues -- I
9  didn't consider these in the NRA motions and I agree with the
10 McDonald plaintiffs, then we would ask for January 31st to
11 file our attorney fee petition.  And regardless -- obviously
12 with the City there is -- if the Court cared to hear it,
13 which I am sure the Court doesn't at this time, there would
14 be a huge dispute between the quality and quantity --
15 regarding the quality and quantity of communications pursuant
16 to Local Rule 40.3, but I don't think that is really what we
17 are doing here today.
18      THE COURT:  So you are saying --
19      MR. SIGALE:  But if the Court --
20      THE COURT:  Let me cut you off at this point.
21      MR. SIGALE:  Sure.
22      THE COURT:  So what you are saying is that -- you
23 are complaining about the handling that you got, and I
24 understand that, but you are not asserting that as a ground
25 for a different ruling?  Am I right?

1             MR. SIGALE:  Correct.  We are --
2             THE COURT:  Okay.
3             MR. SIGALE:  We are asserting the additional legal
4    arguments as well as adopting the other arguments that were
5    previously made --
6             THE COURT:  All right.
7             MR. SIGALE:  -- and using that as a ground -- as
8    ground to say the Court should rule differently in our case.
9             THE COURT:  All right.
10            MR. SIGALE:  If the Court disagrees, then the Court
11   will say so, and then whether or not we have until January
12   31st -- whether or not whatever date to file an attorney fee
13   petition is moot.
14            THE COURT:  All right.  I will take a look then at
15   your submission again and I will -- I suspect that I will
16   issue a short memorandum order quite soon.  Obviously I don't
17   need to, you know, have the thing teed up.  Maybe I am wrong
18   about that.  If it looks as though your submission calls for
19   more in-depth review, then I will take more time.  Okay?
20            And I am not calling for response because it seems
21   to me that the -- that the issues are essentially legal
22   issues and not one that calls for any added interpretation.
23            MR. FORTI:  Judge, we think your opinion is --
24   remains controlling both in NRA and we think it is persuasive
25   in McDonald.  So you are absolutely right, there is no reason

```
1   for us to add to what you already said in your opinion.  We
2   don't think anything set forth by McDonald changes things at
3   all.
4              THE COURT:  All right.  Thank you.  Thank you all.
5              MR. FORTI:  Thank you.  Happy New Year, your Honor.
6              THE COURT:  You too.
7              MR. AGUIAR:  Thank you.
8          (Which were all the proceedings heard.)
9                            CERTIFICATE
10     I certify that the foregoing is a correct transcript
11  from the record of proceedings in the above-entitled matter.
12
13  s/Rosemary Scarpelli/          Date:  January 18, 2011
14
15
16
17
18
19
20
21
22
23
24
25
```