IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OTIS McDONALD, et al., ) | Case No. 08-C-3645 |
| ) | |
| Plaintiffs, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF PLAINTIFFS' |
| v. ) | UNOPPOSED MOTION FOR ATTORNEY |
| ) | FEES AND COSTS [42 U.S.C. § 1988] |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR FEES AND COSTS**

1.  On June 2, 2011, the Seventh Circuit determined that Plaintiffs were prevailing parties entitled to recover attorney fees and expenses in this case pursuant to 42 U.S.C. § 1988.

2.  The Seventh Circuit's mandate issued on June 24, 2011, and was entered on this Court's docket June 27, 2011.

3.  Federal courts employ the "lodestar" method for determining an attorney fee recovery under Section 1988. The "lodestar" is calculated by multiplying the reasonable amount of hours worked by a reasonable hourly fee, with some adjustments not here at issue in appropriate cases. *Perdue* v. *Kenny A.*, 130 S. Ct. 1662 (2010); *Hensley* v. *Eckerhart*, 461 U.S. 424 (1983).

4.  Local Rule 54.3 sets forth a procedure governing the resolution of fee disputes. Defendant requires that the fee dispute be resolved by motion, and Plaintiffs have no objection to proceeding accordingly.

5.      Pursuant to Local Rule 54.3, the parties have agreed on the Joint Statement referenced in Local Rule 54.3(e), which must be attached to the fee motion pursuant to Local Rule 54.3(f). *See* Exhibit A.

6.      Local Rule 54.3(f) further provides: "Unless otherwise allowed by the court, the motion and any supporting or opposing memoranda shall limit their argument and supporting evidentiary matter to disputed issues." As no disputed issues remain among the parties, pursuant to the Rule, Plaintiffs cannot offer argument and evidence beyond the Joint Statement.

7.      As Plaintiffs are entitled to their fees and costs, this unopposed motion should be granted, and Plaintiffs should be awarded their fees and costs as set forth in the Joint Statement.

Dated: September 19, 2011                          Respectfully submitted,

Alan Gura (admitted pro hac vice)                  David G. Sigale (Atty. ID# 6238103)
Gura & Possessky, PLLC                             Law Firm of David G. Sigale, P.C.
101 N. Columbus Street, Suite 405                  739 Roosevelt Road, Suite 304
Alexandria, VA 22314                               Glen Ellyn, IL 60137
703.835.9085/Fax 703.997.7665                      630.452.4547/Fax 630.596.4445

By: /s/ Alan Gura/                                 By: /s/ David G. Sigale/
    Alan Gura                                          David G. Sigale

                                                   Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the plaintiffs, hereby certifies that on September 19, 2011, he served a copy of the foregoing, and this certificate of service, on:

Michael A. Forti
Mardell Nereim
Andrew W. Worseck
William Macy Aguiar
City of Chicago Department of Law
Constitutional and Commercial Litigation Division 30 N.
LaSalle Street, Suite 1230
Chicago, IL 60602

by electronic means pursuant to Electronic Case Filing (ECF). Pursuant to FRCP 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

/s/David G. Sigale
David G. Sigale